2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)



**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Reply to: Fort Myers, FL                                                                                                   JMC/KLG

October 29, 2019

D. Todd Doss, Esq.
Erin Hyde, Esq.
201 South Orange Ave., Suite 300
Orlando, FL 32801

      Re: United States v. Alex Zwiefelhofer, et al.
          Case No. 2:19-cr-150-FtM-38NPM

Dear Mr. Doss and Ms. Hyde:

      In connection with the above-captioned case and pursuant to Fed. R. Crim. P. 16(a), I am providing discovery to you on the hard-drive that you provided. An inventory of the contents of the hard-drive has been created and provided in the attached receipt.

1. **Oral Statements of the Defendant** - With respect to the substance of any oral statement which the government intends to offer in evidence at trial made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, please be advised that there are such statements and have been provided to you in the discovery materials contained on the hard-drive. Specifically, the defendant was interviewed by law enforcement upon reentering the United States after his deportation from Africa on or about August 2, 2017; on March 21, 2019 by a United States Secret Service special agent and following his arrest in Wisconsin on May 23, 2019.

2. **Written or Recorded Statements of the Defendant** – To the extent required by Fed. R. Crim. P. 16(a)(1)(B), any relevant written or

recorded statements made by the Defendant have been provided in discovery.

3. **Prior Record** – A copy of the Defendant's prior criminal record has been included in the discovery materials.

4. **Documents and Objects** – Any physical evidence described in the discovery provided to you within the possession, custody or control of the Government, if available for inspection, may be inspected upon reasonable notice by contacting the undersigned. Please advise what evidence you want to inspect and when you would like to inspect the same and best efforts will be made to arrange the inspection. If evidence is still undergoing forensic examination it will not be available for inspection until the examination is complete.

5. **Reports of Examinations and Tests** – In the discovery materials you will find the reports of forensic examinations and tests. Those reports are located with the Forensic folder of the discovery disclosure. I anticipate that there will be additional reports and will provide those upon receipt. A comprehensive notice of expert witness testimony pursuant to FRE 702, 703 and 705 related to these reports will be provided at a later date. However, you should anticipate that the respective forensic analyst listed in the report will testify as to their scientific opinion, bases and reasons for their opinion as outlined in the report.

6. At this time, we intend to use the following **expert witnesses**:

    a. Dr. Sean Hurst

    b. Anthony Byrd

    c. Mary Horvath

    d. Christina L. Russo

    d. Kimberly Van Waus

7. **Electronic Surveillance** – The defendant was the subject of a court-authorized tracking device that was placed in his vehicle to locate the defendant. The Government does not intend to use the results of the tracking device in its case-in-chief.

8. **Rule 404(b) Evidence** - As I discussed during our Rule 16.1 telephone conference on October 24, we will seek to introduce evidence pursuant to Federal Rules of Evidence, Section 404(b), with regard to, inter alia, any prior actions by the defendant relevant to a charged offense. Specifically, these actions would include the defendant's travel to Ukraine and Kenya/South Sudan to engage in combat related activity as described by the defendant and other witnesses. Such evidence will be introduced to establish knowledge, intent, plan, preparation, and the motive of the defendant.

9. **Confidential Informant** – A confidential informant was not utilized during the course of the investigation.

10. **Conflict of Interest** – The Government is not aware of any potential conflict of interest in the representation of the defendant by the Office of the Federal Public Defender.

11. **Photo Identification** – No witness or individual has identified the Defendant in any lineup, show-up, photo spread, or similar identification proceeding.

12. **Evidence Seized by Warrant** – Evidence was seized by search warrant from the Defendant's residence and vehicle in Wisconsin. A copy of the documentation in support of the warrant has been provided in discovery. The defendant's cellular telephone seized in Wisconsin was also the subject of a search warrant and the respective documentation has also been provided in discovery.

13. **Rough Notes** – Law enforcement agents and officers involved in the case have been advised to retain any rough notes, recordings, reports, and statements pertaining to this case which now exist.

14. *Brady, Giglio* **and** *Jencks Act* **Material** – All such material will be provided in conformity with the Court's Criminal Discovery Scheduling Order, if not sooner at the discretion of the Government.

We are aware of continuing discovery obligations pursuant to Fed. R. Crim. P. 16(c) and will make you aware of such materials as soon as practicable if such materials come to our attention.

Pursuant to Fed. R. Crim. P. 16(b), the United States requests the following:

    a.    Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial. Fed. R. Crim. P. 16(b)(1)(A).

    b.    Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony. Fed. R. Crim. P. 16(b)(1)(B).

    c.    A written summary of testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications. Fed. R. Crim. P. 16 (b)(1)(C).

To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea agreement. Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

If you have any questions concerning any of the foregoing, please do not hesitate to contact me.

                          Sincerely,

                          MARIA CHAPA LOPEZ
                          United States Attorney

By:    *s/ Jesus M. Casas*
        JESUS M. CASAS
        Assistant United 2States Attorney
        Chief, Fort Myers Division