# Attachment A



# OFFICES of THE UNITED STATES ATTORNEYS

U.S. Attorneys » Resources » U.S. Attorneys' Manual » Title 9: Criminal

## 9-10.000 - Capital Crimes

| | |
|---|---|
| 9-10.010 | Federal Prosecutions in Which the Death Penalty May be Sought |
| 9-10.020 | Relevant Statutory Provisions |
| 9-10.030 | Purposes of the Capital Case Review Process |
| 9-10.040 | Consultation with the Capital Case Section |
| 9-10.050 | Confidentiality of Process |
| 9-10.060 | Mandatory Pre-indictment Review |
| 9-10.070 | Expedited Decision Submissions |
| 9-10.080 | Non-expedited Decision Submissions |
| 9-10.090 | Special Findings in Indictments |
| 9-10.100 | Consultation with the Family of the Victim |
| 9-10.110 | Substantial Federal Interest |
| 9-10.120 | Conditional Plea Agreements |
| 9-10.130 | Capital Review Committee |
| 9-10.140 | Standards for Determination |
| 9-10.150 | Post-Decision Actions |
| 9-10.160 | Withdrawal of the Notice of Intention to Seek the Death Penalty |
| 9-10.170 | Approval Required for Judicial Sentencing |
| 9-10.180 | Reporting Requirements |
| 9-10.190 | Forms and Procedures |
| 9-10.200 | Exceptions for the Proper Administration of Justice |

## 9-10.010 - Federal Prosecutions in Which the Death Penalty May be Sought

This Chapter sets forth the policies and procedures for all Federal cases in which a defendant is charged, or could be charged, with an offense subject to the death penalty. The provisions in this Chapter apply regardless of whether the United States Attorney or Assistant Attorney General intends to charge the offense subject to the death penalty or to request authorization to seek the death penalty for such an offense. The provisions in this Chapter are effective April 7, 2014, and they apply to any current or future investigations and indicted cases.

[updated April 2014]

## 9-10.020 - Relevant Statutory Provisions

Federal death penalty procedure is based on the Federal Death Penalty Act of 1994, codified at 18 U.S.C. §§ 3591 to 3599.

The death penalty procedures introduced by the Anti-Drug Abuse Act of 1988, codified in Title 21, were repealed on March 6, 2006, when President Bush signed the USA PATRIOT Improvement and Reauthorization Act of 2005. A district indicting a Title 21 capital offense, *see* 21 U.S.C. § 848, that occurred before March 6, 2006, should consult with the Capital Case Section of the Criminal Division (hereinafter the "Capital Case Section") regarding indictment and procedure.

[updated April 2014]

## 9-10.030 - Purposes of the Capital Case Review Process

The review of cases under this Chapter culminates in a decision to seek, or not to seek, the death penalty against an individual defendant. Each such decision must be based upon the facts and law applicable to the case and be set within a framework of consistent and even-handed national application of Federal capital sentencing laws. Arbitrary or impermissible factors—such as a defendant's race, ethnicity, or religion—will not inform any stage of the decision-making process. The overriding goal of the review process is to allow proper individualized consideration of the appropriate factors relevant to each case.

[updated June 2007]

## 9-10.040 - Consultation With the Capital Case Section

Prior to seeking an indictment for an offense potentially punishable by death, the United States Attorney or Assistant Attorney General shall consult with the Capital Case Section. This consultation will help streamline the process of preparing submissions made pursuant to this Chapter, ensure that charging documents are crafted in accordance with applicable legal and policy requirements, and help ensure that applicable deadlines are met. In the event the Attorney General determines the death penalty will be sought in a particular case, the Capital Case Section can provide valuable litigation advice and support, as well as trial assistance.

[updated April 2014]

## 9-10.050 - Confidentiality of Process

Except as otherwise provided herein (*see* USAM 9-10.160(8)), the Attorney General will make the final decision whether to seek the death penalty. The Attorney General will convey the final decision to the United States Attorney or Assistant Attorney General in a letter directing him or her to seek or not to seek the death penalty.

The decision-making process preliminary to the Attorney General's final decision is confidential. Information concerning the deliberative process may only be disclosed within the Department and its investigative agencies as necessary to assist the review and decisionmaking process. This confidentiality requirement does not extend to the fact that the case has been submitted for expedited decision pursuant to USAM 9-10.070, the disclosure of scheduling matters or the level at which the decision is pending within the Department during the review process. The scope of confidentiality includes, but is not limited to: (1) the recommendations of the United States Attorney's Office or Department component, the Attorney General's Review Committee on Capital Cases (hereinafter the "Capital Review Committee"), the Deputy Attorney General, the Capital Case Section, and any other individual or office involved in reviewing the case; (2) a request by a United States Attorney or Assistant Attorney General that the Attorney General authorize withdrawal of a previously filed notice of intent to seek the death penalty; (3) a request by a United States Attorney or Assistant Attorney General that the Attorney General authorize not seeking the death penalty pursuant to the terms of a proposed plea agreement; and (4) the views held by anyone at any level of review within the Department.

In no event may the information identified in this paragraph be disclosed outside the Department and its investigative agencies without prior approval of the Attorney General. The United States Attorneys and Assistant Attorneys General may exercise their discretion, however, to place additional limits on the scope of confidentiality in capital cases prosecuted by their offices.

[updated April 2014]

## 9-10.060 - Mandatory Pre-indictment Review

Absent extenuating circumstances, prior to seeking an indictment charging a capital-eligible offense, the United States Attorney or Assistant Attorney General shall submit the case for review pursuant to the provisions of this Chapter. Extenuating circumstances may include, for example, a need to present capital-eligible charges to comply with the Speedy Trial Act, to address public safety concerns, or a need to collect and/or analyze additional information necessary to determine whether to recommend seeking the death penalty.

In the event that a United States Attorney or Assistant Attorney General determines that extenuating circumstances exist such that mandatory pre-indictment review is not feasible, or in the event that extenuating circumstances require the return of an indictment in a case in which a United States Attorney or Assistant Attorney General submitted the case for preindictment review but the review has not been completed, the United States Attorney or Assistant Attorney General shall submit, prior to seeking the indictment, a notice to the Capital Case Section describing the extenuating circumstances that necessitate the return of the indictment before the pre-indictment review process can be initiated or completed. In addition, in cases in which the United States Attorney or Assistant Attorney General has not submitted the case for pre-indictment review, the

notice described in the preceding sentence must provide an estimated date by which the case will be submitted for capital review. The form for this notice can be found on the Capital Case Section site on DOJNet. Every 45 days after an initial notice is submitted pursuant to this paragraph, the United States Attorney or Assistant Attorney General shall submit to the Capital Case Section an updated notice setting forth (1) the extenuating circumstances that continue to justify not submitting the case for review, (2) the progress made toward a submission, and (3) the estimated date by which the case will be submitted for capital review.

In all events, the United States Attorney or Assistant Attorney General must submit a capital-eligible case for review no fewer than 90 days before the Government is required, by an order of the court, to file a notice that it intends to seek the death penalty. In the absence of a court-established deadline for the Attorney General's death penalty decision, the United States Attorney or Assistant Attorney General must make the submission sufficiently in advance of trial to allow for both the 90-day time period typically needed for the nonexpedited decision process plus any additional time necessary to ensure that a notice of intent to seek the death penalty is timely filed under 18 U.S.C. § 3593(a). If a case is not submitted 90 days in advance of a deadline for the Attorney General's decision or 150 days in advance of a scheduled trial date, the prosecution memorandum shall include an explanation of why the submission is untimely.

[updated April 2014] [cited in USAM 9-10.180]

## 9-10.070 - Expedited Decision Submissions

A. Many cases will qualify for expedited decision as to whether to seek the death penalty, and can often be decided pre- indictment. Whether submitted pre-indictment, or post-indictment on account of extenuating circumstances, cases qualifying for expedited decision include: (1) cases in which, but for the use of proffer protected evidence, the government's evidence is insufficient to charge the defendant with a capital-eligible offense;

(2) cases in which the defendant is ineligible for the death penalty because the evidence is clearly insufficient to establish the requisite intent under 18 U.S.C. § 3591 or an applicable statutory aggravating factor under 18 U.S.C. § 3592(b)-(d);

(3) cases that involve the extradition of a defendant or crucial witness from a country that, as a pre-condition to extradition, requires assurances that the death penalty will not be sought for the defendant or the evidence obtained from the witness will not be used to seek the death penalty;

(4) cases that involve a potential cooperator whose testimony is necessary to prosecute remaining offenders; and

(5) any other case where the United States Attorney or Assistant Attorney General is able to recommend the death penalty not be sought without first receiving input from defense counsel.

A copy of the summary form to be used for submission of expedited decision cases can be found at the Capital Case Section site on DOJNet.

B. The submission for expedited decision cases in categories A(1) through (3) should provide a description of the relevant facts of the case, the defendant's criminal history, the federal interest in prosecuting the case, the rationale for why the death penalty should not be sought, and any applicable deadline for decision. The submission also should describe the basis upon which the case qualifies for expedited decision. For cases in categories A(1) and (2), the submission should include a discussion regarding whether expedited decision is appropriate in light of any potentially admissible evidence that might be marshaled to establish guilt and/or the existence of a threshold intent or statutory aggravating factor. All submissions for expedited decision cases in categories A(1) through (3) should also include the sealed non-decisional information form described in USAM 9-10.080(C). Submissions in these categories will be referred to the Chief of the Capital Case Section for assessment of whether the case meets the requirements for expedited decision. If the Chief of the Capital Case Section determines that the case meets those requirements, the case will be transmitted expeditiously to the Attorney General, through the Deputy Attorney General, for final decision, without review by the Capital Review Committee. If the Chief of the Capital Case Section determines that the case does not meet the requirements for expedited decision, then the Chief of the Capital Case Section will notify the prosecuting United States Attorney's Office or component.

C. Submissions for expedited decision cases in categories A(4) and A(5) should be in the form of the prosecution memorandum described in USAM 9-10.080(A), and also should include the sealed non-decisional information form described in USAM 9-10.080(C). Submissions in categories A(4) and A(5) should be marked as "Expedited Decision" cases and will be reviewed expeditiously by the Capital Review Committee, which shall make a recommendation whether to seek capital punishment to the Attorney General, through the Deputy Attorney General, as described in USAM 9-10.130, or defer making a recommendation to allow development of additional evidence.

[updated April 2014] [cited in USAM 9-10.050; 9-10.080; 9-10.120; 9-10.130]

## 9-10.080 - Non-expedited Decision Submissions

In any case in which the United States Attorney or Assistant Attorney General is contemplating requesting authorization to seek the death penalty or otherwise believes it would be useful to the decision-making process to receive a submission from defense counsel, the United States Attorney or Assistant Attorney General shall give counsel for the defendant a reasonable opportunity to present information for the consideration of the United States Attorney or Assistant Attorney General which may bear on the decision whether to seek the death penalty.

After the conclusion of a reasonable period of time, the United States Attorney or Assistant Attorney General shall submit to the Assistant Attorney General for the Criminal Division through the Capital Case Section his or her recommendation whether to seek the death penalty, along with the materials described below. Once a submission has been received, the review process will proceed in accordance with USAM 9-10.130. The contents of a non-expedited decision submission or an expedited decision submission under USAM 9-10.070(A)(4) or (5) shall include the following:

A. <u>Prosecution memorandum</u>. This should be sufficiently detailed to fully inform reviewers of the basis for the United States Attorney's or Assistant Attorney General's recommendation. The prosecution memorandum should include:

   (1) Deadlines. Any deadline established by the Court for the filing of a notice of intent to seek the death penalty, trial dates, or other time considerations that could affect the timing of the review process should be noted on the first page of the memorandum.

   (2) A narrative delineation of the facts and separate delineation of the supporting evidence. Where necessary for accuracy, a chart of the evidence by offense and offender should be appended.

   (3) Discussion of relevant prosecutorial considerations.

   (4) Death penalty analysis. The analysis must identity applicable threshold intent factors under 18 U.S.C. § 3591, applicable statutory aggravating factors under 18 U.S.C. §§ 3592 (b)-(d), and applicable mitigating factors under 18 U.S.C. § 3592(a). In addition, the United States Attorney or Assistant Attorney General should include his or her conclusion on whether all the aggravating factor(s) found to exist sufficiently outweigh all the mitigating factor(s) found to exist to justify a sentence of death, or in the absence of mitigating factors, whether the aggravating factor(s) alone are sufficient to justify a sentence of death. The analysis should also include a discussion of the standards for determination as set forth in <u>USAM 9-10.140</u>.

   (5) Background and criminal record of the capital-eligible defendants.

   (6) Background and criminal record of the victim.

   (7) Victim impact. Views of the victim's family on seeking the death penalty and other victim impact evidence should be provided.

   (8) Discussion of the federal interest in prosecuting the case.

   (9) Foreign citizenship. The memorandum should include a discussion on whether the defendant(s) are citizens of foreign countries, and if so, whether the requirements of the Vienna Convention on Consular Relations have been satisfied.

   (10) Recommendation of the United States Attorney or Assistant Attorney General on whether the death penalty should be sought.

B. <u>Death-penalty evaluation form</u>. The Department will specify a standardized death penalty evaluation form, which should be completed by the United States Attorney or Assistant Attorney General for each capital-eligible offense charged against each defendant.
C. <u>Non-decisional information form</u>. This form should be submitted in a sealed envelope clearly labeled as containing the non-decisional information.
D. <u>Indictment</u>. Copies of all existing and proposed indictments and superseding indictments should be attached. As described in <u>USAM 9-10.090</u>, the indictments should include the special findings necessary for the death penalty to be authorized by statute.

   E. <u>Draft notice of intention to seek the death penalty</u>. This document is to be included in the submission only if the United States Attorney or Assistant Attorney General recommends seeking the death penalty.
   F. <u>Materials provided by defense counsel</u>. Any documents or materials provided by defense counsel to the United States Attorney or Assistant Attorney General in the course of the United States Attorney's Office's or Department component's death penalty review process should be provided. These materials should not be solicited or submitted in cases presented pursuant to <u>USAM 9-10.070</u>.
   G. <u>Point-of-contact</u>. The name of the assigned attorney in the United States Attorney's Office or Department component who is responsible for communicating with the Capital Case Section about the case should be provided.
   H. <u>Relevant court decisions</u>. The first page of the memorandum should highlight court orders and deadlines. The point- of-contact in the United States Attorney's Office or Department component is under a continuing obligation to update the Capital Case Section about developments or changes in court scheduling or any other material aspect of the case.

The prosecution memoranda, death penalty evaluation forms, non-decisional information forms and any other internal memoranda informing the review process and the Attorney General's decision are not subject to discovery by the defendant or the defendant's attorney. *See* Fed. R. Crim. P. 16(a)(2).

[updated April 2014] [cited in <u>USAM 9-10.070</u>]

## 9-10.090 - Special Findings in Indictments

In cases in which the Attorney General has directed the United States Attorney or Assistant Attorney General not to seek the death penalty before the return of an indictment charging capital-eligible offenses, the indictment need not contain allegations of special findings concerning relevant facts and factors specified in 18 U.S.C. §§ 3591(a)(2) and 3592(b), (c), or (d). For all other charged offenses subject to the provisions of this Chapter, regardless of whether the United States Attorney or Assistant Attorney General ultimately recommends that the Attorney General authorize seeking the death penalty for the charged offense, the indictment shall allege as special findings: (1) that the defendant is over the age of 18; (2) the existence of the threshold intent factors specified in 18 U.S.C. § 3591(a)(2); and (3) the existence of the statutory aggravating factors specified in, as relevant, 18 U.S.C. §§ 3592(b), (c), or (d).

The indictment shall allege threshold intent and statutory aggravating factors that meet the criteria for commencing prosecution as set forth in <u>USAM 9-27.200</u> and <u>9-27.220</u>. Prosecuting Assistant United States Attorneys or Department trial attorneys are encouraged to consult with the Capital Case Section regarding the inclusion of special findings in the indictment.

[updated April 2014] [cited in <u>USAM 9-10.080</u>]

## 9-10.100 - Consultation with the Family of the Victim

Unless extenuating circumstances exist, the United States Attorney or Assistant Attorney General should consult with the family of the victim, if reasonably available, concerning the decision on whether to seek the death penalty. The United States Attorney or Assistant Attorney General

should include the views of the victim's family concerning the death penalty in any submission made to the Department. The United States Attorney or Assistant Attorney General should notify the family of the victim of all final decisions regarding the death penalty. This consultation should occur in addition to notifying victims of their rights under 18 U.S.C. § 3771.

[updated April 2014]

## 9-10.110 - Substantial Federal Interest

When concurrent jurisdiction exists with a State or local government, a Federal indictment for an offense subject to the death penalty generally should be obtained only when the Federal interest in the prosecution is more substantial than the interests of the State or local authorities. See Principles of Federal Prosecution, USAM Chapter 9-27.000; see also Memorandum from the Attorney General dated August 12, 2013 ("Federal Prosecution Priorities").

[updated April 2014]

## 9-10.120 - Conditional Plea Agreements

The death penalty may not be sought, and no attorney for the Government may threaten to seek it, solely for the purpose of obtaining a more desirable negotiating position. Absent the authorization of the Attorney General, the United States Attorney or Assistant Attorney General may not enter into a binding plea agreement that precludes the United States from seeking the death penalty with respect to any defendant falling within the scope of this Chapter.

The United States Attorney or Assistant Attorney General, however, may agree to submit for the Attorney General's review and possible approval, a plea agreement relating to a capital-eligible offense or conduct that could be charged as a capital-eligible offense. At all times, the United States Attorney or Assistant Attorney General must make clear to all parties that the conditional plea does not represent a binding agreement, but is conditioned on the authorization of the Attorney General. The United States Attorney or Assistant Attorney General should not inform the defendant, court, or public of whether he or she recommends authorization of the plea agreement.

For proposed plea agreements that precede a decision by the Attorney General to seek or not to seek the death penalty, the United States Attorney or Assistant Attorney General should send a request for approval to the Assistant Attorney General for the Criminal Division through the Capital Case Section as early as possible. Absent unavoidable circumstances, the United States Attorney or Assistant Attorney General must send the request no later than 90 days prior to the date on which the Government would be required, by an order of the court or by the requirements of 18 U.S.C. § 3593(a), to file a notice that it intends to seek the death penalty.(Proposed plea agreements that would require withdrawing a previously filed notice of intent to seek the death penalty should follow the procedures described in USAM 9-10.160).

Unless a potential capital defendant's testimony is necessary to indict the remaining offenders or other circumstances warrant separate consideration (see USAM 9-10.070), review of the case against a prospective cooperator should occur simultaneously with the review of the cases against the remaining offenders who would be indicted for the offenses at issue. In submissions

in support of requests for approval of plea agreements under this section, the prosecution memorandum must include an explanation of why the plea agreement is an appropriate disposition of the charges, a death penalty evaluation form for each capital-eligible offense that has been or could be charged against the prospective cooperator, and a non-decisional information form. The Capital Review Committee will review requests for authorization to enter into a plea agreement under this subsection and, if a submission from defense counsel is not included with the submission, may request such a submission and schedule the case for a Committee conference.

See USAM Chapter 9-16.000 for more information on the topic of pleas and plea agreements.

[updated April 2014]

## 9-10.130 - Capital Review Committee

The Capital Review Committee is composed of attorneys from the Office of the Deputy Attorney General and the Office of the Assistant Attorney General for the Criminal Division (AAG CRM), and at-large prosecutors from the United States Attorneys' Offices and other Department components.  The AAG CRM may fill at-large Committee member positions with prosecutors who will serve for renewable, limited terms of two years.

In any case in which (1) the United States Attorney or Assistant Attorney General recommends that the Attorney General authorize seeking the death penalty, or (2) a member of the Capital Review Committee requests a Committee conference, a Capital Case Section attorney will confer with representatives of the United States Attorney's Office or Department component to establish a date and time for the Capital Review Committee to meet with defense counsel and representatives of the United States Attorney's Office or Department component to consider the case. A request by a Committee member for a conference removes a case from the "expedited decision" process (see USAM 9-10.070), and the submitting office may seek an indictment before the review is completed. No final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present evidence and argument in mitigation.

The Capital Review Committee shall review the materials submitted by the United States Attorney or Assistant Attorney General and any materials submitted by defense counsel. The Capital Review Committee will consider all information presented to it, including any allegation of individual or systemic racial bias in the Federal administration of the death penalty. After considering all information submitted to it, the Committee shall make a recommendation to the Attorney General through the Deputy Attorney General.

If the Committee's recommendation differs from that of the United States Attorney or Assistant Attorney General, the United States Attorney or Assistant Attorney General shall be provided with a copy of the Committee's recommendation memorandum when it is transmitted to the Deputy Attorney General. The United States Attorney or Assistant Attorney General may respond to the Committee's analysis in a memorandum directed to the Deputy Attorney General. The Deputy Attorney General will then make a recommendation to the Attorney General. The Attorney General will make the final decision whether the Government should file a notice of intent to seek the death penalty.

[updated December 2017] [cited in <u>USAM 9-10.070</u>; <u>9-10.080</u>]

## 9-10.140 - Standards for Determination

The standards governing the determination to be reached in cases under this Chapter include fairness, national consistency, adherence to statutory requirements, and law-enforcement objectives.

A. Fairness requires all reviewers to evaluate each case on its own merits and on its own terms. As with all other actions taken in the course of Federal prosecutions, bias for or against an individual based upon characteristics such as race or ethnic origin play no role in any recommendation or decision as to whether to seek the death penalty.

B. National consistency requires treating similar cases similarly, when the only material difference is the location of the crime. Reviewers in each district are understandably most familiar with local norms or practice in their district and State, but reviewers must also take care to contextualize a given case within national norms or practice. For this reason, the multi-tier process used to make determinations in this Chapter is carefully designed to provide reviewers with access to the national decision-making context, and thereby, to reduce disparities across districts.

C. In determining whether it is appropriate to seek the death penalty, the United States Attorney or Assistant Attorney General, the Capital Review Committee, the Deputy Attorney General, and the Attorney General will determine whether the applicable statutory aggravating factors and any non-statutory aggravating factors sufficiently outweigh the applicable mitigating factors to justify a sentence of death or, in the absence of any mitigating factors, whether the aggravating factors themselves are sufficient to justify a sentence of death. Reviewers are to resolve ambiguity as to the presence or strength of aggravating or mitigating factors in favor of the defendant. The analysis employed in weighing the aggravating and mitigating factors should be qualitative, not quantitative: a sufficiently strong aggravating factor may outweigh several mitigating factors, and a sufficiently strong mitigating factor may outweigh several aggravating factors. Reviewers may accord weak aggravating or mitigating factors little or no weight. Finally, there must be substantial, admissible, and reliable evidence of the aggravating factors.

D. In deciding whether it is appropriate to seek the death penalty, the United States Attorney or Assistant Attorney General, the Capital Review Committee, the Deputy Attorney General, and the Attorney General may consider any legitimate lawenforcement or prosecutorial reason that weighs for or against seeking the death penalty. Those considerations may include, but are not limited to:
(1) The strength and nature of the evidence;

(2) The relative roles in the offense of defendants in jointly undertaken criminal activity;

(3) Whether the offense was intended to obstruct justice or was otherwise motivated by the victim's cooperation with law enforcement or the belief that the victim was cooperating with law enforcement;

(4) Whether the offense was committed to retaliate against a third-party for cooperating with law enforcement or against a third party believed to be cooperating with law enforcement;

(5) Whether the victim engaged in criminal activity that was a relevant circumstance of the offense;

(6) Whether a defendant engaged in criminal activity for which he had not been held accountable;

(7) Whether the defendant is already serving a substantial sentence such that an additional sentence of incarceration would have. little punitive impact;

(8) Whether the defendant has a history of infractions or offenses while incarcerated; and

(9) Whether the defendant has accepted responsibility for his conduct as demonstrated by his willingness to plead guilty and accept a life or near-life sentence without the possibility of release.

[updated April 2011] [cited in USAM 9-10.080]

## 9-10.150 - Post-Decision Actions

In any case in which the Attorney General has directed the filing of a notice of intention to seek the death penalty, the United States Attorney or Assistant Attorney General shall not file or amend the notice until the Capital Case Section has approved the notice or the proposed amendment. The notice of intention to seek the death penalty shall be filed as soon as possible after transmission of the Attorney General's decision to seek the death penalty.

The United States Attorney or Assistant Attorney General should promptly inform the district court and counsel for the defendant once the Attorney General has made the final decision. Expeditious communication is necessary so that the court is aware, in cases in which the Attorney General directs the United States Attorney or Assistant Attorney General not to seek the death penalty, that appointment of counsel under 18 U.S.C. § 3005 is not required or is no longer required. In cases in which the Attorney General directs the United States Attorney or Assistant Attorney General to seek the death penalty, the district court and defense counsel should be given as much opportunity as possible to make proper scheduling decisions.

[updated April 2014]

## 9-10.160 - Withdrawal of the Notice of Intention to Seek the Death Penalty

A. Request by a United States Attorney or Assistant Attorney General
   Once the Attorney General has directed a United States Attorney or Assistant Attorney General to seek the death penalty, the United States Attorney may not withdraw a notice of intention to seek the death penalty filed with the district court unless directed by the Attorney General.

If a United States Attorney or Assistant Attorney General wishes to withdraw the notice, the United States Attorney or Assistant Attorney General shall advise the Assistant Attorney General for the Criminal Division through the Capital Case Section of the reasons for that request. The United States Attorney or Assistant Attorney General should base the withdrawal request on material changes in the facts and circumstances of the case from those that existed at the time of the initial determination.

Upon receipt of such a request, the Capital Case Section will seek review of the request by the Capital Review Committee. To the extent possible, the Capital Review Committee should include the members who originally considered the case. Reviewers should evaluate the withdrawal request under the principles used to make an initial determination, and limit the evaluation to determining if the changed facts and circumstances, had they been known at the time of the initial determination, would have resulted in a decision not to seek the death penalty. For this reason, information or arguments that had been advanced initially are not normally appropriate bases for withdrawal requests. In all cases, however, reviewers should consider all necessary information to ensure every defendant is given the individualized consideration needed for full review and appropriate decision-making.

The Capital Review Committee will make a recommendation to the Attorney General through the Deputy Attorney General on whether the notice of intent to seek the death penalty should be withdrawn.

B. Request by a defendant
Any request by a defendant for withdrawal of a notice of intention to seek the death penalty should be submitted in the first instance to the United States Attorney or Assistant Attorney General responsible for the prosecution. If the United States Attorney or Assistant Attorney General concurs in the request, then he or she should follow the procedures in Section A above. Otherwise, the United States Attorney or Assistant Attorney General should submit the defendant's request along with a brief memorandum outlining the reasons why the United States Attorney or Assistant Attorney General opposes the request to the Assistant Attorney General for the Criminal Division through the Capital Case Section. Absent extraordinary circumstances, the Department will not consider successive defense requests to withdraw the notice of intention to seek the death penalty.

Upon receipt of such a request, the Capital Case Section will seek review of the request by the Capital Review Committee. To the extent possible, the Capital Review Committee should include the members who originally considered the case. Reviewers should evaluate the withdrawal request under the principles used to make an initial determination, and limit the evaluation to determining if the changed facts and circumstances, had they been known at the time of the initial determination, would have resulted in a decision not to seek the death penalty. For this reason, information or arguments that had been advanced initially are not normally appropriate bases for withdrawal requests: In all cases, however, reviewers should consider all necessary information to ensure every defendant is given the individualized consideration needed for full review and appropriate decision-making.

If fewer than two members of the Capital Review Committee agree with the defendant's request to withdraw the notice of intention to seek the death penalty, the Assistant Attorney

General for the Criminal Division will inform the United States Attorney or Assistant Attorney General that the request has been denied. If two or more members of the Capital Review Committee recommend withdrawing the notice of intention to seek the death penalty, then the Capital Review Committee will convey the matter, along with the Committee's analysis, to the Attorney General, through the Deputy Attorney General, for decision.

The Attorney General shall make the final decision on whether to direct the withdrawal of a notice of intention to seek the death penalty upon any request made or endorsed by the United States Attorney or Assistant Attorney General. Until such a decision is made, the United States Attorney or Assistant Attorney General should proceed with the case as initially directed by the Attorney General. The fact that a withdrawal request has been made is confidential and may not be disclosed to any party outside the Department of Justice and its investigative agencies.

C. Requests for relief following conviction and sentence

After a defendant has been convicted and the district court has pronounced a sentence of death, any request by either a defendant or a United States Attorney or Assistant Attorney General that the Department agree to dismiss or vacate the conviction or death sentence shall be governed by the following procedures.

Defense-initiated requests for consent to judicial relief

If a defendant seeks the Department's consent to judicial relief to set aside a death sentence or underlying conviction, he or she must submit that request in writing to the United States Attorney or Assistant Attorney General responsible for the prosecution. The defendant's request must establish that there are materially changed facts or circumstances or identify new material evidence that, under governing law, would have resulted in an acquittal or a non-death sentence had such information been available at the time of trial. Information or arguments that were advanced at earlier stages in the case, or that could have reasonably been advanced, are not appropriate bases for a defense request for consent to judicial relief. In addition, a defense request for consent to relief is not an appropriate way to seek reconsideration of the prior discretionary decision to seek or authorize the death penalty. Absent extraordinary circumstances, the Department will not consider successive requests for consent to judicial relief from a death sentence or underlying conviction.

Requests for consent to judicial relief initiated by a United States Attorney or Assistant Attorney General

A United States Attorney or Assistant Attorney General may not move to dismiss or vacate (or agree to a defendant's motion to dismiss or vacate) a death sentence or underlying conviction unless directed to do so by the Attorney General. Until such a decision is made, the United States Attorney or Assistant Attorney General should proceed with the case as initially directed by the Attorney General.

If a United States Attorney or Assistant Attorney General concludes that a case presents factual or legal issues that substantially undermine the government's confidence in a defendant's conviction or death sentence under governing law, the United States Attorney or Assistant Attorney General should initiate a request for consent to judicial relief as described further below.

Capital Case Section review of requests

If a United States Attorney or Assistant Attorney General initiates a request for consent to judicial relief, or concurs in a defense-initiated request, the United States Attorney or Assistant Attorney General shall submit the request for relief to the Capital Review Committee through the Criminal Division's Capital Case Section along with a brief memorandum setting forth the basis for his or her recommendation.

If the United States Attorney or Assistant Attorney General does not concur in a defense-initiated request for relief, the United States Attorney or Assistant Attorney General shall submit the request, along with a brief memorandum setting forth his or her recommendation, to the Capital Case Section. If the Capital Case Section determines that the standard governing defense requests for relief is satisfied or that there is sufficient uncertainty concerning whether the standard governing defense requests for relief is satisfied, it will prepare a brief memorandum explaining its reasoning and will forward the defense-initiated request and all relevant memoranda to the Capital Review Committee for review. Otherwise, the defense request will be denied and defense counsel will be so notified.

Capital Review Committee review of requests

Before a request for relief is submitted to the Capital Review Committee, the United States Attorney or Assistant Attorney General will solicit the views of the victim's family concerning the request and the Department will consider the views expressed prior to making a final decision on the request.

When a request is submitted to the Capital Review Committee, the Committee should, to the extent possible, be comprised of the same individuals who originally considered the case.

If the United States Attorney or Assistant Attorney General initiated the request, or concurs in a defense request, the Capital Review Committee will forward the request and the Committee's recommendation to the Attorney General, through the Deputy Attorney General.

If the United States Attorney or Assistant Attorney General opposes a defense request, the Capital Review Committee will forward the request and the Committee's recommendation to the Attorney General, through the Deputy Attorney General, only if two or more members of the Committee conclude that the request meets the relevant standard for relief. If fewer than two members of the Committee conclude that a defense request meets the relevant standard for relief, the request will be denied, and defense counsel will be so notified.

Attorney General decision

Upon receiving a recommendation from the Capital Review Committee, through the Deputy Attorney General, the Attorney General shall make the final decision on whether to dismiss or vacate (or agree to a defendant's motion to dismiss or vacate) a death sentence or underlying conviction.

Confidentiality

The consideration of requests submitted under this subsection shall be subject to the confidentiality provisions set forth in Section 9-10.050.

Adverse decisions

This subsection does not apply to the Department's decision whether to seek further review of an adverse judicial decision in a capital case. The procedures relevant to adverse decisions are set forth in Section 9-2.170.

[updated January 2017] [cited in USAM 9-10.050; 9-10.120]

## 9-10.170 - Approval Required For Judicial Sentencing Determination

In cases in which the Attorney General has authorized seeking the death penalty, the United States Attorney or Assistant Attorney General must obtain the approval of the Assistant Attorney General for the Criminal Division before agreeing to a request by the defendant pursuant to 18 U.S.C. § 3593(b)(3) for the sentence to be determined by the trial court rather than a jury. Any request pursuant to this provision shall be submitted to the Assistant Attorney General for the Criminal Division through the Capital Case Section.

[updated April 2014]

## 9-10.180 - Reporting Requirements

Each United States Attorney's Office or Department component must identify a point-of-contact who will be responsible for ensuring compliance with the following reporting requirements. The Capital Case Section must be immediately notified when:

A. A capital offense is charged or when an indictment is obtained pertaining to conduct that could be, but has not been, charged as a capital offense. The point-of-contact must immediately provide the Section with a copy of the indictment and case number. In the event the indictment is obtained prior to submitting the case for review pursuant to the provisions of this Chapter, the United States Attorney or Assistant Attorney General shall comply with the notification requirements of USAM 9-10.060.
B. A deadline for filing a notice of intent to seek the death penalty or a trial date is established or modified.
C. There are any developments that could affect the ability to file a notice of intent to seek the death penalty sufficiently in advance of trial to allow the defense and prosecution to prepare for a capital punishment hearing.

D. A verdict and sentence are reached in a case in which the Attorney General has directed seeking the death penalty.

The victim's family must be notified of all final decisions regarding the death penalty.

[updated April 2014]

## 9-10.190 - Forms and Procedures

The Assistant Attorney General for the Criminal Division, the Deputy Attorney General, and the Attorney General may promulgate forms and procedures to implement the provisions of this Chapter. The United States Attorney or Assistant Attorney General should contact the Capital Case Section to discuss the applicable procedures and obtain the appropriate forms.

[updated April 2014]

## 9-10.200 - Exceptions for the Proper Administration of Justice

To ensure the proper administration of justice in an appropriate case, the Attorney General may authorize exceptions to the provisions of this Chapter.

[renumbered from 9-10.190 April 2014]

‹ 9-9.000 - Mental Competency Of An Accused          up          9-11.000 - Grand Jury ›