UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 2S:19-cr-150-FtM-38NPM
18 U.S.C. § 1951(a)
18 U.S.C. §§ 924(c), (j), (o)
18 U.S.C. § 956(a)(1)
18 U.S.C. § 960

ALEX JARED ZWIEFELHOFER
and CRAIG AUSTIN LANG

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to Interfere with Commerce by Robbery)**

Beginning on an unknown date, but not later than in or about March

2018, and continuing through at least in or about August 2018, in the Middle

District of Florida, and elsewhere, the defendants,

**ALEX JARED ZWIEFELHOFER**
**and**
**CRAIG AUSTIN LANG,**

did knowingly, willfully, and unlawfully conspire, confederate, and agree with

each other to, in any way and degree, obstruct, delay, and affect commerce, as

that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article

and commodity in such commerce, by robbery, as that term is defined in 18

U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining

personal property from the person and in the presence of another, in that the

defendants did conspire, confederate, and agree with each other to unlawfully

take and obtain personal property consisting of United States currency

belonging to S.L., Jr., in the presence of another individual and against S.L.,

Jr.'s will, by means of actual and threatened force, violence, and fear of injury,

immediate and future, to his person.

In violation of 18 U.S.C. § 1951(a).

## COUNT TWO
### (Interference with Commerce by Robbery)

On or about April 9, 2018, in the Middle District of Florida, and

elsewhere, the defendants,

**ALEX JARED ZWIEFELHOFER**
**and**
**CRAIG AUSTIN LANG,**

aiding and abetting one another, did knowingly, in any way and degree,

obstruct, delay, and affect commerce, and attempt to obstruct, delay, and

affect commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the

movement of any article and commodity in such commerce, by robbery, as

that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and

2

unlawfully taking and obtaining personal property of S.L., Jr., consisting of

$3,000 in United States currency to be used by S.L., Jr. for the purchase of

firearms posted for sale on Armslist, from his person and in the presence of

another, against S.L., Jr.'s will, by means of actual and threatened force,

violence, and fear of injury, immediate and future, to his person.

In violation of 18 U.S.C. §§ 1951(a) and 2.

<u>COUNT THREE</u>
**(Conspiracy to Use a Firearm During and
in Relation to a Crime of Violence)**

Beginning on an unknown date, but not later than in or about March

2018, and continuing through in or about August 2018, in the Middle District

of Florida, and elsewhere, the defendants,

**ALEX JARED ZWIEFELHOFER
and
CRAIG AUSTIN LANG,**

did knowingly, willfully, and unlawfully conspire, confederate, and agree with

each other to use, carry, brandish, and discharge a firearm, during and in

relation to a crime of violence for which they may be prosecuted in a court of

the United States, and to possess said firearm in furtherance of said crime of

violence, that is, Interference with Commerce by Robbery, in violation of 18

U.S.C. § 1951(a) as alleged in Count Two of this Superseding Indictment.

3

In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(o).

**COUNT FOUR**
**(Use of a Firearm During and in Relation to a Crime of Violence)**

On or about April 9, 2018, in the Middle District of Florida, the

defendants,

**ALEX JARED ZWIEFELHOFER**
**and**
**CRAIG AUSTIN LANG,**

aiding and abetting one another, did knowingly use, carry, brandish, and

discharge a firearm, during and in relation to a crime of violence for which

they may be prosecuted in a court of the United States, specifically,

Interference with Commerce by Robbery, as alleged in Count Two of this

Superseding Indictment (which Count is incorporated herein by reference as if

set forth in full), and, in the course of said violation and through the use of

such firearm, did cause the death of a person, namely S.L., Jr., and D.L., by

murder as defined in 18 U.S.C. § 1111.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2.

## COUNT FIVE
### (Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country)

Beginning on an unknown date, but no later than in or about February 2018, and continuing through at least in or about October 2018, in the Middle District of Florida, and elsewhere within the jurisdiction of the United States, the defendants,

### ALEX JARED ZWIEFELHOFER
### and
### CRAIG AUSTIN LANG,

did unlawfully and knowingly conspire, with each other and others known and unknown to the Grand Jury, to commit at a place outside the United States, namely Venezuela, an act that would constitute the offense of murder, kidnapping, and maiming a person if such act were committed within the special maritime and territorial jurisdiction of the United States.

In furtherance of the conspiracy and to effect the objects thereof, the defendants committed and caused to be committed, within the Middle District of Florida and elsewhere within the jurisdiction of the United States, at least one of the following overt acts, among others:

a.  On or about February 26, 2018, the defendants communicated with each other via an online platform about participating in

5

military-like raids in Venezuela;

      b.  On or about March 31, 2018, the defendants communicated with each other and others via an online platform about their plans to fight against the Venezuelan government, including that the defendants would "kill people";

      c.  On or about April 1, 2018, the defendants discussed, via an online platform, the firearms, ammunition, and other military equipment that the defendants planned to bring to Venezuela for the purpose of fighting against the Venezuelan government;

      d.  On or about April 4, 2018, the defendants traveled via Greyhound bus to Miami, Florida;

      e.  On or about April 7, 2018, a conspirator searched the internet about how an individual could smuggle oneself to South America;

      f.  On or about April 7, 2018, the defendants visited a military surplus store in the Miami, Florida area;

      g.  On or about April 9, 2018, the defendants traveled from Miami, Florida, to Estero, Florida, to commit an armed robbery of S.L., Jr. and D.L., to obtain money and property to fund the defendants' travel to Venezuela; and

h.  On or about April 9, 2018, the defendants committed an armed robbery and the murder of S.L., Jr. and D.L., and stole $3,000 in United States currency from S.L., Jr., to fund their planned travel to Venezuela.

All in violation of 18 U.S.C. § 956(a)(1).

### COUNT SIX
### (Violation of the Neutrality Act)

Beginning on an unknown date, but no later than in or about February 2018, and continuing through at least in or about October 2018, in the Middle District of Florida, and elsewhere within the United States, the defendants,

**ALEX JARED ZWIEFELHOFER**
**and**
**CRAIG AUSTIN LANG,**

did knowingly organize, begin, set on foot, provide a means for, prepare a means for, furnish the money for, and take part in, a military expedition and enterprise to be carried on against the territory and dominion of any foreign state, district, and people with whom the United States is at peace, namely Venezuela.

In violation of 18 U.S.C. § 960.

7

## SPECIAL FINDINGS

The Grand Jury repeats and re-alleges the accusations of **Count Four** of the Superseding Indictment. As to **Count Four**, alleging the murders of S.L., Jr. and D.L., the Grand Jury finds that the defendant, **ALEX JARED ZWIEFELHOFER**:

1. was 18 years of age or older at the time of the offense charged (18 U.S.C. § 924(c)(1)(A)(iii), 924(j)(1), and 2);

2. intentionally killed the victims, S.L., Jr. and D.L. (18 U.S.C. § 3591(a)(2)(A));

3. intentionally inflicted serious bodily injury that resulted in the death of S.L., Jr. and D.L. (18 U.S.C. § 3591(a)(2)(B));

4. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims, S.L., Jr. and D.L., died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

5. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a

reckless disregard for human life, and S.L., Jr. and D.L. died as direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

The Grand Jury further finds that the defendant, **ALEX JARED ZWIEFELHOFER**:

6. committed the offense in the expectation of the receipt of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

7. committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8. intentionally killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## FORFEITURE

1.     The allegations contained in Counts One, Two, Three, and Four of this Superseding Indictment are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 924(d), 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 1951, as alleged in Counts One and Two, the defendants, **ALEX JARED ZWIEFELHOFER** and **CRAIG AUSTIN LANG**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or

personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a $3,000 forfeiture money judgment, which represents the proceeds of the offense.

3.      Upon conviction of a violation of 18 U.S.C. § 924, as alleged in Counts Three and Four, the defendants, **ALEX JARED ZWIEFELHOFER** and **CRAIG AUSTIN LANG**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the offense.

4.      If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under

the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

By: _____
Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division

11

FORM OBD-34
December 19

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

ALEX JARED ZWIEFELHOFER
and CRAIG AUSTIN LANG

## INDICTMENT

Violations:   18 U.S.C. § 1951(a)
18 U.S.C. §§ 924(c), (j)
18 U.S.C. § 956(a)(1)
18 U.S.C. § 960

A true bill,

*[signature]*

Foreperson

Filed in open court this 4th day

of December, 2019.

_____
Clerk

Bail $_____

GPO 863 525