1

1          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF FLORIDA
2                  FORT MYERS DIVISION

3

4    UNITED STATES OF AMERICA,        )
                                      )
5          Plaintiff,                 )
                                      )
6    -vs-                             )   Case No. 2:19-CR-150-SPC-NPM
                                      )
7    ALEX JARED ZWIEFELHOFER,         )   July 27, 2020
                                      )   Fort Myers, Florida
8          Defendant.                 )   9:32 a.m.
     _____ )

9

10
                         -   -   -
11

12        TRANSCRIPT OF THE STATUS CONFERENCE PROCEEDINGS
          BEFORE THE HONORABLE SHERI POLSTER CHAPPELL
13                 U.S. DISTRICT COURT JUDGE

                 (EX PARTE DISCUSSION FILED UNDER SEAL)
14
                         -   -   -
15

16

17

18

19

20        *Proceedings recorded by mechanical stenography*
          *and computer-aided transcript produced by*
21
               Susan C. Baker, RMR, CRR
22                Official Court Reporter
             2110 First Street, Suite 2-194
23             Fort Myers, Florida 33901
                    (239) 461-2064
24

25

2

1    APPEARANCES OF COUNSEL BY ZOOM VIDEOCONFERENCE:

2    On behalf of the Government:    Jesus Casas, Esq.
                                     Office of the U.S. Attorney
3                                    2110 First Street
                                     Suite 3-137
4                                    Fort Myers, Florida 33901

5                                    Josephine Thomas, Esq.
                                     Office of the U.S. Attorney
6                                    400 North Tampa Street
                                     Suite 3200
7                                    Tampa, Florida 33602

8    On behalf of the Defendant:    D. Todd Doss, Esq.
                                     Erin Brenna Hyde, Esq.
9                                    Federal Public Defender's Office
                                     201 South Orange Avenue
10                                   Suite 300
                                     Orlando, Florida 32801
11
                                     Susan K. Marcus, Esq.
12                                   Law Firm of Susan K. Marcus, LLC
                                     29 Broadway
13                                   Suite 1412
                                     New York, New York 10006

14

15

16

17

18

19

20

21

22

23

24

25

3

1                          -   -   -

2                     P R O C E E D I N G S

3                          -   -   -

4          THE COURT:  Mr. Casas, are we waiting for anyone else

5    from the Government?

6          MR. CASAS:  No, Your Honor.

7          THE COURT:  Okay.  How about the defense?

8          MR. DOSS:  We're all here, Your Honor.

9          THE COURT:  Okay.  I originally had not had them

10   bring the Defendant to the meeting, so to speak; but I did this

11   morning ask them to go ahead and pull him just so he can be

12   present while we're discussing things.  Normally at a status

13   conference we don't have the Defendant present, but I seem to

14   recall at the last one we maybe mentioned having him present so

15   he could hear the discussions.

16         Obviously, we don't expect that he's going to be

17   saying anything.  So it may be hopefully just a few more

18   minutes while they pull him.

19         Is there any problem with that from the parties or --

20         MR. DOSS:  Your Honor, there's no problem with that.

21   However, Mr. Zwiefelhofer had indicated that he was willing to

22   waive his presence for this status hearing if that's --

23         THE COURT:  Okay.

24         MR. DOSS:  -- if that makes any difference as to what

25   we're doing at the moment.

4

1          THE COURT:  It's up to you.  Would you like to wait
2    for him?
3          I mean, you said he would waive his presence.  That's
4    fine with me.  We can proceed either way.  I can have them
5    cancel bringing him to the videoconference room for the
6    hearing.  It's really up to you, Mr. Doss.
7          MR. DOSS:  You can cancel that, Your Honor.
8          THE COURT:  Okay.  Madam clerk, would you go ahead
9    and call the Marshals Service then and go ahead and cancel his
10   appearance.
11         COURTROOM DEPUTY CLERK:  Yes, Judge.
12         THE COURT:  All right.  Then they're going to love
13   me -- quick, pull him.  No, don't pull him.
14         All right.  Let's go ahead then.
15         This is the case of the United States of America
16   versus Alex Jared Zwiefelhofer, Case Number
17   19-CR-150-FTM-38-SPC-NPM.
18         Counsel, if you would announce your appearance for
19   the Court, please.
20         MR. CASAS:  Good morning, Your Honor.  Jesus Casas
21   and Josie Thomas on behalf of the United States.
22         MR. DOSS:  Morning, Your Honor.  Todd Doss, Susan
23   Marcus and Erin Hyde all for Mr. Zwiefelhofer.
24         THE COURT:  All right.  We set this case for a status
25   conference.  You may notice some additional individuals

5

1    present.   Those are interns.   And Judge Mizell is also

2    participating just so he has an idea of where we're going with

3    things, so he is also present on the conference.   Obviously,

4    we're doing this by video because of the COVID-19 epidemic; and

5    having individuals come to the courthouse in person would be a

6    danger at this time.

7              You indicated, Mr. Doss, that your client,

8    Mr. Zwiefelhofer, has waived his presence for the purpose of

9    this status conference; is that correct?

10             MR. DOSS:   That's correct, Your Honor.

11             THE COURT:   All right.   Mr. Casas, Ms. Thomas, I

12   guess just leaving it up to you at this point, we're still

13   waiting for any news on whether or not the Government is, in

14   fact, seeking the death penalty.   I'm not sure who wishes to

15   speak, but can you let me know where you are with that process.

16             MS. THOMAS:   Your Honor, I can address that.   This is

17   Josie Thomas.   Good morning.

18             I actually spoke with the capital case unit this

19   morning.   We're just kind of in a holding pattern until the

20   defense feels that they are ready to make their mitigation

21   presentation to the U.S. Attorney, and so I'm not sure where

22   they are in that process.   So once they do that, the U.S.

23   Attorney would make her recommendation to the capital case

24   committee, and then they would consider that and make their

25   recommendation to the Attorney General, and at that point they

1    would decide whether they wanted to have a mitigation

2    presentation in person in Washington or not.  So we're kind of

3    just waiting to see how the defense wants to proceed at this

4    point.

5            THE COURT:  All right.  Thank you, Ms. Thomas.

6            Mr. Doss, obviously given the COVID-19 situation, I'm

7    sure you have had some difficulties in doing a lot of things.

8    But why don't you go ahead and advise the Court where you are

9    and how you think we can go forward as best we can.

10           MR. DOSS:  Your Honor, I'll address it just

11    generally.  But we have been unable to travel for a lengthy

12    amount of time.  As Your Honor may be aware, this is a case

13    that includes many different states, countries are involved.

14    And we anticipate it's going to require extensive travel to do

15    the mitigation work as well as some of the investigation

16    otherwise.  So that's ground to a halt.

17           Even getting records at this point is difficult, Your

18    Honor, because many of the entities that we seek records from

19    have their own skeletal staff based on the COVID-19 issues.  So

20    to say that it's slowed to a crawl would probably be an

21    understatement.  Although, you know, we have been doing -- we

22    have been doing what we can do.

23           THE COURT:  Ms. Thomas, given that situation, how do

24    you think we should proceed?

25           I mean, obviously, I don't want to keep putting this

7

1    off and off and off.  I know that there's going to be some

2    additional time built in, but do you have anything that you

3    would recommend or any statements in regards to that?

4              MS. THOMAS:  The only thing I could suggest, Your

5    Honor, is maybe a shortened presentation or shortened

6    discussion with the defense about where -- what they believe

7    are their main categories of mitigation they're going to be

8    looking at and why -- maybe their preliminary reasons.  I don't

9    know which way the U.S. Attorney is leaning on this, but there

10   are a lot of aggravating factors under the statute.

11             I know this Attorney General's been very aggressive.

12   So he has -- this Defendant has more aggravating factors than

13   many other Defendants that we've had where we've recommended no

14   seek.  So I don't know how the U.S. Attorney's going to come

15   down on that.  But I know she would like to give the defense an

16   opportunity to at least make a case to her of what they believe

17   are the strongest mitigating factors.

18             And so we could start having those discussions if the

19   defense is willing and see where we go from there.

20             THE COURT:  Mr. Doss, is that something that you even

21   have enough information at this point to be able to at least

22   start the process?

23             MR. DOSS:  I don't think so, Your Honor.  I mean, we

24   are -- when I say we are in the beginning phases, we are

25   absolutely in the beginning phases and haven't even come close

8

1    to being able to do the necessary life history kind of

2    investigation and investigation into what's surrounding this

3    case to be able to intelligently address the factors that we

4    know that both the U.S. Attorney and the capital case review

5    committee would be considering.  Ms. Marcus and I both have

6    done numerous cases that where we've made presentations to both

7    U.S. Attorneys and in capital case review, and I feel

8    comfortable stating for all of us on the defense team that we

9    are nowhere near that.

10           And I appreciate Ms. Thomas wanting to have an

11   initial discussion, and I just -- I don't know that we can

12   meaningfully contribute at this point.  And I fear that we

13   would be doing a disservice to our client by even discussing it

14   right now just because we don't -- we don't have the

15   information necessary to do so just because we -- I know I'm

16   stating the obvious, but it's just we can't -- we can't travel.

17   We can't do any of the tiresome things that we need to do.

18           We can't meet people in person, and the types of

19   things that we have to ask are not things that are done easily

20   over telephone calls and in Zoom conferences and the like.

21   While that works well for professional court -- you know, for

22   court hearings and professional meetings, it's just not

23   conducive to the types of things that we seek from various life

24   history kind of witnesses, Your Honor.

25           THE COURT:  And I understand that the Defendant has a

9

1    right to present that mitigation.  And maybe you can let me

2    know, Ms. Thomas; but is it something that the Government could

3    go forward and at some time change their mind if there was more

4    mitigation or -- I just hate the fact that we are at a total

5    standstill.

6              What's the situation there?

7              MS. THOMAS:  Your Honor, it is very difficult if a

8    decision is made to seek the death penalty -- it is extremely

9    difficult to ask for reconsideration of that.  There's actually

10   a statutory or policy basis.  There has to be changed

11   circumstances.  And that's -- I have actually been dealing with

12   that in another case out of Orlando based on a competency

13   issue, and it's been extremely difficult to get that review

14   done both by the U.S. Attorney and the capital case committee.

15             So it's -- because of the weight of that, I mean,

16   it's a very -- the facts of this case, as the Court knows, are

17   very extreme.  And this is a case I would not be surprised if

18   the AG authorized the death penalty or overruled the U.S.

19   Attorney if she recommended a no seek.  I can see -- and it's

20   pure speculation -- but just given knowledge of some of the

21   other cases in the district, I would not be surprised if the AG

22   authorized the death penalty here.

23             And because of the weight of that, you know, that's

24   not a decision I would want the U.S. Attorney to make a

25   recommendation on without knowing at least some basic

10

1    mitigating information because right now the facts are so

2    heinous.  And, you know, we still have the -- we still have to

3    consider any of those mitigating factors.

4            THE COURT:  Okay.

5            MS. MARCUS:  If I might just for -- this is Susan

6    Marcus -- for comparison.

7            Even pre-pandemic, the time between when learned

8    counsel gets appointed and a mitigation submission is filed,

9    it's not unusual for it to be about 18 months to two years to

10   take that time because you are really putting together the bulk

11   of the life history investigation.  And that was pre-pandemic.

12           You know, I got into the case, and pretty soon after

13   everything has been on hold, including any meaningful visits

14   with our client.  We haven't been able to see him in person for

15   many months.  So it is frustrating, I think, for all of us.

16           We would love the U.S. Attorney to fast-track and not

17   -- make a mitigation submission unnecessary.  It sounds like

18   that's not the posture in this case.  And so even pre-pandemic

19   it would be sometime before a defense would be able to make a

20   mitigation submission for their consideration.  And now, to

21   everyone's just dismay and frustration and uncertainty about

22   where we are because of the pandemic and, you know, in these

23   federal cases where witnesses are in many different states, so,

24   you know, where I might be able to move forward on my cases

25   where witnesses are all kind of local and in New York and we

1    know the situation in a case like this, it's so hard to wrap

2    our heads around what's going on in each state.  You know,

3    we're not even allowed to travel outside the country right now.

4            So we share Your Honor's frustration if it's any

5    consolation.  It would be too soon even pre-pandemic.

6            THE COURT:  And that's understood.  I just want to

7    make sure that we, you know, continue to move forward at least

8    in some ways.  I understand there's no way to travel.  I

9    understand that it's difficult to talk about some of these

10   things over Zoom conference.  But it's kind of a new world, and

11   we all have to do what we have to do.  So some of the things

12   are going to have to be broached in that manner so that we can

13   move forward.  So, but it's just questions I had.

14           Anything else from the Government or the defense?

15           I intend to have the Government leave the conference.

16   There's an issue that I want to deal with with the defense ex

17   parte.  But I want to make sure that everybody else has had an

18   opportunity to speak if they want to do that, and then I would

19   say probably another three months and we can have a status.  Or

20   do you want a status before then?

21           MS. THOMAS:  We have no objection to that, Your

22   Honor.

23           THE COURT:  Ms. Marcus?

24           MS. MARCUS:  No objection.

25           THE COURT:  All right.  Madam clerk, where is this

1    set right now as far as the -- it was set for this status term,

2    or where are we with the status?

3            COURTROOM DEPUTY CLERK:  Yes.  It's still on the

4    August trial term, so we need to continue that.  This is the

5    only case on the trial term.  And then we had special set this

6    status.

7            So would you like to special set the next status, or

8    do you want it to go on the main docket?

9            THE COURT:  No, I think special setting it is better.

10           So do we want to go to October, end of October

11   perhaps, or into November?  Anybody have any --

12           MS. THOMAS:  No objection, Your Honor.

13           MR. CASAS:  I would think end of November, Your

14   Honor.  It might make more sense at this point.

15           THE COURT:  Okay.  Any objection from the defense to

16   going to November?

17           MR. DOSS:  None, Your Honor.

18           COURTROOM DEPUTY CLERK:  Your Honor, if you -- would

19   you like to possibly do November 16th?

20           That's the week before the Thanksgiving holiday.

21   Hopefully, then that won't interfere with anyone if they are

22   able to travel or do anything or whatever plans anyone has.

23   But that would be Monday, November 16th.

24           THE COURT:  All right.

25           COURTROOM DEPUTY CLERK:  And we can do that at --

13

1    there's no other hearings set currently.  So we can have that

2    at 9:30 if you like, Judge.

3              THE COURT:  Any objection to that?

4              MR. CASAS:  No objection, Your Honor.

5              MR. DOSS:  None, Your Honor.

6              THE COURT:  All right.  Then the Court is going to

7    find that the ends of justice served in granting the

8    continuance outweighs the best interest of the public and the

9    Defendant in a speedy trial.  Therefore, the time from now

10   until the end of the December trial cycle shall be excludable

11   time.  The case will be set on a status conference docket

12   November 16th at 9:30.  That's a special setting, so it will

13   only be that case.  And then the trial would be December, which

14   obviously we know that's not going to happen.  But at least for

15   the record we will keep it moving along with the other cases.

16             Is there anything else then, Ms. Thomas, from the

17   Government?

18             MS. THOMAS:  No, Your Honor.  If there's anything

19   that we can do to help the defense with doing what they need to

20   do as far as access or anything, we can certainly do that.

21             THE COURT:  Okay.  I'm sure that you can be in

22   contact with Mr. Doss and the others.  If he needs something,

23   I'm sure he will be in contact with you as well.

24             All right.  Then I would just ask that you and

25   Mr. Casas, you are excused from the hearing.  And I would just

14

1  ask any members of the defense team then to remain for the ex

2  parte motion.

3           MR. CASAS:  Thank you, Your Honor.

4           THE COURT:  Thank you.

5           MS. THOMAS:  Thank you.

6           COURTROOM DEPUTY CLERK:  Did you want the Defendant

7  to be present at the next hearing, or is he going to waive his

8  presence at the next status as well?

9           THE COURT:  Well, we probably won't know that,

10 Mr. Doss, until that -- around that time; or do you want to

11 just not have him present?

12          MR. DOSS:  Your Honor, we will waive it.  And if it

13 comes about that we need him there, Your Honor, then we will

14 notify the Court.

15          THE COURT:  Okay.  If you would notify me then in

16 enough time so that I can let them know to bring him over or at

17 least have him present if we're still by Zoom conference.

18          MR. DOSS:  Yes, Your Honor.

19                         -  -  -

20          (The following discussion up to the end of the

21 hearing was held outside the presence of Government's counsel

22 and will be filed under seal.)

23 ████████████████████████████████████████

24 ████████████████████████████████████████████

25 ████████████████████████████████████████████████

16



17





19



20



21



22



23





25

1

2

3

4                    (Proceedings adjourned.)

5                              -   -   -

6

7                        C E R T I F I C A T E

8

9    UNITED STATES DISTRICT COURT:

10   MIDDLE DISTRICT OF FLORIDA:

11

12            I hereby certify that the foregoing pages, 1 through

13   25, are a true and correct copy of the proceedings in the case

14   aforesaid.

15            This the 25th day of August, 2020.

16

17

18

19                    /s/ Susan C. Baker

20                    Susan C. Baker, RMR, CRR
                      Official Court Reporter
21                    United States District Court

22

23

24

25