```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE MIDDLE DISTRICT OF FLORIDA
                           FORT MYERS DIVISION
```

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,            )
                              )
Vs.                           ) Case No.: 2:19-cr-150-SPC-NPM
                              )
ALEX JARED ZWIEFELHOFER and   )
CRAIG AUSTIN LANG,            )
                              )
        Defendants.           )
_____)

**ZOOM VIDEOCONFERENCE
STATUS HEARING PROCEEDINGS
BEFORE THE HONORABLE SHERI POLSTER CHAPPELL**

**May 10, 2021
10:16 a.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**     JESUS M. CASAS, ESQUIRE
**(Via Zoom)**             JOSEPHINE W. THOMAS, ESQUIRE
                           United States Department of Justice
                           Office of the United States Attorney
                           2110 First Street, Room 3-137
                           Fort Myers, Florida 33901


**FOR ZWIEFELHOFER:**      D. TODD DOSS, ESQUIRE
**(Via Zoom)**             ERIN BRENNA HYDE, ESQUIRE
                           Federal Public Defender's Office
                           201 South Orange Avenue, Suite 300
                           Orlando, Florida  32801


**FOR ZWIEFELHOFER:**      SUSAN K. MARCUS, ESQUIRE
**(Via Zoom)**             Law Firm of Susan K. Marcus LLC
                           29 Broadway, Suite 1412
                           New York, New York  10006

APPEARANCES:   (Continued)

| | |
|---|---|
| **FOR LANG:**<br>**(Via Zoom)** | BJORN ERIK BRUNVAND, ESQUIRE<br>Bjorn E. Brunvand, Pa<br>615 Turner Street<br>Clearwater, Florida  33756 |
| **FOR LANG:**<br>**(Via Zoom)** | STEVEN H. MALONE, ESQUIRE<br>Steven H. Malone, PA<br>707 North Flagler Drive<br>West Palm Beach, Florida  33401 |
| **Court Reporter:**<br>**(Via Zoom)** | Stacey E. Raikes, RMR, CRR<br>United States District Court<br>2110 First Street, Room 2-194<br>Fort Myers, Florida  33990 |

Proceedings reported and transcribed by computer-aided stenography.

P R O C E E D I N G S

(Court called to order.)

THE DEPUTY CLERK: Yes, Your Honor. Good morning.

Calling case 2:19-cr-150-SPC-NPM: The United States of America versus Alex Jared Zwiefelhofer and Craig Austin Lang.

And, Your Honor, we do have two additional parties that have requested to attend the hearing this morning.

THE COURT: All right. I would just notice counsel that two members of the media have requested to join this conference. I would also caution that our local rules prohibit any recording, either audio or video, of this proceeding, and I just want to make sure that all parties are aware of that.

Let's go ahead and just have counsel introduce themselves for the record. From the government?

MR. CASAS: Good morning, Your Honor. Jesus Casas and Josie Thomas on behalf of the United States.

THE COURT: Good morning.

On behalf of Mr. Zwiefelhofer?

MR. DOSS: Good morning, Your Honor. Todd Doss, Susan Marcus, and Erin Hyde on behalf of Mr. Zwiefelhofer.

THE COURT: And then we do have Mr. Lang's counsel as well. If you'd introduce yourself.

MR. BRUNVAND: Good morning, Your Honor. Bjorn Brunvand and Steve Malone on behalf of Mr. Lang.

1       MR. MALONE:  Good morning, Judge.

2       THE COURT:  Okay.  Good morning.

3       Judge Mizell and I set this hearing today.  We do
4  have a status conference that was noticed in the Zwiefelhofer
5  case.  This is our, I guess, six-month status kind of just
6  discussing where we are and where we're going with the case.

7       I did notice Mr. Lang's counsel because he,
8  obviously, has been picked up on these charges.  It's my
9  understanding, though, Mr. Brunvand and/or Mr. Malone, that he
10 is still not in this country, but he is still fighting the
11 extradition process; is that correct?

12      MR. BRUNVAND:  Yes, that's correct, Your Honor.  He's
13 in Kiev, Ukraine, and is still litigating an appeal of an
14 extradition order.

15      THE COURT:  Any idea where we are with that or the
16 timing of that?

17      MR. BRUNVAND:  No, Your Honor.  We've made inquiries
18 about that and it's really unknown how long it will take for
19 the Court to rule, but my understanding is currently that the
20 extradition order is stayed pending a ruling, but we have no
21 idea how long it will take.

22      THE COURT:  Okay.  All right.  There you go, I think.
23 Ms. Thomas, you could hear us now?

24      MS. THOMAS:  Yes, Your Honor.  I'm sorry.  Mr. Casas
25 introduced me.  My computer connection disconnected and then I

1  was trying to get on my phone; so...

2  THE COURT: We're good. You're back with us, so
3  that's good.

4  All right. As to, you know, Mr. Lang's, I guess,
5  entrance in the case, is there any effect on Mr. Zwiefelhofer's
6  case, at this point, given that he's been picked up, you know,
7  he's still fighting this extradition, Mr. Casas, anything that
8  you want to say in regard to that?

9  MR. CASAS: Well, with respect to Mr. Lang and
10  Mr. Zwiefelhofer, I see them on two different tracks at this
11  point. Mr. Zwiefelhofer, obviously, is on a present track for
12  a future trial date and Mr. Lang is yet to be before the Court.
13  He, quite frankly, is not within the jurisdiction of the Court.
14  And so, while we recognize the Court has appointed him counsel,
15  at this point, we don't believe that he properly participates
16  in the process related to his prosecution notwithstanding the
17  extradition proceedings that are taking place overseas.

18  With respect to Mr. Zwiefelhofer, we are still
19  providing additional discovery that was requested by defense
20  counsel and we're in the process of completing that request,
21  hopefully, this week. We've had some delays with obtaining
22  additional information from one particular investigative
23  agency, but we believe that was resolved and it was mailed as
24  of last week, according to the case agent. We hope to have
25  that to them this week.

1      THE COURT:  All right.  And is the government still
2  seeking the death penalty in Mr. Zwiefelhofer's case?  Or at
3  least pursuing that avenue?
4      MR. CASAS:  Yes, Your Honor.  With respect to that
5  process, it remains status quo.  This is a process -- and
6  Ms. Thomas can amplify this or supplement it to that extent --
7  that has to run its course.  We cannot assert the authority of
8  the Attorney General of the United States in deciding whether
9  or not the United States will formally seek the death penalty
10  against Defendant Zwiefelhofer.  We, obviously, have waived the
11  death penalty with respect to Defendant Lang in relation to his
12  extradition request in order to allow that to move forward, but
13  Mr. Zwiefelhofer's circumstance and the death penalty
14  applicability as it relates to his case remains pending.
15      THE COURT:  All right.  How about the mitigation
16  presentation to the U.S. Attorney on the possible issues of
17  death penalty, where are we with that, Mr. Doss?  And I guess
18  maybe if you can -- you can answer or Ms. Marcus, either one,
19  however you want to proceed.
20      MR. DOSS:  I've been designated to answer, Your
21  Honor.
22      THE COURT:  Okay.
23      MR. DOSS:  But I told counsel to jump in, when
24  necessary, that are here with me.
25      We're still in the process.  As Your Honor's

1  painfully aware, the pandemic's shut down so much of what we
2  could do.  Our travel's been incredibly restricted.  Actually,
3  nonexistent.  And it's starting to open back up.  So we're, you
4  know, hoping that we can start that process.
5         We've done what we could as far as collecting records
6  and things of that nature, which is also a difficult process
7  with, you know, so many agencies being not -- teleworking and
8  having reduced hours and reduced availability as far as on-site
9  people.  So that's an ongoing process as well as, as Mr. Casas
10 had indicated, we're going through the discovery and requesting
11 discovery.
12        So, while we are working on it, it's been incredibly
13 hindered and delayed.  So we're not in a position to be able to
14 make that presentation as of right now and we need the
15 opportunity to be able to do the travel.  It's necessary to put
16 together that presentation.
17        THE COURT:  What are your timeframes looking like
18 now?  I know it's difficult to predict.  We've had problems,
19 obviously, up until now, given the pandemic, but any better
20 idea now that things are starting to open up a bit?
21        MR. DOSS:  Well, I think that we have travel
22 scheduled.  Some of that depends upon the availability of
23 various witnesses.  And, for instance, on a separate case, we
24 were supposed to travel today and we had people that were
25 exposed to COVID and so we can't go see them.  And that's the

1  hard thing, Your Honor, is being able to -- so many things out
2  of our control as far as witnesses and their availability and
3  willingness to see us in this situation that we're in.
4           We're hoping that, as it opens up during the summer,
5  as people get more vaccinated, that we have a lot more
6  availability as far as people we can see, you know, and that's
7  not even addressing the international implications of travel in
8  this case.
9           THE COURT: All right.
10          So, Ms. Marcus, as far as your travel authorization
11 from New York to Florida to meet with the defendant, the
12 defense team, I think we had a June 30, 2021, kind of
13 timeframe. Where are we with that situation?
14          MS. MARCUS: I think it would be helpful to extend
15 that so that I can continue to go meet with the team and meet
16 with the client. I will be -- any other CJA matters, I'd
17 rather discuss with the Court.
18          THE COURT: Understood. I understand that and I
19 didn't mean to put you on the spot, but that's something that I
20 think we do need to talk to and about.
21          MS. MARCUS: Sure.
22          THE COURT: Because that is separate and above I know
23 where we're going with the case.
24          What is then defense counsel's request as far as
25 moving this case? Is another six-month status conference what

1  is appropriate or do you think we should shorten that to three
2  months, in three months, or what do you think?
3            MR. DOSS:  I think the six months is appropriate,
4  Your Honor, to allow us to do the things that we need to do.
5  And we've been in communication with the government talking
6  with them about not only discovery, but meeting with them
7  before the status and having conversations about the status of
8  the seeking the death penalty or not.  So if -- I believe that
9  the six months would be appropriate.  And, that way, you know,
10 we can report to the Court, much as what we've been doing, or
11 we can report to the Court that it's been scheduled and we've,
12 you know, we're awaiting or decision or whatever the case may
13 be, but I think the six months would be very appropriate.
14           THE COURT:  All right.
15           Mr. Casas or Ms. Thomas, do you -- your thoughts on
16 that?
17           MR. CASAS:  Your Honor, we don't have an objection.
18 We understand counsel needs time to complete their mitigation
19 investigation process, and to the extent they're attempting, at
20 least, to make progress in that regard, we can hardly take
21 issue with that.
22           THE COURT:  Madam Clerk, what is the date then for a
23 six-month extension?
24           THE DEPUTY CLERK:  Let's see, Your Honor.  That would
25 take us to -- sorry about that, Your Honor.  I'm muted.

1          Let's see.  That would take us to November, I
2   believe.  And, if you'd like to keep it on the same day, Judge,
3   just on a separate docket, we could set it at 10:30 on November
4   8th.
5          THE COURT:  And that would be for the December trial
6   term?
7          THE DEPUTY CLERK:  Yes, Your Honor.
8          THE COURT:  Okay.  And what is the December trial
9   term date?
10         THE DEPUTY CLERK:  The December trial term begins on
11  December 6th, Your Honor.
12         THE COURT:  All right.
13         Mr. Doss, you're formally making a request then to
14  continue the case from now until the December trial term; is
15  that correct?
16         MR. DOSS:  That's correct, Your Honor.
17         THE COURT:  And there is no objection from the
18  government.
19         The Court would find that the ends of justice served
20  granting the continuance outweighs the best interests of the
21  public and the defendant in a speedy trial.  Clearly, because
22  of the pandemic, there have been -- pretty much everything has
23  shut down and, as counsel has outlined, the Court does find
24  that the need to do discovery, to meet with the defendant, to
25  review the discovery, to have discussions is such that the case

1   should be continued and would find that it is appropriate to do
2   so.  The case will be set on the December trial term.  The
3   excludable time will be from now until the end of the December
4   trial term, and the case will be set on November 8th for a
5   status conference at 10:30.
6            Just in general discussions, that is why I did ask
7   Mr. Brunvand and Mr. Malone to participate, just in the event
8   that there was anything that the parties, you know, felt the
9   Court should be aware of.  I do understand that Mr. Lang still
10  has not been extradited, but after receiving the request for
11  counsel, I thought it would be prudent to appoint counsel
12  immediately so that, as soon as that situation is resolved, the
13  defendant would have counsel and we could move forward.
14           Are there any questions from counsel or anything you
15  wanted to address just in a general term while we're all
16  together?
17           MR. BRUNVAND:  Your Honor, I would just like to
18  mention that we did request on behalf of Mr. Lang to
19  participate in discovery.  The government, at this point, has
20  indicated that, as long as the extradition proceedings are
21  pending, that they're not willing to provide us with discovery
22  unless we were to -- obviously, we don't represent him on those
23  things, but unless he was to waive that.  I think it would be
24  helpful if the government, at least to some degree, agreed to
25  share some discovery with us, but I understand that they

1   certainly don't have to.
2           Also, in reference to the government's indication
3   that the death penalty has been waived, I did ask the
4   government if they would be willing to file in the docket
5   formal notice of no seek, that they're not seeking the death
6   penalty.  Evidently, they are not in a position to do so as of
7   yet.
8           THE COURT:  All right.
9           Mr. Casas, do you want to address those two issues?
10          MR. CASAS:  Counsel is correct, Your Honor, we have
11  declined to provide them any discovery and, while I understand
12  he would find it helpful, we have directed him towards public
13  filings that provide background as to the particular case.  To
14  my knowledge, as far as I know, he's not limited in his ability
15  to communicate with Mr. Lang, if Mr. Lang should choose to
16  speak with him and co-counsel to that extent; however, under
17  the circumstances, absent a waiver of his extradition appeal,
18  we will decline to do that.
19          As to the second matter, again, this is an issue that
20  has already been approved at the highest level by the Attorney
21  General regarding the waiver of the death penalty against
22  Mr. Lang and we have documentation to that extent that was
23  provided in the course of the extradition proceeding.  However,
24  at this point, we are not in a position to formally docket that
25  in a notice to the Court; however, we are representing as much

1  to the Court.
2          THE COURT:  All right.  And that would be something
3  that would be docketed then, I take it, after -- if in the
4  event that Mr. Lang is, in fact, extradited, he's here in this
5  country, then I would assume you'd be willing to file those
6  documents within the court file?
7          MR. CASAS:  And I'll defer to Ms. Thomas on that
8  answer, Your Honor.
9          MS. THOMAS:  Yes, Your Honor, it would be a notice
10 not to seek.  We don't generally file the actual letter.
11         THE COURT:  Okay.
12         MS. THOMAS:  But it would be a notice that -- a no
13 seek.
14         THE COURT:  Okay, all right.
15         And, in regard to the discovery, again, you know, the
16 Court could have waited to appoint counsel.  I chose not to do
17 that.  Judge Mizell and I discussed the issue because we did
18 want counsel to be on board as soon as something happened in
19 the Ukraine.  I'm not going to, at this point, force the
20 government to provide discovery when Mr. Lang still has not --
21 that issue has not been decided.  But, as soon as the issue is
22 decided, then I would ask the government to pursue it to the
23 rules, go ahead and provide the discovery that is needed by
24 Mr. Brunvand and Mr. Malone, and then we can proceed on that.
25         I guess, Judge Mizell, do you have any other

1       questions for anybody, anything that we haven't discussed that
2       you and I talked about?
3                   JUDGE MIZELL:  No, I don't.  I guess we can revisit
4       whether or not Mr. Lang necessarily needs the learned counsel
5       appointment after the notice is filed.
6                   THE COURT:  Okay, all right.
7                   And I think, again, we've done a lot of things in an
8       abundance of caution, but all in the effort, I guess, of
9       protecting the defendants' rights as best we can.
10                  So, at this point, I think we've handled all of the
11      things that we can all handle together.  So I would just say
12      that we could probably then keep Mr. Doss, Ms. Hyde, Ms. Marcus
13      and the government can go ahead and hang up, as can Lang's
14      counsel and the media at this point.  The Court would have an
15      in-camera discussion then with Mr. Doss, Ms. Hyde, and
16      Ms. Marcus in regard to other matters that are outside of what
17      the counsel that I've announced can participate in.
18                  So if those individuals wouldn't mind hanging up, the
19      others will stay on the line, and we'll continue the
20      conference.  Thank you so much.
21                  MR. CASAS:  Thank you, Your Honor.
22                  MR. BRUNVAND:  Thank you, Your Honor.
23                  (Proceedings were concluded at 10:35 a.m.)
24                       * * * * * * * * * * * *
25

CERTIFICATE OF REPORTER

UNITED STATES DISTRICT COURT )

MIDDLE DISTRICT OF FLORIDA   )

     I, Stacey E. Raikes, RMR, CRR, Official Court Reporter for the United States District Court, Middle District of Florida, do hereby certify, pursuant to Section 753, Title 28, United States Code, that I was authorized to and did stenographically report the foregoing proceedings; and that the foregoing pages constitute a true and complete computer-aided transcription of my original stenographic notes taken by the undersigned in the above-entitled matter to the best of my knowledge, skill, and ability.

    I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

    IN WITNESS WHEREOF, I have hereunto set my hand at Fort Myers, Lee County, Florida, this 26th day of May 2021.

_____
STACEY E. RAIKES, RMR, CRR
Official Court Reporter