## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                        **Case No.: 2:19-cr-150-SPC-NPM-1**

**v.**

**ALEX ZWIEFELHOFER,**

       **Defendant.**

_____/


### DEFENDANT'S UNOPPOSED MOTION FOR DISCOVERY OF INFORMATION AS TO THE CONFECTION AND CREATION OF THE JURY VENIRE

Alex Zwiefelhofer, moves this Court pursuant to 28 U.S.C. § 1867(f) and the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution for access to jury selection records and materials. In support, Mr. Zwiefelhofer states:

### BACKGROUND

1.     Mr. Zwiefelhofer has been charged in a superseding indictment with Count One, Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. §§ 1951(a); Count Two, Interference with Commerce in violation of 18 U.S.C. 1951(a) and 2; Count Three, Conspiracy to Use a Firearm During and in Relation to a Crime of Violence; Count Four, Use of a Firearm During and in Relation to a Crime of Violence  in violation of 18 U.S.C.

1

§924(c)(1)(A)(iii), 924(j)(1), and 2; Count Five, Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country in violation of 18 U.S.C. §956(a)(1); and, Count Six, Violation of the Neutrality Act in violation of 18 U.S.C. § 960.[1]   Mr. Zwiefelhofer's trial is currently set for the November 2022 trial period commencing November 1, 2022 with a status hearing on August 8.[2]

2.     Mr. Zwiefelhofer has a Sixth Amendment right to a grand and petit jury drawn from a fair cross-section of the community.

3.     The confection and creation of the venire, and the selection of the jury, is an essential component of the fairness required in a death penalty case. *Baze v. Rees*, 553 U.S. 35, 84 (2008) (Stevens, J., *concurring*). The Plan for the Qualification and Selection of Grand and Petit Jurors for the United States District Court, Middle District of Florida ("Jury Plan"),[3] recognizes this precept in its Declaration of Policy by stating:

> That all litigants appearing before the United States District Court for the Middle District of Florida, who may be entitled to a trial by jury, shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the division wherein the Court convenes.

**Jury Plan**, 1.02 *Declaration of Policy* at 2; *see also* 28 U.S.C. 1861.

---

[1] See superseding indictment at Doc.   32.

[2] See order granting motion to continue at Doc. 104.

[3] Revised by the District Court – October 22, 2009 and Approved by the 11th Circuit Panel – January 15, 2010.

4.      To properly investigate whether the current jury plan adequately provides a fair cross-section of the community by meeting or exceeding constitutional and statutory norms, undersigned counsel seek the following information in control of the Clerk of Court:[4]

> i. Any amendment to the Jury Plan for the Middle District of Florida, since its promulgation and subsequent amendment on October 22, 2010.

> The Government has no objection to this request.

> ii. Any proposed amendment to the Jury Plan.

> The Government has no objection to this request.

> iii. The "voter registration lists" provided to the Clerk of Court that ultimately resulted in the creation of the Master Jury Wheel from which the petit jury in this case will be selected including but not limited to racial, ethnic, age, and voting status provided to the Clerk of Court, the date those lists were provided to the Clerk of Court, and the agency or person who provided that information.

> The Government has no objection to this request.

> iv. An electronic copy of the Master Jury Wheel data including racial, ethnic, gender and age information, for the jury pool from which the petit jury in this case will be selected.

> The Government has no objection to this request.

---

[4] This request does not encompass any disclosure of the identity of the individual jurors.

3

v. An electronic copy of the Qualified Jury Wheel data including racial, ethnic, gender and age information as well as information on when the name was added to the Qualified Jury Wheel for the pool from which the petit jury in this case will be selected.

The Government has no objection to this request.

vi. All surveys or reports regarding the composition of the Master or Qualified Jury Wheel (typically compiled on Forms A0-12 and formerly JS-12) for the last three "wheels" throughout the Fort Myers Division, as well as the information used to complete the surveys or reports (including any related "Scantron batch sheets").

The Government has no objection to this request.

vii. The completed juror qualification forms of all persons qualified for service on the current Fort Myers jury wheel.

The Government has no objection to this request.

viii. JS-12 reports, AO-12 reports, and MJW status reports for the Master and Qualified Wheels for the Fort Myers Division for the last five years.

The Government has no objection to this request.

ix. All documents, materials and information concerning the delegation of excusal responsibilities for the current jury wheel, if any, to the Clerk and any other excusals from service.

The Government has no objection to this request.

x. A comprehensive list of all instances in which a person summoned for jury service from the current jury wheel in the Fort Myers Division failed to appear as directed, and what action, if any, was subsequently taken.

The Government has no objection to this request.

xi. To the extent the Clerk's Office employs an electronic data processing system, the name of the data processing system, the contract with the provider of the processing system, the manual for use of the processing system, and a copy of the program code so as to insure random selection of the required number of names from the entire source list. This request is limited to the current jury wheel in the Fort Myers Division.

The Government has no objection to this request.

## MEMORANDUM OF LAW

The Jury Selection and Service Act of 1968 ("JSSA") allows a defendant challenging the jury selection process (or merely preparing such a challenge) to inspect and copy relevant records and papers used by the jury commission when such records are not published or otherwise available. *See* 28 U.S.C. § 1867(d), (f). § 1867(f) of the JSSA, in relevant part, provides:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion (challenging compliance with selection procedures) under . . . this section. . . . The parties in a case shall be allowed to inspect, reproduce, and copy

5

> such records or papers at all reasonable times during
> the preparation and pendency of such a motion. . . .

28 U.S.C. § 1867(f).

Section 11.02 of the Middle District Jury Plan provides:

> a. <u>Prior to the Emptying and Refilling of the Master
> Jury Wheel(s)</u>: In accordance with 28 U.S.C. Section
> 1867(f), the contents of records and papers used by the
> Clerk in connection with the juror qualification and
> selection process shall not be disclosed, except upon
> written order of the District Court.

Plan § 11.02(a).

In *Test v. United States*, 420 U.S. at 30, the Supreme Court has held,

the JSSA grants litigants an "unqualified" right to access jury selection

records:

> This provision [§ 28 U.S.C. § 1867(f)] makes clear that
> a litigant [fn] has essentially an unqualified right to
> inspect jury lists. [fn] It grants access in order to aid
> parties in the 'preparation' of motions challenging
> jury-selection procedures. Indeed, without inspection,
> a party almost invariably would be unable to
> determine whether he has a potentially meritorious
> jury challenge. Thus, an unqualified right to
> inspection is required not only by the plain text of the
> statute, but also by the statute's overall purpose of
> insuring **751 'grand and petit juries selected at
> random from a fair cross section of the community.' 28
> U.S.C. s 1861.

*Test*, 420 U.S. at 30 (footnotes omitted).

The documents at issue are the kind of records and papers that fall

6

within the *Test* disclosure requirement and purpose of the JSSA. The Test Court observed:

> [W]ithout inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.

*Test*, 420 U.S. at 30 (citing 28 U.S.C. § 1861).

For example, here, two of the items requested are AO-12 forms and Scantron batch sheets. The purpose of the AO-12 forms is to measure the Court's success in achieving the aims of the JSSA. According to the JSSA, the Middle District is required to "submit a report on the jury selection process within its jurisdiction to the Administrative office of the United States Courts in such form and at such times as the Judicial Conference of the United States may specify." 28 U.S.C. §1863(a). The Form AO-12: Jury Representativeness Statistics, is the "report" used by Administrative Office of the United States Courts [hereinafter "Administrative Office"] to monitor the district courts' success in complying with the JSSA. In 1982, the Judicial Conference of the United States modified the reporting requirements of Section 1863(a) such that district courts are no longer required to submit the AO-12's to the

7

Administrative Office but "[the AO-12's are] required to be prepared for retention by the court as one of the jury wheel records." *Form AO-12: JURY REPRESENTATIVENESS STATISTICS*, Data Collection Instructions, General: According to the "Instructions" provided by the Administrative Office, the AO-12 form "is required to be completed upon . . . [t]he periodic refilling of the master wheel. . . ." *Id.*

Most importantly, AO-12 forms provide a statistical analysis based on race and ethnicity of completed and returned juror questionnaire forms, as well as a statistical comparison of jury wheel sample against citizen population data by age, race, ethnic, and gender classifications. Thus, the disclosure of completed AO-12 forms is indispensable to efforts to evaluate the operation of the Plan.

Similarly, disclosure of Scantron batch sheets is also reasonably necessary. Counsel understands these batch forms aggregate and report the responses of individual jurors (without disclosing their identity) to the jury questionnaires that are completed and returned on Scantron forms. Thus, the batch sheets contain valuable information about race, ethnicity, age, and gender, which the JSSA must gather. *See* 28 U.S.C. §

1869(h).5.

## CONCLUSION

Mr. Zwiefelhofer requests this Court grant access to jury selection records and materials.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL

/s/ D. Todd Doss
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar Number 0910384
201 South Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone 407-648-6338
Email: todd_doss@fd.org
Counsel for Defendant

/s/ Erin Brenna Hyde
Erin Brenna Hyde, Esq., B.C.S.
Florida Bar No. 0026248
Assistant Federal Defender
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Email: erin_hyde@fd.org

---

[5] 28 U.S.C. § 1869(h) states that the juror qualification questionnaire "shall elicit the . . . race" of the potential juror. To ensure that such information is eventually received even if not originally provided, 28 U.S.C. § 1864(a) states that "[i]n any case in which it appears that there is an omission, ambiguity, or error in a form, the clerk or jury commission shall return the form with instructions to the person to make such additions or corrections as may be necessary and to return the form to the clerk or jury commission within ten days."

/s/ *Susan K. Marcus*
Susan K. Marcus, Esq.
Law Firm of Susan K. Marcus, LLC
29 Broadway, Suite 1412
New York, NY 10006
Telephone: 212-792-5131
Email: susan@skmarcuslaw.com

## CERTIFICATE OF SERVICE

**I CERTIFY** this motion was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to Assistant United States Attorney Jesus Casas this 16th day of May 2022.

/s/ *D. Todd Doss*
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar No. 0910384
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
Email: todd_doss@fd.org