UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-150-SPC-NPM

ALEX ZWIEFELHOFER

### **ORDER**[1]

Before the Court is Defendant Alex Zwiefelhofer's Unopposed Motion for Discovery of Information as to the Confection and Creation of the Jury Venire. (Doc. 105). The Government does not object to the motion. (Doc. 105 at 5). For the below reasons, the Court grants in part and denies in part Defendant's motion.

A federal grand jury has indicted Defendant for six offenses of which he may face the death penalty. (Doc. 32). He now seeks information about the Court's Plan for the Qualification and Selection of Grand and Petit Jurors dated July 10, 2019 ("Jury Plan"), and its implementation. (Doc. 105). Defendant does so because he is investigating whether to challenge the Court's jury selection procedures under 28 U.S.C. § 1867(f) and the Fifth, Sixth, and Eighth Amendments.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. §§ 1861 *et seq.*, entitles federal criminal defendants to a petit jury "selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The statute requires district courts to "place into operation a written plan" for selecting petit jurors that secures a fair cross section of their communities. *Id.* § 1863(a)).

The JSSA generally prohibits the disclosure of records and papers connected to the jury selection process. *Id.* § 1867(f) ("The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed[.]"). But there are exceptions. One is when a defendant seeks to move to dismiss an indictment or stay an action because of some substantial failure to comply with the JSSA in selecting the petit jury. *Id.* § 1867(f). The Supreme Court has opined on the subsection. It has stated that § 1867(f) gives a litigant an "essentially unqualified right to inspect jury lists . . . in order to aid parties in the 'preparation' of motions challenging jury-selection procedures." *Test v. United States*, 420 U.S. 28, 30 (1975). Still, § 1867(f) does not entitle a defendant to all records a clerk of court possesses, particularly papers that reveal the names, addresses, and other personal identification information of individuals who may be prospective jurors. *See United States v. Pritt*, 458 F. App'x 795, 799-800 (11th Cir. 2012).

Under the JSSA, the Middle District of Florida has implemented its Jury Plan. It requires the Clerk of Court to establish and maintain a master jury wheel for each division. Jury Plan § 4.02. The Jury Plan defines "master jury wheel" to mean "any device or automated data processing system into which shall be placed the names of all individuals randomly selected from the various source lists in accordance with Chapter Five of this Plan." Id. § 4.01. Divisional master jury wheels are emptied and refilled every odd numbered year. Id. § 4.03. Voter registration lists are the primary source for filling the divisional master jury wheels. Id. § 4.04(a).

The Jury Plan also says the contents of records and papers used by the Clerk in connection with juror qualification before emptying and refilling the Master Jury Wheel must not be disclosed except upon written order of the District Court. Id. § 11.02(a); see also 28 U.S.C. § 1867(f). As of this Order, the 2021 Master and Qualified Jury Wheels are the current wheels and neither have been emptied and refilled.

The Jury Plan also provides that after a master jury wheel is emptied and refiled, the Clerk must keep all records and papers relating to juror qualification and selection for four years or a longer period that the Court requires. Jury Plan § 11(b). "Upon written request from any person attempting to determine the validity of the selection of any jury, the Court may order the Clerk to make such records available during normal business hours.

3

All other information and jury selection records, including JS-12/AO-12 statistical summary from the current or past jury wheel (28 U.S.C. Section 1867(f) and 1868) shall remain confidential." *Id.* § 11.02(b). The Court may order the Clerk to provide such records during normal business hours. *Id.*

Against this backdrop, the Court reviews Defendant's motion for information on the jury selection process in the Fort Myers Division. Defendant asks for eleven categories of information, which exclude "any disclosure of the identity of the individual jurors." (Doc. 105 at 3 n.4). The Government objects to no request. Still, the Court addresses each requests by related categories below.

### A. Amendments and proposed amendments to the Jury Plan (requests i and ii)

Defendant asks for any amendment to the Jury Plan in request i and any proposed amendment in request ii. (Doc. 105 at 3). The Jury Plan is a matter of public record and posted on the Court's website, and there are no proposed amendments to the Jury Plan. Because the information sought in request i is already available to Defendant and there are no responsive materials for request ii, the Court denies both requests.

### B. Voter registration lists (request iii)

In request iii, Defendant asks for the

> voter registration lists provided to the Clerk of Court that ultimately resulted in the creation of the Master Jury

> Wheel form which the petit jury in this case will be selected including but not limited to racial, ethnic, age, and voting status provided to the Clerk of Court, the date those lists were provided to the Clerk of Court, and the agency or person who provided that information.

(Doc. 105 at 3). This case is set for the December 2022 trial term. Assuming trial takes place then, the petit jury will be selected from the 2021 Master Jury Wheel in the Fort Myers Division. Because the voter registration lists from which the 2021 master jury wheels was created are public records in Florida, the Court may authorize the Clerk to release a copy of the voter registration lists she received to create the 2021 master jury wheels. The Court may also authorize the Clerk to release documents showing the agency and person that provided the lists and the date they were provided.

The Court thus grants request iii.

## C. Electronic copies of the Master and Qualified Jury Wheels (requests iv and v)

In requests iv and v, Defendant asks for electronic copies of the Master and Qualified Jury Wheels "data including racial, ethnic, gender and age information, for the jury pool from which the petit jury in this case will be selected." (Doc. 105 at 3-4). For the Qualified Jury Wheel, Defendant also wants "information on when the name was added to the Qualified Jury Wheel for the pool from which the petit jury in this case will be selected." (Doc. 105 at 4). Assuming Defendant is tried in the December 2022 trial term, the petit

jury here will be selected from the 2021 Master Jury Wheel and Qualified Jury Wheel for the Fort Myers Division. Because the 2021 Master Jury Wheel and Qualified Jury Wheel derive from the voter registration lists, which are public records, the Court will authorize the Clerk of Court to release electronic copies.

The Court thus grants request iv and v.

### D. Surveys or report about composition of the Master or Qualified Jury Wheel (request vi)

In request vi, Defendant asks for "[a]ll surveys or reports regarding the composition of the Master or Qualified Jury Wheel (typically complied on Forms AO-12 and formerly JS-12) for the last three 'wheels' throughout the Fort Myers Division, as well as the other information used to complete the surveys or reports (including any related "Scantron batch sheets")." (Doc. 105 at 4). Because master and qualified jury wheels are created in odd numbered years, the Court construes this request to ask for information about the 2017, 2019, and 2021 wheels. The Court thus directs the Clerk to provide a JS 12 report and AO-12 report for the Master and Qualified Jury Wheels for the Fort Myers Division for 2017, 2019, and 2021.

Defendant also requests—and can have—the data supporting both reports. The Clerk must provide the Fort Myers Division MJW-2017, MJW-2019, and MKW-2021 Status Reports for the 2017, 2019, and 2021 Master and Qualified Jury Wheels for the Fort Myers Division.

6

The Court thus grants request vi.

### E. Completed juror qualification forms of all persons qualified for service (request vii)

In request vii, Defendant asks for "[t]he completed jury qualification forms of all persons qualified for service on the current Fort Myers jury wheel." (Doc. 105 at 4).  The Court denies this request because the juror qualification forms will include personal and private information of prospective jurors which Defendant did not specifically request.  It will also be unduly burdensome to redact the personal identifying information from the jury questionnaires for qualified jurors because it will require manually redacting over 15,000 questionnaires.  Also, demographic data drawn from these questionnaires is in the Master Jury Wheel Status Reports to be provided.

The Court thus denies request vii.

### F. JS-12 reports, AO-12 repots, and MJW status reports (request viii)

In request viii, Defendant asks for JS-12 reports, AO-12 reports, and MJW status reports for the Master and Qualified Jury Wheels for the Fort Myers Division for the last five years.  (Doc. 105 at 4).  The Court denies this request to the extent that excusals and exemptions made by prospective jurors would reveal identities of the prospective jurors and should not be disclosed.  The Court, however, authorizes the Clerk to provide the MJW-2015, MJW-2017, MJW-2019, and MJW-2021, to the extent that they have been created,

7

because those forms give statistical information by category of permanent disqualification, excusals, and exemptions for jurors in the Fort Myers Division for the 2015, 2017, 2019, and 2021 Master and Qualified Jury Wheels. The Clerk must also release the corresponding JS-12 and AO-12 reports.

The Courts thus grants in part and denies in part request viii.

### G. Information on delegating excusal responsibilities to the Clerk (request ix)

In request ix, Defendant asks for "[a]ll documents, materials and information concerning the delegation of excusal responsibilities for the current jury wheel, if any, to the Clerk and any other excusals from service." (Doc. 105 at 4). The Court denies this request because there are no responsive documents other than the information in Chapter Three of the Jury Plan, which is available to Defendant on the Court's website.

The Court thus denies request ix.

### H. Jurors who failed to appear

In request x, Defendant seeks "[a] comprehensive list of all instances in which a person summoned for jury service from the current wheel in the Fort Myers Division failed to appear as directed, and what action, if any, was subsequently taken." (Doc. 105 at 5). The Court will authorize the Clerk of Court to disclose a list of individuals identified by juror participant number for

the current Qualified Jury Wheel who failed to appear as directed and any action later taken.

The Court thus grants request x.

## I. The Clerk's Office's electronic data processing system

In request xi, Defendant asks,

> To the extent the Clerk's Office employs an electronic data processing system, the contract with the provider of the processing system, the manual for use of the processing system, and a copy of the program code so as to insure random selection of the required number of names from the entire source list. This request is limited to the current jury wheel in the Fort Myers Division.

(Doc. 105 at 5). The request is too vague. The Clerk's Office employs several electronic data processing systems for various functions, and the information requested for each system has not been shown to be relevant to the adequacy of the Court's jury selection procedures.

The Court thus denies request xi.

Accordingly, it is now

**ORDERED:**

1. Defendant Alex Zwiefelhofer's Unopposed Motion for Discovery of Information as to the Confection and Creation of the Jury Venire (Doc. 105) is **GRANTED in part and DENIED in part** as consistent with this Opinion and Order.

2. On or before **July 29, 2022**, the Clerk is **DIRECTED** to provide

9

a. the voter registration lists used to create the Master Jury Wheel from which the petit jury here will be selected ("Voter List").

b. the Voter List given to the Clerk of Court that led to creating the 2021 Master Jury Wheel and to release documentation showing the agency or person who provided the Voter List and the date it was provided.

c. electronic copies of the Master and Qualified Jury Wheels data including racial, ethnic, gender and age information, for the jury pool from which the petit jury here will be selected. For the Qualified Jury Wheel, the Clerk must also provide when the name was added to the Qualified Jury Wheel for the pool from which the petit jury here will be selected.

d. the JS-12 and AO-12 reports for the Master and Qualified Wheels of the Fort Myers Division for 2015, 2017, 2019, and 2021, as well as the MJW-2015, MJW-2017, MJW-2019, and MJW-2021 Status Reports for the 2015, 2017, 2019, and 2021 Master and Qualified Jury Wheels for the Fort Myers Division.

e. a list of individuals identified by juror participant number for the current Qualified Jury Wheel who failed to appear as directed and any action then taken.

3. Counsel and the parties are **DIRECTED** to hold all information and materials they review, inspect, copy, or otherwise receive from the Clerk per this Opinion and Order in strict confidence and to not divulge any information or materials to any other person without the Court's prior approval.

**DONE AND ORDERED** in Fort Myers, Florida on June 29, 2022.

Copies:   Leslie Friedmann, Division Manager
          Counsel of Record