UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2S:19-CR-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
EVIDENCE UNDER FED. R. EVID. 404(b)**

The United States notifies this Honorable Court and all counsel that it intends to introduce evidence, pursuant to Fed. R. Evid. 404(b), of other crimes, wrongs or acts of the defendant, Alex Jared Zwiefelhofer, committed before the dates of the offenses alleged in the Superseding Indictment.  The United States seeks admission of such evidence in order to prove the defendant's motive, opportunity, intent, absence of mistake, knowledge, plan and preparation relating to offenses alleged in the Superseding Indictment.  Such evidence is relevant to prove, in part, elements of the offenses with which the defendant is charged in the Superseding Indictment; to provide context and background to the defendant's actions in this case and to explain the associations between the defendant and others with whom he subsequently participated in the alleged criminal conduct.  The 404(b) evidence is sufficiently provable and will be established at trial by the testimony of witnesses with personal knowledge, records of communications between the defendant and others and three prior law enforcement interviews of the defendant.

A. <u>Background</u>

Alex Jared Zwiefelhofer is charged in a Superseding Indictment with six separate offenses, including, Conspiracy to Interfere with Commerce by Robbery (Count One); Interference with Commerce by Robbery (Count Two); Conspiracy to Use a Firearm During and in Relation to a Crime of Violence (Count Three); Use of a Firearm During and in Relation to a Crime of Violence (Count Four); Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country (Count Five); and Violation of the Neutrality Act (Count Six).  Doc. 32.  The alleged offenses took place beginning on an unknown date, but no later than in or about February 2018, and continuing through at least in or about August 2018 (Counts One and Three); on or about April 9, 2018 (Counts Two and Four); and beginning on an unknown date, but no later than in or about February 2018, and continuing through at least in or about October 2018 (Counts Five and Six).  *Id.*  The defendant is alleged to have committed the alleged offenses with a co-defendant, Craig Austin Lang.  *Id.*

B. <u>The Proposed 404(b) Evidence</u>

The Fed. R. Evid. 404(b) evidence the United States intends to introduce includes:

    a. the defendant's leave without absence from the United States Army in or about September 2016 with the intent to travel overseas to engage in combat in the continents of Europe and Africa;

    b. the defendant's intent and attempt to participate in combat-related activity in Ukraine in 2016 and 2017, against Russian-backed separatists;

      c. the defendant's intent and attempt to engage in combat-related activity in South Sudan in or about June 2017, prior to being detained while attempting to enter South Sudan with Craig Lang and eventually being deported to the United States in August 2017.

    C.   <u>Admissibility of Rule 404(b) Evidence</u>

Rule 404(b) provides "[e]vidence of other crimes, wrongs, or acts" may be admitted "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" with respect to the charged offense. Fed.R.Evid. 404(b). Rule 404(b) is a rule of "inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity." *United States v. Stephens*, 365 F.3d 967m 975 (11th Cir. 2004)(internal quotation marks omitted)(quoting *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989)); *see United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003)("Rule 404(b) is a rule of inclusion, and . . . accordingly 404(b) evidence, like other relevant evidence, should not be lightly excluded when it is central to the prosecution's case."). It [is] not necessary for the government to await defendant's denial of intent or knowledge before introducing this evidence; instead, the government may anticipate the defense and introduce it in it's case-in-chief." *United States v. Lewis,* 759 F.2d 1316, 1349 n.14 (8th Cir. 1985); *see also United States v. Jardan*, 552 F.2d 216, 219 (8th Cir. 1977).

In determining whether evidence should be admitted pursuant to Rule 404(b), the Eleventh Circuit applies "the following three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the evidence's probative

value must not be substantially outweighed by its prejudicial effect; and (3) the government must offer sufficient proof so the jury could find that the defendant committed that act." *United States v. Lanier*, 778 F.App'x 672, 674 (11th Cir. 2019).

      a. The 404(b) Evidence is Relevant to the Charged Offenses.

Other extrinsic acts are relevant to intent when "that act required the same intent as the offense charged." *United States v. Watson,* 611 F.App'x 647, 654 (11th Cir. 2015)(internal quotations omitted). If the extrinsic act evidence is offered to prove the intent of the defendant in committing the crimes charged, that evidence is relevant to something other than the bad character of the defendant if the extrinsic bad act or misdeed requires the same criminal intent as the crime charged and the jury could find that the defendant committed the extrinsic conduct. *United States v. Jackson*, 761 F.2d 1541, 1543 (11th Cir. 1985).

The defendant has been charged with a violation of 18 U.S.C. § 956(a)(1), Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country. Doc. 32 (Count Five). The defendant has also been charged with a violation of 18 U.S.C. § 960, Violation of the Neutrality Act. 18 U.S.C. § 956 requires, in relevant part, proof of the defendant having agreed with at least one person to commit murder and the defendant having willfully joined the agreement with the intent to further its purpose. *United States v. Wharton*, 320 F.3d 526, 538 (5th Cir. 2003).

18 U.S.C. § 960 requires proof of knowledge by the defendant of the character of a military expedition and enterprise against the territory or dominion of any foreign state, district, or people with whom the United States is at peace that is

4

organized in the United States. Intent in the context of a violation of what is now known as the Neutrality Act (18 U.S.C. § 960) can be established by proving "that [the defendants] have combined and organized here to go . . . and make war on a foreign government, and to have provided themselves with the means of doing so." *United States v. Tauscher,* 233 F.597, 599 (S.D.N.Y. 1916).

The proposed 404(b) evidence will prove that the defendant was motivated by a desire to engage in combat in areas of the world known to be in armed conflict. The defendant abandoned the U.S. Army in 2016 when his desire to fight could not be fulfilled. In search of conflict, he traveled abroad and arrived in Ukraine in October 2016, where he fought for months. When peace talks started in May 2017, the defendant decided to leave with Lang, his co-defendant, and William Wright-Martinovich. In an interview in June 2019, the defendant stated that "we Googled the worst warzone in Africa and we got South Sudan. And, basically, just spent, like, three weeks, like pouring over it." After the planning and preparation, the defendant then traveled to Kenya with Lang and Martinovich, with the intent to engage in combat in South Sudan, but all were captured in June 2017.

The defendant sought and acted on the opportunities presented to him to participate in armed conflicts in foreign countries. The defendant knew when he traveled to Ukraine and Kenya that his stated purpose was to engage in combat; there was no mistake in the defendant's actions; there was a plan of action to go where ongoing armed conflicts allowed them to fight and he did it in tandem with his alleged coconspirator, Craig Austin Lang.

In this case, the United States will introduce evidence that the defendant and Lang discussed and planned their military expedition and enterprise to Venezuela to "shoot communists," as admitted by the defendant in a recorded interview in June 2019. Much like the defendant's plan, preparation and research to engage in combat as reflected by the 404(b) evidence, the defendant did the same in this case. In particular, in communications with Lang, the defendant referred back to the mistake made in Africa in the hopes of not committing the same with regard to the expedition to Venezuela. In a Facebook message on March 8, 2018, the following exchange took place between Lang and the defendant:

> **Lang**: "The resistance is begging us to show up sooner The politic side of shit has been increasing protests And they want us to do raids to show they have teeth.
>
> **Zwiefelhofer**: "We're doing this as fast as we can. Taxes should come in this week or they just won't and then we'll know what we can do."
> [ . . .]
> **Lang**: "I just don't want to miss our chance and piss off our contacts and be stuck with nothing again."
>
> **Zwiefelhofer**: "I know man but rushing is how we ended up fucking Africa up"
>
> **Lang**: "True to a degree But part of that issue was having someone on our team who was only looking out for himself."

As evidenced by this exchange between the defendant and Lang, their prior acts, including those in the proposed 404(b) evidence, were guiding their planning and preparation for the offenses alleged in the Superseding Indictment, specifically Counts Five and Six. The only difference between the proposed 404(b) evidence and the allegations contained in Counts Five and Six are the countries or people

6

involved and who the defendant sought to kill or maim. Otherwise, they are remarkably similar.

      b.      The 404(b) Evidence is Not Substantially More Prejudicial than Probative.

The probative value of the proposed 404(b) evidence is not substantially outweighed by the risk of unfair prejudice. Regarding this aspect of admissibility, "[f]actors to be considered included whether it appeared at the commencement of trial that the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." *United States v. Edourard*, 485 F.3d 1324, 1345 (11th Cir. 2007).

In this case, the Defendant entered a not guilty plea, thereby putting his intent at issue. Because intent involves the mental processes of an individual, evidence of such intent can be difficult to prove in the absence of an outright admission to the offense conduct. *See United States v. Manoocher Nostari-Shamloo*, 255 F.3d 1290, 1292 (11th Cir.)("A defendant's intent is often difficult to prove and often must be inferred from circumstantial evidence."), *cert. denied* 534 U.S. 1030, 122 S.Ct. 566 (2001).

The proposed 404(b) evidence would establish the defendant's mental state of mind and intent with respect to the offenses alleged in Counts Five and Six of the Superseding Indictment. In most respects, the proposed 404(b) evidence is similar, if not identical, to the charged offenses. The 404(b) evidence establishes that the defendant traveled to foreign countries intending to engage in armed combat with other like-minded individuals. It was in Ukraine that the defendant met Lang and

7

others with whom he would later conspire with as alleged in the Superseding Indictment.   In this case, the defendant is alleged to have done the same or intended to do the same.   Moreover, such 404(b) evidence would serve to explain why it was that the defendant was undertaking the charged criminal activity and how he had done so in the past.

The temporal proximity of the proposed 404(b) evidence to the charged conduct is very close as it establishes a short timeline, approximately two years or less, between the various attempts by the defendant to participate in armed conflicts abroad beginning in 2016, leading to the focus of the charged criminal conduct in 2018.   The Eleventh Circuit "has refrained from adopting a bright-line rule with respect to temporal proximity because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005)(internal quotation marks omitted).   Here, as stated, there is a "logical" factual connection between the charged conduct and the proposed 404(b) evidence.  *Jernigan*, *supra,* 341 F.3d at 1281.   The defendant's associations in Africa and Ukraine in 2016 and 2017, with Lang and others, formed the motivation, plan and preparation for the opportunity to carry out a military expedition to overthrow the government of Venezuela.   That the defendant was unsatisfied by his prior experiences in the U.S. Army, Ukraine and Africa, is also contextually important.   Most importantly, the proposed 404(b) evidence is not being offered to prove propensity, but rather, to establish that the defendant intended to participate in a military expedition whose purpose was to

8

topple a government by way of armed violence. Therefore, the probative value of such evidence is not substantially outweighed by any prejudice.

Regardless, any prejudice that could arise from admitting the proposed 404(b) evidence against the defendant could be cured by a limiting instruction. Rather than exclude relevant evidence, the Court can instruct the jury to consider the evidence for its limited use and presume that the jury will follow that instruction. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993)(concluding prejudice could be mitigated by giving a cautionary instruction on the limited use of such evidence).

    c.    There is Sufficient Proof of the Defendant's Participation in the Proposed 404(b) Evidence.

One prong of the 404(b) admissibility test requires "pro[of] sufficient[] to permit a jury determination that the defendant committed the act." *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). This requirement requires proof by a preponderance of the evidence. *See United States v. Bowe*, 221 F.3d 1183, 1192 (11th Cir. 2000)(citing *Huddleston v. United States*, 485 U.S. 681, 689 1988)). The Eleventh Circuit has held that a witness' testimony about a prior act is legally sufficient to establish that the defendant committed the act. *See United States v. Pessefall*, 27 F.3d 511, 516 (11th Cir. 1994).

The United States can prove the defendant's participation in the proposed 404(b) evidence based upon the testimony of witnesses with personal knowledge, records of communications involving the defendant and others, including his co-defendant coconspirator, Lang, and the defendant's own statements to law

enforcement and others.   Each of these sources of evidence establish the defendant's participation in the proposed 404(b) evidence by a preponderance of the evidence.

D.   Conclusion

For the foregoing reasons, the United States gives notice of its intent to introduce at the trial of the defendant, the evidence discussed in this notice as proposed FRE 404(b) evidence.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

By:   */s/ Jesus M. Casas*
    JESUS M. CASAS
    Assistant United States Attorney
    Chief, Fort Myers Division
    Florida Bar No. 0152110
    2110 First Street, Suite 3-137
    Ft. Myers, Florida 33901
    Telephone:   (239) 461-2200
    Facsimile:   (239) 461-2219
    E-mail: jesus.m.casas@usdoj.gov

U.S. v. Alex Jared Zwiefelhofer       Case No. 2:19-cr-15-SPC-NPM

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

D. Todd Doss
Todd_Doss@fd.org

Erin Hyde
Erin_Hyde@fd.org

Russ Rosenthal
Russ_Rosenthal@fd.org

Susan Marcus
Susan@SKMarcusLaw.com

            By: */s/ Jesus M. Casas*
               JESUS M. CASAS
               Assistant United States Attorney
               Chief, Fort Myers Division
               Florida Bar No. 0152110
               2110 First Street, Suite 3-137
               Ft. Myers, Florida 33901
               Telephone: (239) 461-2200
               Facsimile: (239) 461-2219
               E-mail: jesus.m.casas@usdoj.gov