UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                        **Case No. 2:19-cr-150-SPC-NPM-1**

**ALEX JARED ZWIEFELHOFER,**

        **Defendant.**
_____/

## MR. ZWIEFELHOFER'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED. R. EVID. 404(b) & MOTION TO EXCLUDE

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 103(d), 403 and 404(b) of the Federal Rules of Evidence, Defendant Alex Jared Zwiefelhofer, by counsel, files his Response to Government's Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) & Motion to Exclude, (Doc. 122), and seeks to exclude from introduction at trial the evidence described as follows:

    a. the defendant's (sic) leave of absence from the United States Army in or about September 2016 with the intent to travel overseas to engage in combat in the continents of Europe and Africa;

  b. the defendant's (sic) intent and attempt to participate in combat-related activity in Ukraine in 2016 and 2017, against Russian-backed separatists;

  c. the defendant's (sic) intent and attempt to engage in combat-related activity in South Sudan in or about June 2017, prior to being detained while attempting to enter South Sudan with Craig Lang and eventually being deported to the United States in August 2017. Doc. 122 at 2-3.

Mr. Zwiefelhofer objects as this evidence only serves as impermissible propensity evidence and in support states:

## MEMORANDUM

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The test for whether evidence is relevant is found in Fed. R. Evid. 401, which says, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Congress has recognized the need to allow relevant prior acts to come before a jury in limited circumstances. *E.g.*, Fed. R. Evid. 404(b). But "[e]vidence of a

crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence of past conduct may be admissible, however, for another purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). However, when the evidence's probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury, the court may exclude relevant evidence. Fed. R. Evid. 403.

The Eleventh Circuit applies a three-pronged test to determine whether courts should admit evidence under Rule 404(b), first announced in the seminal case of *United States v. Beechum*, 582 F.2d 898, 903 n. 1 (5th Cir.1978) (en banc):

> *Beechum*, as expounded upon in *United States v. Miller*, 959 F.2d 1535 (11th Cir.) (*en banc*), *cert. denied*, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992), establishes a three-part test to evaluate the admissibility of Rule 404(b) evidence: First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

3

*United States v. Delgado*, 56 F. 3d 1357, 1365 (11th Cir.1995).

The Government's proposed "other crimes, wrongs or acts" evidence is extensive, and meets none of the testing tines sufficiently to render it admissible. In fact, a bare reading of the "other crimes" evidence description of what the Government seeks to admit reveals it is being offered for precisely the purpose precluded by the rules of evidence that Mr. Zwiefelhofer allegedly acted in conformity with their proposed evidence to ". . . prove that the defendant (sic) was motivated by a desire to engage in combat areas of the world known to be in armed conflict." Doc. 122 at 5. The Government proposes to introduce evidence that he did it before, so he did it again. That is the very type of propensity evidence that is inadmissible under Rule 404(b).

"Evidence of extrinsic offenses is inadmissible solely to demonstrate the criminal disposition of an accused to support the inference that he committed the crime with which he is charged. *Michelson v. United States*, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218, 93 L.Ed. 168 (1948)." *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982). By way of explanation:

> Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. Not that the law invests the defendant with a presumption of good character, * * * , but it simply closes the whole matter of character, disposition and reputation on the prosecution's case-in-chief. The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character evidence is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that is disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

*Michelson v. United States*, 335 U.S. 469, 475-577, 69 S.Ct. 213, 218-219, 93 L.Ed. 168 (1948)(citation and footnotes omitted).

Here, the Government wants to establish through their 404(b) allegations that because Mr. Zwiefelhofer fought as a volunteer in foreign conflicts that means he intended to as alleged in Counts Five and Six. Doc. 32. Though couched as being utilized to establish motive and intent, the Government is really attempting to show that Mr. Zwiefelhofer has a propensity to fight in foreign conflicts and therefore

5

the jury should believe he intended to fight in one in Venezuela as alleged here. In fact, the Government explicitly states, "Much like the defendant's (sic) plan, preparation, and research to engage in combat as reflected in the 404(b) evidence, the defendant did the same in this case." Doc. 122 at 6. The Government makes clear its improper purpose in admitiing this evidence is to "prove a person's character (Mr. Zwielhofer's) in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). As *Michelson* states, "The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime." *Id.* Here, the Government should not be allowed to bring in this propensity evidence because it is powerfully prejudicial with minimal, if any, relevance to show on this occasion Mr. Zwiefelhofer intended to fight in Venezuela in violation of 18 U.S.C. §956(a)(1) and 18 U.S.C. 960 as alleged in Counts Five and Six of the Superseding Indictment. Doc 32.

**Rule 403 Precludes Admission of the Alleged Prior Bad Acts**

The Government intends to introduce Mr. Zwiefelhofer's AWOL status. Doc. 122 at 2. This character evidence has no relevance as to

motive or intent. It simply attacks Mr. Zwiefelhofer's character. The AWOL status causes significant undue prejudice, particularly among military veterans and their loved ones. Whether Mr. Zwiefelhofer went AWOL in September 2016 or not has nothing to do with his alleged motive or intent to travel to Venezuela in October 2018.

The AWOL status simply has no relevance to the issues to be tried in this case. Even if the Court were to find the AWOL had minimally enough relevance to be admissible, its unduly prejudicial nature precludes its admission.

Rule 402 provides that evidence which is not relevant is not admissible in federal court. Rule 403 provides that relevant evidence may be excluded: ". . . if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Simply stated, evidence that is not relevant is inadmissible. Rule 402.

Rule 403 requires balancing the probative value of a piece of evidence and its prejudicial effect. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir.2003). As for extrinsic evidence, Rule 403 requires a common-sense assessment of the circumstances of the offense, including

the prosecutor's need for the evidence, and the similarity and temporal remoteness between the two acts. *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir.2003). Extrinsic evidence must be excluded under Rule 403 if it is so heinous that it is likely to irrevocably sway the jury to a guilty verdict. *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir.1987). Additionally, "if the government can do without [the] evidence, fairness dictates that it should." *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir.1991).

While the Courts recognize the exclusion of relevant evidence is a remedy to be invoked sparingly, assuming that a prior bad act is relevant to the case at hand, "[i]f the extrinsic offenses are of such a heinous nature that they are likely to sway the jury irrevocably to a decision of guilt, then they must be excluded under rule 403. *United States v. Eirin*, 778 F.2d 722, 732 (11th Cir.1985)." *United States v. Williams*, 816 F.2d 1527, 1531 (11th Cir. 1987). Further, the admissibility of the extrinsic evidence related to each alleged incident must be determined individually.

**WHEREFORE**, Mr. Zwiefelhofer requests that this Court exclude the Rule 404(b) evidence the Government seeks to admit as described in

8

their Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b). (Doc. 122).

DATED this 20th day of January 2023.

        A. FITZGERALD HALL, ESQ.
        FEDERAL DEFENDER, MDFL

        */s/ D. Todd Doss*
        D. Todd Doss, Esq.
        Assistant Federal Defender
        Florida Bar No. 0910384
        201 S. Orange Avenue, Suite 300
        Orlando, Florida 32801
        Telephone: 407 648 6338
        Facsimile: 407 648 6095
        E-Mail: todd_doss@fd.org

        */s/ Erin Brenna Hyde*
        Erin Brenna Hyde, Esq.
        Assistant Federal Defender
        Florida Bar No. 026248
        201 S. Orange Avenue, Suite 300
        Orlando, FL 32801
        Telephone: (407) 648-6338
        Fax: (407) 648-6095
        E-mail: erin_hyde@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to all counsel of record this 20th day of January 2023.

*/s/ D. Todd Doss*
Attorney for Defendant