UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                             CASE NO. 2S:19-cr-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

## UNITED STATES' MOTION FOR DEPOSITION

The United States of America, pursuant to Federal Rule of Criminal Procedure 15(a), seeks authorization to videotape the deposition of Witness One[1], who is an essential witness on behalf of the United States, for which exceptional circumstances exist to grant this motion. Pursuant to Local Rule 3.01(g), the United States has conferred with counsel for the defendant who has advised of their opposition to the motion.

I. **Factual Background**

On April 10, 2018, the Lee County Sheriff's Office (LCSO) was called to a commercial business strip in Estero, Florida regarding the discovery of two deceased individuals. The decedents were subsequently identified as S.L., Jr. (a male) and D.L. (a female), both of whom resided in Brooksville, Florida. From the scene it was obvious that both victims died from multiple gunshot wounds. More than sixty casings were eventually recovered from the scene. D.L., who was seated in the

---

[1] The identity of the witness is being concealed for purposes of this motion in order to protect the witness from harassment, intimidation or threat as a result of the witness' participation in these proceedings.

front passenger seat of a red truck, was shot multiple times through the passenger side and front windshield of the small, newer model, pickup truck. S.L., Jr. was mortally wounded outside of the truck on the passenger's side with his wallet and firearm bills of sale scattered about him. Subsequent investigation discovered that S.L., Jr. and D.L. had agreed to a meeting the prior night (April 9) to conduct a firearms transaction based upon an Armslist posting advertising the sale of a group of firearms for several thousand dollars. The telephone number associated with the Armslist posting was thereafter linked to the defendant, Alex Jared Zwiefelhofer.

Search warrants for Zwiefelhofer and Lang's Google and Facebook records revealed that both were communicating with each other regarding their travel plans to Miami, Florida in April 2018. On April 9, the day of the murders, at approximately 7:00 p.m., the telephone number associated with the Armslist posting began to travel west towards the Fort Myers area, ultimately arriving in the area at approximately 10:00 p.m. A short time later, multiple 911 callers from a residential neighborhood adjacent to the meet location heard a volley of gunfire and called 911. LCSO responded to the neighborhood where the 911 calls originated, but no one was found at that time. The following day, both victims were discovered in the adjacent commercial business strip. There was no eyewitness to what transpired on April 9, 2018.

On May 23, 2019, the defendant was arrested on a federal warrant for an unrelated investigation. Subsequent to his arrest, the defendant was interviewed post-*Miranda* and he agreed to answer questions. During the interview, the defendant

admitted to having traveled down to Florida with the purpose of continuing to travel to Venezuela to be a combatant. The defendant also admitted to being in the company of Craig Lang in Miami, Lang being in possession of firearms, and the defendant purchasing a Tracfone at a Walmart in Miami. That same Tracfone was linked to the Armslist posting. However, the defendant denied having traveled outside of Miami and having participated in a robbery.

In 2019, Witness One was interviewed by the Federal Bureau of Investigation (FBI) related to the robbery and deaths of S.L., Jr. and D.L. Witness One advised that he had communicated with Craig Lang in late 2018 while they (Lang and Witness One) were in a foreign country and Lang had indicated that he (Lang) and the defendant (Zwiefelhofer) were in Florida earlier that year as they were trying to get to Venezuela and needed money. Lang advised that he and the defendant lured a male and female that they (Lang and Zwiefelhofer) killed during the course of the robbery. Lang claimed that the female shot and hit Lang, but Lang was not injured as a result of the female's shot going through the windshield. Lang claimed that he killed the male and Zwiefelhofer killed the female, before taking the victims' money and driving away.

Witness One was initially skeptical of Lang's story, but in a subsequent communication with the defendant, the defendant confirmed to Witness One his (the defendant's) participation in the killing in Florida with Lang.

The United States has communicated with Witness One who is currently outside the jurisdiction of the Court due to his presence in a foreign country that is

currently at war. As such, he is presently unavailable to the United States as a witness during the trial of the defendant. Witness One is cooperative and willing to travel back to the United States for the purpose of conducting this deposition and trial. However, in light of Witness One's desire to return to the foreign country where he is residing, that is also at war, there is a great concern that Witness One would be unable to communicate with the United States for future trial planning purposes or worse, he could be seriously injured and killed during the war.

II. **Argument and Incorporated Memorandum of Law**

Rule 15(a)(1) allows a party to seek authorization to conduct a deposition of a prospective witness when there are exceptional circumstances and it is in the interest of justice. *See* Fed.R.Cr.P. 15(a)(1). The Eleventh Circuit has outlined three factors to guide the determination of whether exceptional circumstances exist: whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. *United States v. Drogoul*, 1 F.3d 1546, 1554 (11th Cir. 1993).

a. **Witness One is presently unavailable to testify.**

Witness One is currently unavailable to testify at trial because he is located in a foreign country that is at war. Service of a subpoena pursuant to 28 U.S.C. § 1783 is unlikely given the danger involved with serving such process. Even so, such process, if carried out, would be unenforceable prior to trial. That is, if

Witness One failed to comply with the trial subpoena and appear as required, there would be no ability to enforce compliance in a timely manner. The United States would be unlikely to be able to extradite Witness One from the foreign country prior to trial and the testimony of Witness One would be lost.

Notwithstanding, the United States has recently communicated with Witness One. Witness One is cooperative with the United States and willing to travel to the United States for a deposition and trial, but Witness One desires to return afterward to the country that is currently at war. Witness One's current circumstances are exceptional given his presence in a country that is currently at war and the potential for Witness One being injured or killed as a result. Witness One's present unavailability is actual and his future unavailability is probable based upon the communication the United States has had with Witness One. *Drogoul*, 1 F.3d at 1553. As a result, there is a substantial likelihood that Witness One will not testify at trial. Therefore, the preservation of Witness One's testimony for a future trial is necessary.

    b. **Injustice would be caused by the absence of Witness One's testimony.**

The testimony proffered by the United States in this motion is a direct admission by the defendant of his participation in the robbery and murders of S.L., Jr. and D.L. The statements would confirm that the defendant and Lang planned the robbery and murders with the intent to fund their military expedition to Venezuela. The adoptive statements by Zwiefelhofer would also corroborate

forensic evidence at the scene, namely, that Lang shot at the victims and D.L. shot back during the course of the robbery. The statements[2] by the defendant to Witness One are not hearsay and are admissible as the opposing party's statements. *See* FRE 801(d)(2)(A) and (B). There is no other witness to the statements by the defendant to Witness One and the statements were not otherwise recorded. As such, the testimony of Witness One is material and essential to the presentation by the United States of the admissions by the defendant in the government's case. In light of the significance of the admissions by the defendant, a grave injustice would arise in the event the testimony of Witness One was unavailable for trial.

      c. **There are no countervailing factors that would lead to an injustice against the defendant as a result of the deposition.**

The United States is proposing taking a deposition of its own witness prior to trial. This is a very rare circumstance which underscores the exceptional nature of the request. The United States has previously disclosed in discovery Witness One's FBI interview that discussed in part the admissions made by the defendant to Witness One. Because a deposition would allow the defendant the opportunity to fully confront and cross-examine Witness One prior to trial, it is a great advantage that ordinarily is not afforded to defendants and is disfavored by the Court. *Drogoul*, 1 F.3d at 1552. A deposition will potentially give the defendant the full scope of testimony at trial by Witness One and may assist in the defense of the defendant.

---

[2] The United States will also be filing a motion in limine seeking admission of these statements by Lang and the adoptive admission by the defendant, Alex Jared Zwiefelhofer.

The defendant would be able to confront Witness One to the same extent otherwise afforded by a trial, with time to prepare for the same almost exclusively. The defendant would be able to transcribe Witness One's testimony in anticipation of trial and use it to attempt to impeach Witness One should he testify in person during the trial. Even if Witness One's deposition testimony were to be used in a subsequent trial, because the United States would seek permission to video record the testimony, a jury would be able to view the witness as testimony is given. Such video testimony would give the jury an opportunity to further assess the credibility of Witness One, in contrast to an audio recording or transcript. All of these favorable circumstances undermine any unlikely countervailing factors that could be raised by the defendant.

### III. **Request for Videotaped Deposition**

The United States respectfully submits that it has established both the exceptional circumstances warranting the taking of Witness One's deposition as well as the interests of justice that would be served by doing the same. In furtherance of the request to take the videotaped deposition of Witness One, the United States would further request authorization to allow the entry into the United States Federal Courthouse in Fort Myers, Florida the video equipment necessary to conduct the deposition on the date agreed upon by the parties and that a courtroom be authorized to be utilized on that same date as a result of the in-custody status of the defendant.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    /s/ *Jesus M. Casas*
       Jesus M. Casas
       Assistant United States Attorney
       Chief, Fort Myers Division
       Florida Bar No. 0152110
       2110 First Street, Suite 3-137
       Ft. Myers, Florida 33901
       Telephone:   (239) 461-2200
       Facsimile:   (239) 461-2219
       E-mail: jesus.m.casas@usdoj.gov

U.S. v. Alex Jared Zwiefelhofer　　　　Case No. 2:19-cr-150-SPC-NPM

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

D. Todd Doss
Todd_Doss@fd.org

Erin Brenna Hyde
Erin_Hyde@fd.org

　　　　　　　　　　　　　　By:　/s/ *Jesus M. Casas*
　　　　　　　　　　　　　　　　　Jesus M. Casas
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　Chief, Fort Myers Division
　　　　　　　　　　　　　　　　　Florida Bar No. 0152110
　　　　　　　　　　　　　　　　　2110 First Street, Suite 3-137
　　　　　　　　　　　　　　　　　Ft. Myers, Florida 33901
　　　　　　　　　　　　　　　　　Telephone:　(239) 461-2200
　　　　　　　　　　　　　　　　　Facsimile:　(239) 461-2219
　　　　　　　　　　　　　　　　　E-mail: jesus.m.casas@usdoj.gov