UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 2S:19-CR-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

**UNITED STATES' SECOND MOTION IN LIMINE TO ADMIT STATEMENTS AGAINST INTEREST AND ADOPTIVE ADMISSIONS**

The United States moves in limine to allow the introduction of statements against interest under Federal Rules of Evidence Rule 804(b)(3) and adoptive admissions under Rule 801(d)(2)(B). The statements against interest were made by co-defendant, Craig Austin Lang ("Lang"), to individuals who are expected to be witnesses during the trial of the defendant, Alex Jared Zwiefelhofer. The adoptive admissions were made by the defendant, Zwiefelhofer, in response to an inquiry by one of the witnesses. The statements against interest and adoptive admissions pertain to the robbery and murder of S.L., Jr. and D.L. in Estero, Florida on April 9, 2018.

## Factual Overview

The United States anticipates the evidence at trial will establish that the defendant, Alex Jared Zwiefelhofer, and his co-defendant, Craig Austin Lang, participated in an armed robbery of S.L., Jr. and D.L. that resulted in the

1

death of S.L., Jr. and D.L.  The motive for the robbery was to obtain funding to travel overseas to engage in combat against the Venezuelan government.

On Monday, April 9, 2018, at 10:55 p.m., the Lee County Sheriff's Office (LCSO) received multiple 911 calls for service in reference to reports of rapid gunfire being heard in the area of Cypress Park Circle, Estero, Florida. LCSO deputies responded to the area in which the shots were heard but did not find anything significant. LCSO deputies searched the immediate area, but ultimately cleared the call for service based upon the fact that they were unable to locate a crime scene.

On Tuesday, April 10, 2018, at 7:14 a.m., the LCSO received a 911 call in reference to a deceased person found at 9351 Corkscrew Road, Estero, Florida, a commercial plaza adjacent to the area in which LCSO deputies responded eight hours earlier for the shots-fired calls for service.  Upon arrival at the scene, deputies found a red GMC truck, with multiple gunshot defects to the sheet metal and windshield, parked in the middle of the plaza.  In the immediate area of the truck, there was an obviously deceased male, suffering from multiple gunshot wounds, lying supine on the ground next to the front passenger side tire of the truck. The male decedent was later positively identified as S.L., Jr.  Deputies also found a female decedent, likewise, suffering from multiple gunshot wounds, sitting in the front passenger seat of

the truck. The female decedent was later positively identified as D.L. Also, located near the truck, approximately 63 casings associated with the discharge of multiple firearms. Based upon the presence of several casings inside the truck, it was believed that D.L. had discharged her firearm.

Subsequent investigation revealed that S.L., Jr. and D.L. had traveled to Estero, Florida for the purpose of meeting least one individual to purchase firearms listed for sale on an Internet website called ARMSLIST. Further investigation revealed that S.L., Jr. had intended to purchase these firearms and re-sell them for a profit. On the day of the homicides, S.L., Jr. withdrew $3,000.00 in U.S. currency from his bank account and had brought the currency with him to Estero to purchase the firearms.

The government anticipates introducing evidence at trial that Craig Lang made nontestimonial statements admitting to participating in the robbery and murder while also implicating the defendant, Alex Jared Zwiefelhofer. The statements are admissible under Rule 801(d)(2)(B) as adoptive admissions and statements against interest under Rule 804(b)(3).

### Statements Against Interest Made by Craig Austin Lang

The government intends to introduce statements made by co-defendant and coconspirator, Craig Austin Lang, as evidence of the involvement of Lang and the defendant, Alex Jared Zwiefelhofer, in the robbery and murders of

3

S.L., Jr. and D.L. These statements by Lang were self-inculpatory and inculpatory against coconspirator Alex Jared Zwiefelhofer.

### *Statements Against Interest Made to Witness One*

The government anticipates that Witness One will testify that Witness One spoke with Craig Austin Lang while they were together in Ukraine in December 2018. During that conversation, Lang told Witness One about the events in Florida in April/May 2018. Lang advised that he (Lang) and Zwiefelhofer were low on funds, so they created a fake Armslist posting and killed a male and female before taking about $3,000 from them. Lang claimed that he and the male got out of their vehicles and had a brief exchange before Lang shot the male. Lang also stated that the female fired through the windshield hitting Lang with bullet fragments and Zwiefelhofer also shot at the female. Lang advised Witness One that he (Lang) made it to Colombia and staged some actions over the Colombian/Venezuelan border.

Witness One did not initially believe Lang's story and later communicated with the defendant, Alex Jared Zwiefelhofer, about the same. When Witness One asked Zwiefelhofer about Lang's story, Zwiefelhofer corroborated Lang's story, but claimed that he (Zwiefelhofer) killed both people because Lang was panicking and sort of flailing under fire.

*Statements Against Interest Made to Witness Two*

The government anticipates that Witness Two will testify that Witness Two met with Lang and Zwiefelhofer in April 2018, following the robbery and murders of S.L., Jr. and D.L. While with Lang, Lang told Witness Two that they (Lang and Zwiefelhofer) were trying to get on a boat to leave the country while down in Florida. Lang said a man and woman agreed to a price to obtain a boat to get them (Lang and Zwiefelhofer) to some other country, but a gunfight ensued after the man and woman pulled guns and they (Lang and Zwiefelhofer) responded with fire. Lang also showed Witness Two a news article that depicted a red truck with a windshield that had been shot. Lang indicated that they had emptied magazines during the shootout. Lang said he planned to wage war and wanted to fight a war on every continent. Lang mentioned Colombia and Lang wanted Witness Two to come along with him.

*Statements Against Interest Made to Witness Three*

The government anticipates that Witness Three will testify that in August 2018, Witness Three spoke with Lang who told Witness Three that he (Lang) had gone down to Florida and paid a guy $8,000 to be taken to a foreign country. Lang claimed that he went to get his money back and the guy did not pay Lang, so the guy was killed. Lang said he was with a former military guy from Wisconsin when they killed the guy. Lang showed Witness

Three a news article with a red Dodge Ram or Dakota truck and crime scene tape. Lang added that they (Lang and the guy from Wisconsin) unloaded both of their clips into the guy's truck.

## MEMORANDUM OF LAW

### Statements Against Interest – Rule 804(b)(3)

Statements that are against the declarant's own interest are admissible under Federal Rules of Evidence Rule 804(b)(3), which provides:

> **(3) Statement Against Interest.** A statement that:
>
> **(A)** a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
> **(B)** is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Statements against interest are admissible under the hearsay exception when the declarant is unavailable to testify as a witness. Fed. R. Evid. 804(b).

A witness is unavailable if the government cannot procure the declarant's testimony by process or other reasonable means. *U.S. v. Curbello*, 940 F.2d 1503 (11th Cir. 1991). Under 804(a)(2), a declarant is unavailable if the declarant is exempted from testifying because a privilege applies. The Fifth Amendment provides a privilege to the defendant in a criminal case that

6

prohibits the prosecution from compelling the defendant to testify against himself.

In addition to the declarant's testimony being unavailable, the statement must so far tend to subject the declarant to criminal liability "that a reasonable man in his position would not have made the statement unless he believed it to be true." If offered to exculpate the accused, the statement must be corroborated by circumstances clearly indicating its trustworthiness. *United States v. Thomas*, 571 F.2d 285, 288 (5th Cir. 1978).

As a defendant standing trial in this case, Craig Austin Lang is not available to the government as a witness in the government's case. Lang is also unavailable due to his pending extradition from Ukraine. The statements Lang made to Witnesses One, Two and Three exposed him to criminal liability. They are statements that a reasonable person would have made only if the person believed the statements to be true, and they qualify as statements against interest under Rule 804(b)(3). Furthermore, the statements are not testimonial, as they were not made to law enforcement officers or with any reasonable expectation that the statements would later be used in court.

*U.S. v. Hano*, 922 F.3d 1272 (11th Cir. 2019), supports admitting the statements of Lang to Witnesses One, Two and Three, as statements against interest. Hano and his codefendant Arrastia-Cardoso (and possibly a third

person) robbed a Brink's armored truck outside a bank in Fort Myers. Five years after the crime, a witness who was facing unrelated state charges came to the FBI with information about the case. The witness said he grew up in the same village in Cuba with Hano and had known him for decades. Hano had recently told the witness that he robbed an armored truck with Arrastia-Cardoso. Hano told the witness the plan for the robbery and described some key details that were not made public. Hano and Arrastia-Cardoso were later connected to the crime through DNA evidence. They were indicted and the case proceeded to trial. Hano's statements to the witness were admitted under Rule 804(b)(3), and Hano and his codefendant were convicted.

On appeal, Arrastia-Cardoso challenged the admission of Hano's statements to the witness, claiming a violation of his rights under *Bruton v. U.S.,* 391 U.S. 123, 88 S.Ct. 1620 (1968). *Bruton* held that the Confrontation Clause prohibits the use of the confession of a nontestifying defendant in a joint trial if the statement directly inculpates a codefendant, although it may be otherwise admissible against the confessing defendant. The court noted that it had yet to issue a published opinion that *Bruton* applied only to testimonial statements, but every other circuit to consider the issue had so held. The court stated that the same principles that govern whether the admission of testimony violated the Confrontation Clause control whether the admission of the

8

statements of a nontestifying codefendant against a defendant at a joint trial violate *Bruton*, and the threshold question is whether the statement is testimonial. If it is not, the Confrontation Clause does not apply. As the statements Hano made to the witness were clearly nontestimonial, they were admissible against Hano and his codefendant. *Id*. at 1287.

The court also denied a claim by Arrastia-Cardoso that admitting the statements against him violated procedural due process. In rejecting this argument, the Court found the due-process theory would render meaningless the limitation of *Crawford* and its progeny to testimonial statements.[1] *Id*. at 1288. A claim that the testimony should have been excluded under Rule 403 because the witness was not credible was also denied, and in doing so the court noted that Rule 403 does not permit exclusion of evidence because the judge does not find it credible. *Id* at 1289 (citing *U.S. v. Thompson*, 615 F.2d 329, 333 (5th Cir. 1980)).

---

[1] Under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354 (2004) and *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266 (2006), for prior testimonial evidence to be admissible, the Sixth Amendment requires unavailability and a prior opportunity for cross-examination. Testimonial evidence includes, among other things, police interrogations. Statements made for another primary purpose, such as enabling police to assist with an ongoing emergency, are not testimonial. *Michigan v. Bryant*, 526 U.S. 344, 131 S.Ct. 1143, 1147 (2011).

### Adoptive Admissions – Rule 801(d)(2)(B)

Additionally, the statements that Lang made to Witness One are admissible as adoptive admissions by the defendant, Zwiefelhofer. Statements that an opposing party adopts or believes to be true are admissible under Federal Rules of Evidence Rule 801(d)(2)(B), which provides:

> (d) **Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
> . . .
>
> **(2) An Opposing Party's Statement.** The statement is offered against an opposing party and:
>
> . . .
>
> **(B)** is one that the party manifested that it adopted or believed to be true.

According to Witness One, Lang made statements implicating himself (Lang) and Zwiefelhofer in the robbery and murders of S.L., Jr. and D.L. Witness One then questioned the defendant about what Lang had told him about the robbery and murders and the defendant adopted the same. The defendant did not dispute Lang's implication of them (Lang and Zwiefelhofer) in illegal activity. The defendant did offer his own perspective of what transpired which also implicated him (Zwiefelhofer) and Lang in the criminal activity. In *United States v. Champion*, 813 F.2d 1154, 1172 (11th Cir. 1987), the Court considered a defendant's response to an inquiry by a coconspirator

about an incident. The Court held that the defendant's conduct was an adoptive admission under Rule 801(d)(2)(B). *Id.*

Rule 801(d)(2)(B) provides that an opposing party's statement is excluded from hearsay if the statement is offered against an opposing party and is one the party manifested that it adopted or believed to be true.

The inquiry for an adoptive admission is whether the statement was such that, under the circumstances, an innocent defendant would normally be induced to respond, and whether there are sufficient foundational facts for a jury to infer that the defendant heard, understood, and acquiesced in the statement. The court must make this determination before admitting the statement. *United States v. Carter*, 760 F.2d 1568, 1579 (11th Cir. 1985).

In this circumstance, Witness One was presented with inculpatory information by Lang and Witness One confronted the defendant about it. The defendant did not dispute Lang's representations to Witness One and adopted the inculpatory aspects of Lang's statement, namely, that Lang and the defendant had carried out the robbery and murders.

## CONCLUSION

For the foregoing reasons, the statements by codefendant and coconspirator, Craig Austin Lang, to Witnesses One, Two and Three, as well as the adoptive admissions by the defendant to Witness One, should be admissible in the trial of the defendant, Alex Jared Zwiefelhofer.

                                            Respectfully submitted,

                                            ROGER B. HANDBERG
                                            United States Attorney

By:    /s/ *Jesus M. Casas*
          Jesus M. Casas
          Assistant United States Attorney
          Chief, Fort Myers Division
          Florida Bar No. 0152110
          2110 First Street, Suite 3-137
          Ft. Myers, Florida 33901
          Telephone: (239) 461-2200
          Facsimile: (239) 461-2219
          E-mail: jesus.m.casas@usdoj.gov

**U.S. v. Alex Jared Zwiefelhofer**     **Case No. 2S:19-cr-150-SPC-NPM**

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Jesus M. Casas*
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division
Florida Bar No. 0152110
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone:  (239) 461-2200
Facsimile:   (239) 461-2219
E-mail: jesus.m.casas@usdoj.gov