# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                  Case No.: 2:19-cr-150-SPC-NPM

**ALEX JARED ZWIEFELHOFER,**

    **Defendant.**

_____/

## DEFENDANT'S MOTION TO DISMISS DUPLICITOUS INDICTMENT

Alex Jared Zwiefelhofer, by counsel, and pursuant to Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure and moves this Honorable Court to dismiss Count Four of the Superseding Indictment as duplicitous. As grounds in support of his motion, Mr. Zwiefelhofer states the following:

1.    The Government indicted Mr. Zwiefelhofer on September 11, 2019, (Doc. 6), and subsequently in a Superseding Indictment on December 4, 2019. Doc. 32. The Government charged Mr. Zwiefelhofer and Craig Austin Lang[1] with: Count One – Conspiracy to Interfere with Commerce by

---

[1] Mr. Lang is fighting extradition from the Ukraine.

1

Robbery in violation of 18 U.S.C. § 1951(a); Count Two – Interference with Commerce by Robbery in violation of 18 U.S.C. § 1959(a) and (2); Count Three – Conspiracy to Use a Firearm and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(iii) and 924(o); Count Four – Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ (c)(1)(A)(iii), 924(j)(1) and (2); and Count Five – Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country in violation of 18 U.S.C. § 956(a)(1); Count Six – Violation of the Neutrality Act in violation of 18 U.S.C. § 960.

2.   AUSA Jesus Casas has been contacted and the Government objects to this motion.

### ARGUMENT

**Mr. Zwiefelhofer's Indictment is impermissibly based upon a duplicitous count**.

When drafting a federal indictment for more than one offense, the government must charge each criminal offense in a separate count. *See Federal Rules of Criminal Procedure*, Rule 8(a).[2] The aim is to avoid

---

[2] Rule 8(a), *Federal Rules of Criminal Procedure* provides, "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

2

duplicity, which occurs where two or more distinct and separate offenses are joined in a single count. *United States v. Schlei,* 122 F.3d 944, 977 (11th Cir. 1997). In Mr. Zwiefelhofer's case however, the government chose to ignore this rule and, instead, filed an indictment that charged numerous offenses in Count Four. *See* Doc. 32 at 4 (Count Four).

The Eleventh Circuit has noted duplicitous counts are prohibited for many reasons:

> A duplicitous count poses three dangers: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence."

*Schlei*, 122 F.3d at 977 (quoting *United States v. Wiles*, 102 F.3d 1043, 1061(10th Cir. 1996). When discussing *Schlei* in the case of *In re: Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016), the Eleventh Circuit observed that Mr. Gomez's case provides an example of "the 'dangers' that may lurk in indictments that list multiple potential predicate offenses in a single § 924(c) count." The *Gomez* court further explained:

> Count 5 of his indictment alleges that he used and possessed a firearm during two drug trafficking

> offenses and an attempted Hobbs Act robbery on the same day, as well as an ongoing conspiracy to commit Hobbs Act robbery that lasted two weeks. It is certainly possible that the government may have presented evidence that Gomez "possessed" a firearm at some point during the ongoing Hobbs Act conspiracy. But, the evidence may likewise have shown that he left that firearm at home for the drug trafficking crimes, or the attempted robbery. And we can't know what, if anything, the jury found with regard to Gomez's connection to a gun and these crimes. That is because the jurors had multiple crimes to consider in a single count, so they could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm. Or, they could have unanimously agreed that he possessed a firearm at some point during the Hobbs Act conspiracy, but not during the drug trafficking crime. Either way, a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of predicate offenses, or guilty of conspiring during some and not others.

*Id.*

Other Courts of Appeal have noted other dangers posed by duplicitous counts. These include the dangers of failing to provide adequate notice to

4

the defendant,[3] and failing to provide a basis for appropriate sentencing.[4] Courts have also recognized duplicitous counts may result in limited review on appeal.[5] Finally, and perhaps most importantly, court have cautioned duplicitous counts may result in a general guilty verdict that might conceal a finding of guilt as to one of the crimes charged in a duplicitous count, but not other counts.[6]

To determine whether a count is duplicitous, the Eleventh Circuit has explained that a critical component is defining the criminal offenses, in other words, "under this analysis, the key issue to be determined is what conduct constitutes a single offense." *Schlei*, 122 F.3d at 977. The framework for identifying duplicity is grounded in the principle of

---

[3] *See United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006); *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006)*; United States v. King*, 200 F.3d 1207, 1212 (9th Cir. 1999); *United States v. Sharpe*, 193 F.3d 852, 870 (5th Cir. 1999); *United States v. Haddy*, 134 F.3d 542, 548 (3d Cir. 1998); *United States v. Trammel*, 133 F.3d 1343, 1354 (10th Cir. 1998);  *United States v. Blandford*, 33 F.3d 685, 699 n.17 (6th Cir. 1994); *United States v. Huguenin*, 950 F.2d 23, 26 (1st Cir. 1991).

[4] *United States v. Starks*, 472 F.3d 466, 470 (7th Cir. 2006); *Olmeda*, 461 F.3d at 281; *Haddy*, 134 F.3d at 548; *United States v. Bruce*, 89 F.3d 886, 890 (D.C. Cir. 1996); *Blandford*, 33 F.3d at 699 n.17; *United States v. Correa-Ventura*, 6 F.3d 1070, 1081 (5th Cir. 1993).

[5] *Davis*, 471 F.3d at 790; *Sharpe*, 193 F.3d at 870; *Haddy*, 134 F.3d at 548; *Trammel*, 133 F.3d at 1354; *Blandford*, 33 F.3d at 699 n.17.

[6] *See Starks*, 472 F.3d at 470; *Olmeda,* 461 F.3d at 281; *Davis*, 306 F.3d at 415;  *Haddy*, 134 F.3d at 548; *Correa-Ventura*, 6 F.3d at 1081; *United States v. Stanley*, 597 F.2d 866, 871 (4th Cir. 1979); *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973).

5

preventing double jeopardy. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (citations omitted). *See also Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). A count is not duplicitous where it merely lays out alternative means of committing the same offense. *See Federal Rule of Criminal Procedure*, Rule 7(c).

Count Four is duplicitous in Mr. Zwiefelhofer's case. Doc. 32. The offending portion is as follows:

### COUNT FOUR

**(Use of a Firearm During and in Relation to a Crime of Violence)**

On or about April 9, 2018, in the Middle District of Florida, the defendants,

**ALEX JARED ZWIEFELHOFER
and
CRAIG AUSTIN LANG,**

aiding and abetting one another, did knowingly use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, specifically, Interference with

> Commerce by Robbery, as alleged in Count Two of this Superseding Indictment (which Count is incorporated herein by reference as if set forth in full), and, in the course of said violation and through the use of such firearm, did cause the death of a person, namely S.L., Jr., and D.L., by murder as defined in 18 U.S.C. § 1111.
>
> In violation of 18 U.S.C. §§ 924(c)(l)(A)(iii), 924(j)(l), and 2.

Doc. 32 at 4.

### A. Mr. Zwiefelhofer is duplicitously charged with several types of murder.

The Government errs when charging Count Four by only generally referencing 18 U.S.C. § 1111, rather than specifically delineating the degree or type of murder alleged. Thus, premeditated murder, felony murder, and second-degree murder are implicated and, compounding the error, an enumerated felony is not referenced. This failure results in at least twenty-seven separate crimes being charged. This is because a violation of § 1111 could be from a premeditated murder, a second-degree murder, or the commission of or attempted commission of one of the enumerated felonies. The relevant portion of § 1111 is as follows:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the

7

>perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree..
>
>Any other murder is murder in the second degree.

18 U.S.C.A. § 1111.

Each of the dangers mentioned *supra* are implicated by these duplicitous counts. Count Four fails to give adequate notice of the offense charged in this count. This failure results from not referencing a specific method of violating the cited statutory provision and instead relying on merely a general citation to the statute. The general nature of the statutory citation, 18 U.S.C. § 1111, produces a many potential charges to defend against. Endless permutations abound when one considers the myriad of separate crimes in Count Four. Thus, a guessing game ensues trying to formulate an effective defense on behalf of Mr. Zwiefelhofer. Proper notice cannot be equated to a guessing game.

The duplicity doctrine's basic tenet is that duplicity occurs where two or more distinct and separate offense are joined in a single count. See *infra*.

8

The failure to specify a specific act in violation of 18 U.S.C. § 1111 opens up the full panoply of felonies as possible predicates to felony murder. Additionally, there is the possibility of premeditated first-degree murder and second-degree murder. *Id.* Such duplicity fails to provide proper notice to Mr. Zwiefelhofer of what offense he must prepare to defend. Proper notice demands that he be apprised of his charges by a single crime being charged in a single count, not with multiple charges in a single count.

Juries cannot be left to guess as to the exact charge either. The duplicity of these counts also poses the danger of the jury possibly convicting Mr. Zwiefelhofer without unanimously agreeing on the same offense and possibly rendering a general guilty verdict that may have concealed a finding of guilt as to one of the crimes charged in a duplicitous count and not guilty as to other counts. A guilty verdict comprised of 12 guilty votes could be had without even a majority of the jurors agreeing on the offense on which they rendered a finding of guilt. For instance, four could find that the murder was premeditated, four could find that it was felony murder,[7] and four could find that it was second-degree murder and inform the Court they had reached a unanimous decision that Mr. Zwiefelhofer was guilty as

---

[7] Assuming the jurors could all agree on a specific felony from the several available under general nature of the charge.

charged, yet a mere 33% agreed on any one variation of the duplicitous murder charge. Such a possibility is impermissible and unconstitutional.

Each of the dangers the duplicity doctrine guards against are implicated in Mr. Zwiefelhofer's case. The illustration provided here suffices to reveal not only the duplicitous nature of the counts but the prejudice that results.

For the foregoing reasons, Counts Four should be dismissed as duplicitous pursuant to Rule 8(a) and Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure to protect and preserve Mr. Zwiefelhofer's constitutional rights under the Fifth, Sixth, and Eighth Amendments.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL

/s/ *D. Todd Doss*
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar No.0910384
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6765
E-Mail: todd_doss@fd.org

*s/Erin Brenna Hyde*
Erin Brenna Hyde, Esq.
Assistant Federal Defender

                                Florida Bar No.0026248
                                201 S. Orange Avenue, Suite 300
                                Orlando, FL 32801
                                Telephone: 407-648-6338
                                Fax: 407-648-6095
                                E-Mail: erin_hyde@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system this 1st day of February 2023 which will send an electronic copy to all counsel of record.

                                */s/Erin Brenna Hyde*
                                Attorney for Mr. Zwiefelhofer