UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2S:19-CR-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

### GOVERNMENT'S THIRD MOTION IN LIMINE TO PROHIBIT IMPROPER IMPEACHMENT WITH LAW ENFORCEMENT REPORTS

The United States moves *in limine* for an order precluding the use, introduction, publishing or quoting of the contents of law enforcement reports to improperly impeach witnesses, or otherwise suggest to the jury that the law enforcement reports are statements of witnesses, who did not write, ratify, or adopt them, during the trial of the defendant, Alex Jared Zwiefelhofer.

The United States provided broad discovery to the Defendant of interview reports authored by law enforcement officers, detectives and agents. Those reports included Federal Bureau of Investigation reports (FBI 302) and Lee County Sheriff's Office reports (collectively, "law enforcement reports"). Because these reports are not the statements of the witnesses, but are instead statements of the agent, officer, or detective who wrote them, the Defendant should not be allowed to impeach witnesses with these reports at trial.

Pursuant to Local Rule 3.01, the United States has conferred with defense counsel who objects to the motion.

While the government has produced broad and early discovery, including law

enforcement reports of witness interviews, such material is not a proper basis for impeachment through cross examination under Federal Rule of Evidence 613 because it does not contain prior statements of the witnesses themselves. This material is specifically excluded from the Jencks Act, which controls the government's production of and a defendant's use of prior statements of a witness for impeachment purposes.[1] In *Palermo v. United States*, the Supreme Court held that a "statement" for purposes of the Jencks Act could not be "summaries of an oral statement which evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes," or "statements which contain [an] agent's interpretations or impressions," which are therefore not required to be produced. 360 U.S. 343, 352- 53 (1959). The Eleventh Circuit has similarly held that "an interviewer's raw notes, and anything prepared from those notes (such as an FBI 302), are not *Jencks Act* statements of the witness unless they are substantially verbatim and were

---

[1] A statement within the meaning of the Jencks Act is defined as "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (1) a statement . . . made by said witness to a grand jury." 18 U.S.C. § 3500(e).

contemporaneously recorded, or were signed or otherwise ratified by the witness." *United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003); *United States v. Delgado*, 56 F.3d 1357, 1364 (11th Cir. 1995); *United States v. King*, 623 F. App'x 962, 966-67 (11th Cir. 2015). "As used in the Jencks Act, 'substantially verbatim' means using the nearly exact wording or phrasing the witness uttered during the interview; if only some of the exact wording is used, it is not Jencks material." *King*, 623 F. App'x at 966 (quoting *Jordan*, 316 F.3d at 1255).

Accordingly, the Eleventh Circuit and many other courts have held that a witness may not be impeached by statements contained in a government-prepared summary unless that witness has explicitly adopted the statements therein. *See, e.g.*, *United States v. Saget*, 991 F.2d 702, 710-11 (11th Cir. 1993) (holding that the district court correctly disallowed the defendant's attempted impeachment of a witness with an agent's report of the witness's interview); *United States v. Almonte*, 956 F.2d 27, 29-30 (2d Cir. 1992) (per curiam) (holding that interview reports or notes may not be admitted as evidence of a prior inconsistent statement unless they are endorsed by the witness or are a "verbatim transcript of the witness's own words."); *United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissible for impeaching witnesses on cross-examination"), *abrogated on other grounds by United States v. Booker*, 543 U.S. 222 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly

3

rejected as a prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it"); *United States v. Rizza*, No. 2:14-cr-00002, 2014 WL 3747624 at *1 (M.D. Fla. July 29, 2014) ("Interview summary reports such as 302s are not witness statements under the Jencks Act. Therefore, Defendants are precluded from using such reports to impeach a witness on cross examination, publishing to the jury, or suggesting to the jury that such summaries are witness statements.").

  This limitation on impeachment is an important one. As the Supreme Court explained, it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo*, 360 U.S. at 350. Here, the witnesses who were interviewed have not reviewed their interview reports, much less adopted the statements therein. Thus, the Defendant may not use any of the law enforcement reports to impeach witnesses on the basis of prior inconsistent statements, because they are not the statements of the witnesses themselves.

  Moreover, although defense counsel can use the law enforcement reports for the limited purpose of attempting to refresh a witness's recollection, they are not permitted to use refreshing recollection as a pretext to impeach the witness with such a report or to imply to the jury that the report is a statement of the witness. *See United*

4

*States v. Calzon*, 366 Fed. App'x 115, 117 (11th Cir. 2010) ("Counsel may not refresh recollection simply as an excuse to bring inadmissible material before the fact-finder."). In order to use a law enforcement report to refresh a witness's recollection, defense counsel must first establish that the witness does not recall a fact. The law enforcement report itself cannot be used to establish the fact that the witness cannot recall. That is because a witness's inability to recall a fact in a law enforcement report is not the same as offering testimony inconsistent with the report. If it is established that the witness cannot recall a fact contained in the report, defense counsel is permitted to show the law enforcement report to the witness—without describing the document—and ask if it refreshes the witness's recollection. If the witness says no, defense counsel cannot press the witness further about the contents of the document. If the witness says yes, defense counsel may then ask the witness questions about his or her refreshed recollection independent of the document.

At no point during this process may defense counsel quote language from the document. *See, e.g.*, *Rush v. Ill. Cent. R.R. Co.*, 399 F.3d 705, 718 (6th Cir. 2005) (finding it improper for defense counsel to attempt to refresh the witness during cross examination by "incorporating into his question the otherwise inadmissible contents of the writing"); *Goings v. United States*, 377 F.2d 753, 760 (8th Cir. 1967) (finding it impermissible for counsel to ask leading questions including information from a prior statement, noting "if a party can offer a previously given statement to substitute for a witness's testimony under the guise of 'refreshing recollection,' the whole adversary system of trial must be revised"); Fed. R. Evid. 103(d) ("To the extent practicable,

5

the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."). In other words, defense counsel may not use the interview report to communicate or imply to the jury that the report is a statement of the witness. Absent such precautions, defense counsel would be able to backdoor inadmissible evidence in violation of Federal Rules of Evidence 103(d), 401, 402, and 802. Improper use of interview reports to impeach a witness also has the potential to mislead the jury, making it an improper use of evidence under Rule 403. Therefore, if the Court determines that a witness truly lacks a present recollection about a particular fact, it should ensure the law enforcement reports are (1) not read aloud by the witness, (2) not incorporated into the question, and (3) not used to imply that the report is a statement of the witness. *See Rizza*, 2014 WL 3747624 at *1.

Finally, the Court should ensure that only documents that are "reasonably calculated to revive the witness' present recollection" are used to refresh, namely reports of witness interviews rather than notes from meetings with counsel when the witness was not present. *See United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 236 (1940). The Court has wide discretion regarding refreshing a witness's memory and it should exercise that discretion to disallow documents which threaten to generate a false memory, rather than refresh a witness's present memory.

## CONCLUSION

For the foregoing reasons, the government respectfully requests an order precluding the Defendant from improperly introducing the contents of law enforcement reports to impeach witnesses during cross examination, publishing or quoting the contents of law enforcement reports to the jury, or otherwise suggesting to the jury that law enforcement reports are statements of the witnesses.

                                              Respectfully submitted,

                                              ROGER B. HANDBERG
                                              United States Attorney

By:   */s/ Jesus M. Casas*
        JESUS M. CASAS
        Assistant United States Attorney
        Florida Bar No. 0152110
        2110 First Street, Suite 3-137
        Ft. Myers, Florida 33901
        Telephone:   (239) 461-2200
        Facsimile:   (239) 461-2219
        E-mail: Jesus.M.Casas@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

D. Todd Doss
Todd_Doss@fd.org

Erin Brenna Hyde
Erin_Hyde@fd.org

/s/ *Jesus M. Casas*
JESUS M. CASAS
Assistant United States Attorney
Florida Bar No. 0152110
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
E-mail: Jesus.M.Casas@usdoj.gov