# APPENDIX A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-331-1BO (4)
NO. 5:19-CR-331-2BO (4)
NO. 5:19-CR-331-3BO (4)
NO. 5:19-CR-331-4BO (4)

FILED IN OPEN COURT
ON 8/20/19 STS
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>CRAIG AUSTIN LANG )<br>DAMEON SHAE ADCOCK )<br>MATTHEW SCOTT MCCLOUD )<br>JORDAN DEAN MILLER )  | **INDICTMENT** |

The Grand Jury charges:

### COUNT ONE

Beginning in or around August 2018, and continuing through on or about August 8, 2019, in the Eastern District of North Carolina and elsewhere, defendants, CRAIG AUSTIN LANG, DAMEON SHAE ADCOCK, MATTHEW SCOTT MCCLOUD, and JORDAN DEAN MILLER, and others known and unknown to the Grand Jury, knowingly combined, conspired and agreed among themselves to commit certain offenses against the United States, that is, (a) to knowingly and willfully make a false statement in a United States passport application, with intent to induce and secure for use the issuance of a passport under authority of the United States, in violation of Title 18, United States Code, Section 1542; and (b) knowingly, and without lawful authority, use and possess the means of identification of another

1

person during and in relation to the commission of a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, a false statement in an application for a passport, in violation of Title 18, United States Code, Section 1028A(a)(1).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for defendants, CRAIG AUSTIN LANG (hereinafter "LANG"), DAMEON SHAE ADCOCK (hereinafter "ADCOCK"), MATTHEW SCOTT MCCLOUD (hereinafter "MCCLOUD"), and, JORDAN DEAN MILLER (hereinafter "MILLER") and their co-conspirators, to do among other things, the following: ADCOCK was to provide his name, date of birth and social security number to LANG. In exchange for his identity infomation, LANG was to pay ADCOCK firearms, cash, and other gun parts. MILLER was to provide his name, date of birth and social security number to MCCLOUD. In exchange for his identity information, MCCLOUD was to pay MILLER $2500 in cash.

Once LANG and MCCLOUD obtained the identity documents of ADCOCK and MILLER, LANG and MCCLOUD would apply for United States passports using the assumed names and identities of ADCOCK and MILLER to evade law enforcement detection, and minimize scrutiny when travelling internationally.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants, LANG, ADCOCK, MCCLOUD, MILLER, and co conspirators, sought to accomplish the purpose of the conspiracy included, among other things, the following:

Defendants LANG, ADCOCK, and MCCLOUD and a co-conspirator met and devised a plan to provide the identity documents of ADCOCK and MILLER to LANG and MCCLOUD for the purposes of LANG and MCCLOUD utilizing the identity documents to apply for United States Passports in the assumed names. In exchange for ADCOCK and MILLER knowingly furnishing their identities and documents to LANG and MCCLOUD, ADCOCK was to be paid in cash, guns, and other gun parts, and MILLER was to be paid in cash.

After ADCOCK and MILLER provided their birth certificates, social security cards and other identity documents to LANG and MCCLOUD, LANG, MCCLOUD, and the co-conspirator travelled to South Boston, Virginia, at which time LANG obtained a Virginia Identification Card in the assumed name of ADCOCK. Once LANG was in possession of ADCOCK's identity documents and the Virginia Identification Card with ADCOCK's biographical data and LANG's photograph, and MCCLOUD was in possession of the North Carolina identity documents of MILLER, LANG, MCCLOUD, and the co-conspirator travelled to the Westgate Postal Facility, located in Raleigh, North Carolina, and applied for United States passports in the assumed names of ADCOCK and MILLER respectively.

## OVERT ACTS

In furtherance of the conspiracy and in order to accomplish the purpose and object thereof, the defendants, LANG, ADCOCK, MCCLOUD, MILLER, and the co-conspirator, did commit, and cause to commit, among others, at least one of the following overt acts:

3

1. In or around the end of August 2018, defendants, LANG, ADCOCK, MCCLOUD, and the co-conspirator met for the purposes of devising a plan to obtain United States passports by false statements.

2. In or around the end of August 2018, ADCOCK rented a hotel room at the Hampton Inn in Roxboro, North Carolina. LANG, ADCOCK, MCCLOUD and the co-conspirator were in the hotel room as LANG and MCCLOUD engaged in conversation about departing the United States, and trying to get to the Ukraine. LANG and MCCLOUD asked the co-conspirator if he would complete an affidavit of identifying witness on behalf of LANG and MCCLOUD. The co-conspirator was told by LANG or MCCLOUD that they would pay him $150- $200 to complete the forms.

3. Approximately two days after the meeting in the hotel with LANG, ADCOCK, MCCLOUD and the co-conspirator, MCCLOUD sent a text message to the co-conspirator asking him to meet at the Hampton Inn, in Roxboro, North Carolina. While at the Hampton Inn, ADCOCK provided his birth certificate, social security card and other supporting documents to LANG.

4. In or around the end of August, 2018, MCCLOUD and LANG travelled to the Walmart in Roxboro, North Carolina.  Either MCCLOUD or LANG wired $2,500 to MILLER in Missouri.

5. Approximately two days later, MCCLOUD received an express shipment package from MILLER sent to an address in Durham, North Carolina. The package contained MILLER's Missouri birth certificate, and social security card number XXX-XX-5027.

6. On or about August 31, 2018, LANG, ADCOCK, MCCLOUD, and the co-conspirator drove to South Boston, Virginia. While there, LANG, assuming the identity of ADCOCK, applied for a Virginia Identification Card. LANG assuming the identity of ADCOCK provided the name, date of birth, social security number, and address of ADCOCK and was issued a Virgina Identification Card.

7. On September 11, 2018, MCCLOUD, assuming the identity of MILLER, applied for and received a North Carolina Identification Card, using the name, date of birth and social security number of MILLER.

8. On September 11, 2018, LANG and the co-conspirator drove to the Embassy Suites Hotel, located at Arco Corporate Drive, Raleigh, North Carolina, and picked up MCCLOUD and travelled to the United States Postal facility, located at the Westgate Passport facility in Raleigh, North Carolina, for the purpose of applying for United States passports.

9. On September 11, 2018, the co-conspirator completed the affidavit of witness forms in support of the United States passport applications for LANG and MCCLOUD in the parking lot of the Raleigh, North Carolina, postal facility.

10. On September 11, 2018, MCCLOUD, using MILLER's means of identification, submitted an application for a United States passport at the Westgate Passport Facility, Raleigh, North Carolina.

11. At the time of the application, MCCLOUD assuming MILLER's identity, provided a North Carolina State Identification card issued September 11, 2018, as proof of identity and MILLER's date of birth and social security number. Additionally,

5

MCCLOUD, assuming the identity of MILLER, submitted an affidavit of identifying witness that was attested to and signed under penalty of perjury by the co-conspirator who identified himself in the application as a "family friend."

12. On September 11, 2018, LANG, MCCLOUD and the co-conspirator appeared in front of a United States Passport acceptance agent, located at the Westgate Passport Facility, Raleigh, North Carolina, in the Eastern District of North Carolina. LANG submitted a United States passport application in the assumed name of ADCOCK. The co-conspirator signed affidavits attesting falsely that he had known both ADCOCK and MILLER and that the two individuals present that day—in actuality LANG and MCCLOUD—were ADCOCK and MILLER.

13. On September 11, 2018, after LANG and MCCLOUD submitted their passport applications in the assumed names of ADCOCK and MILLER, the co-conspirator was paid $150 by MCCLOUD for the co-conspirator completing the identifying witness forms for LANG and MCCLOUD.

14. Approximatley two days after September 11, 2018, LANG, ADCOCK, MCCLOUD and the co-conspirator met at the Walmart parking lot in Roxboro, North Carolina. LANG gave ADCOCK a grey suitcase containing two (2) Glock 17 pistols, one (1) Glock 19 Generation four, nine millimeter pistol, one (1) Glock 42, nine millimeter compact pistol, an AR upper receiver with suppressor, a military smoke grenade, and approximately $1,500 in cash, as payment for ADCOCK providing his name, date of birth and social security number to LANG.

15.     On Monday, September 17, 2018 LANG and MCCLOUD assuming the identities of ADCOCK and MILLER respectively, attained two airlines tickets to travel from Atlanta, Georgia, to John F. Kennedy Airport, New York, and then to Kiev, Ukraine. There was no return information on the ticket.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about September 11, 2018, in the Eastern District of North Carolina, the defendants, CRAIG AUSTIN LANG and DAMEON SHAE ADCOCK, aiding and abetting each other, did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for defendant MCCLOUD's own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, that is, in that in such application defendant MCCLOUD stated he was defendant MILLER, which statement they knew to be false.

All in violation of Title 18, United States Code, Sections 1542 and 2.

## COUNT THREE

On or about September 11, 2018, in the Eastern District of North Carolina, the defendants, CRAIG AUSTIN LANG and DAMEON SHAE ADCOCK both aiding and abetting one another, did knowingly, and without lawful authority, transfer, possess and use the means of identification of another person during and in relation to the commission of a felony violation enumerated in Title 18, United States Code, Section

1028A(c), that is, a false statement in an application for a passport in violation of Title 18, United States Code, Section 1542.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FOUR

On or about September 11, 2018, in the Eastern District of North Carolina, the defendants, MATTHEW SCOTT MCCLOUD and JORDAN DEAN MILLER, aiding and abetting each other, did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for defendant MCCLOUD's own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, that is, in that in such application defendant MCCLOUD stated he was defendant MILLER, which statement they knew to be false.

All in violation of Title 18, United States Code, Sections 1542 and 2.

## COUNT FIVE

On or about September 11, 2018, in the Eastern District of North Carolina, the defendants, MATTHEW SCOTT MCCLOUD and JORDAN DEAN MILLER, aiding and abetting each other, did knowingly, and without lawful authority, transfer, possess and use the means of identification of another person during and in relation to the commission of a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, defendant MCCLOUD did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for

defendant MCCLOUD's own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, to wit, in that in such application defendant MCCLOUD used defendant MILLER's name, date of birth, and Social Security account, which statements they knew to be false, in violation of Title 18, United States Code, Section 1542.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT SIX

On or about September 11, 2018, in the Eastern District of North Carolina, the defendants, CRAIG AUSTIN LANG and DAMEON SHAE ADCOCK, aiding and abetting each other, did knowingly personate another when applying for a document required for entry into the United States, namely a United States Passport, that is, when applying for the United States Passport, defendant LANG presented himself as defendant ADCOCK.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT SEVEN

On or about September 11, 2018, in the Eastern District of North Carolina, the defendants, MATTHEW SCOTT MCCLOUD and JORDAN DEAN MILLER, aiding and abetting each other, did knowingly personate another when applying for a document required for entry into the United States, namely a United States Passport, that is, when applying for the United States Passport, defendant MCCLOUD presented himself as defendant MILLER.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT EIGHT

On or about September 11, 2018, in the Eastern District of North Carolina, the defendant, CRAIG AUSTIN LANG, in a matter within the jurisdiction of the United States Social Security Administration, for the purpose of obtaining something of value and for other purposes, did knowingly and with intent to deceive, falsely represent Social Security account number XXX-XX-5791 to have been assigned by the Commissioner of Social Security to him, when in fact, as the defendant then knew, such number is not the Social Security account number assigned by the Commissioner of Social Security to him.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT NINE

On or about September 11, 2018, in the Eastern District of North Carolina, the defendant, MATTHEW SCOTT MCCLOUD, in a matter within the jurisdiction of the United States Social Security Administration, for the purpose of obtaining something of value and for other purposes, did knowingly and with intent to deceive, falsely represent Social Security account number XXX-XX-5027 to have been assigned by the Commissioner of Social Security to him, when in fact, as the defendant then knew, such number is not the Social Security account number assigned by the Commissioner of Social Security to him.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## FORFEITURE ALLEGATION

Each named defendant is given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of one or more of the offense(s) set forth in Count(s) One, Two, Four, Six and Seven, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6) –

(1) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the said offense(s); and

(2) any property, real or personal, that constitutes, or is derived from or traceable to the proceeds obtained directly or indirectly from the commission of the said offense(s), or that was used to facilitate, or intended to be used to facilitate, the commission of the said offense(s).

The forfeitable property includes, but is not limited to:

(a) $2,500 in U.S. Currency, paid by MCCLOUD to MILLER.

(b) $1,500 in U.S. Currency, paid by LANG to ADCOCK

(c) Two (2) Glock 17 pistols, unknown serial numbers paid by LANG to ADCOCK.

(d) One (1) Glock 19 pistol, unknown serial number, paid by LANG to ADCOCK.

(e) One (1) Glock 42 pistol, unknown serial number, paid by LANG to ADCOCK.

11

If any of the above-described forfeitable property, as a result of any act or omission of a defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 8/20/19

ROBERT J. HIGDON, JR.
United States Attorney

BY: GABRIEL J. DIAZ
Assistant United States Attorney

12