IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                             Case No:  2:19-CR-150-SPC-NPM-1

ALEX JARED ZWIEFELHOFER
_____

## MOTION IN LIMINE

Alex Jared Zwiefelhofer, by counsel, moves this Court to enter its Order prohibiting the Government, as well as any witness, from mentioning certain facts which are not relevant and unduly prejudicial to Mr. Zwiefelhofer during the trial of this case. Mr. Zwiefelhofer objects to the following:

A. Any mention of pending charges in North Carolina state court for possession of child pornography;

B. Limit gruesome photos and video of S.L. and D.L. at the scene and at their respective autopsies;

C. Any mention of the attempted purchase of a firearm from Tilden Guns and the subsequent ATF interview of Mr. Zwiefelhofer;

D. Any mention of Mr. Zwiefelhofer's status as "Away Without Leave" (AWOL) from the U.S. Army;

E. Any evidence that S.L. and D.L., the deceased, are Veterans of the United States' Military.

## FACTS AND PROCEDURAL HISTORY

1. Mr. Zwiefelhofer has been charged by Superseding Indictment with Count One, Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. §§ 1951(a); Count Two, Interference with Commerce in violation of 18 U.S.C. 1951(a) and 2; Count Three, Conspiracy to Use a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii) and 924(o); Count Four, Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii), 924(j)(1), and 2; Count Five, Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country in violation of 18 U.S.C. §956(a)(1) and, Count Six, Violation of the Neutrality Act in violation of 18 U.S.C. §960. Doc. 32.

2. Mr. Zwiefelhofer's trial is currently set for a status hearing on February 13, 2023, with a corresponding trial period of March 2023. Doc. 119.

3. The undersigned has conferred with Assistant United States Attorney, Jesus Casas, who objects to the relief sought in this motion with the exception of A.

**Mr. Zwiefelhofer's Pending Charges in North Carolina**

Mr. Zwiefelhofer currently has pending charges in North Carolina state court relative to seven images of child pornography purportedly found on his

phone that was seized when arrested at the Charlotte Douglas International Airport (CLT).

According to discovery, Customs and Border Protection (CBP) Officers were notified that Mr. Zwiefelhofer was released from U.S. Army custody at London Heathrow Airport to return to the United States on August 2, 2017. Diplomatic Security Services advised CLT CBP Officers that Mr. Zwiefelhofer had been turned over to the U.S. military by Kenyan authorities after being apprehended while attempting to illegally enter South Sudan from Kenya.

Mr. Zwiefelhofer was arrested immediately after questioning by the various law enforcement agents by Charlotte Mecklenberg Police Department (CMPD) for five felony counts of sexual exploitation of a minor and transported to the Mecklenburg County jail.

### Limit Gruesome Photographs of the Deceased

Included within discovery are photographs of the deceased that are shocking and gruesome. According to discovery, Lee County Sheriff's Office (LCSO) Homicide Unit and Crime Scene Unit responded to 9351 Corkscrew Road in Estero, Lee County, Florida on Tuesday, April 10, 2018. Crime scene technicians took, at least, 1,037 photographs of the scene, 42 aerial photos, and two videos depicting the deceased at the scene. Additionally, there are, at least,

106 autopsy photos of S.L. and 193 autopsy photos of D.L. Introduction of these photographs must be limited to only those that have probative value. Admittance of all of these photographs into evidence will only shock the conscience of the jury and create an overwhelming prejudicial effect. Limiting the photographs presented to the jury to only those with probative value avoids their cumulative nature and unduly prejudicial effect. Mr. Zwiefelhofer requests that these photos be excluded, or in the alternative, the Government produce which photos they will seek to introduce at trial. The Defense would then be given the opportunity to object to any photos.

## Tilden Gun

According to discovery, Mr. Zwiefelhofer sought to purchase a firearm from Tilden Gun in Bloomer, Wisconsin on March 25, 2019. This event allegedly took place more than a year from the incident that gave rise to this prosecution which occurred on or about April 8, 2018, according to the Indictment. Doc. 32. Discovery produced information from the Tilden Gun investigation including, but not limited to, a video, still photographs, ATF form 4473, an interview with store employee, interrogation of Mr. Zwiefelhofer, and investigative reports from the Bureau of Alcohol Tobacco and Firearms. The Tilden Gun investigation almost a year after the April 9, 2018, incident

charged in the indictment is not relevant to this case in any way other and is impermissible propensity evidence. This evidence must be excluded from trial.

## AWOL From the U.S. Army

Mr. Zwiefelhofer was discharged from the United States' Army with "other than honorable conditions" in lieu of court martial for his being "away without leave." This fact is irrelevant to the prosecution of Mr. Zwiefelhofer for the charges set forth in the superseding indictment and would be offered only as evidence of bad character. Any mention of Mr. Zwiefelhofer's "AWOL" status or "other than honorable" discharge from the U.S. Army is more prejudicial than probative of any material fact in this case.

## S.L. and D.L. Veteran Status

Discovery has produced information related to the fact that both S.L. and D.L. served in the United States' Military. Various types of evidence including, but not limited to, interviews with family, photographs of paperwork and the license plate on the GMC canyon belonging to S.L. and D.L., and other items all reveal the deceased's status as Veterans. The fact that S.L and D.L. were veterans of the U.S. Military is not relevant to the prosecution of Mr. Zwiefelhofer and would only evoke sympathy and unduly prejudice the jury.

## MEMORANDUM OF LAW

Rule 402 provides that evidence which is not relevant is not admissible in federal court. Rule 403 provides that relevant evidence may be excluded: ". . . if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Simply stated, evidence that is not relevant is inadmissible. Rule 402.

Rule 403 requires balancing the probative value of a piece of evidence and its prejudicial effect. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir.2003). As for extrinsic evidence, Rule 403 requires a common-sense assessment of the circumstances surrounding the offense, including the prosecutor's need for the evidence, and the similarity and temporal remoteness between the two acts. *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir.2003). Extrinsic evidence must be excluded under Rule 403 if it is so heinous that it is likely to irrevocably sway the jury to a guilty verdict. *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir.1987). Additionally, "if the government can do without [the] evidence, fairness dictates that it should." *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir.1991).

While the Courts recognize the exclusion of relevant evidence is a remedy to be invoked sparingly, assuming that a prior bad act is relevant to the case at hand, "[i]f the extrinsic offenses are of such a heinous nature that they are likely to sway the jury irrevocably to a decision of guilt, then they must be excluded under rule 403. *United States v. Eirin*, 778 F.2d 722, 732 (11th Cir.1985)." *United States v. Williams*, 816 F.2d 1527, 1531 (11th Cir. 1987). Further, the admissibility of the extrinsic evidence related to each alleged incident must be determined individually. *E.g.*, *United States v. Dothard*, 666 F.2d 498, 503 (11th Cir. 1982) ("Even had the extrinsic evidence survived the first test, however, it failed to overcome the second obstacle. The temporal remoteness of the extrinsic act depleted this evidence of any force of probity whatsoever.").

Here, the evidence objected to has no relevance to the issues to be tried before this Court; and, arguably assuming this Court finds they are relevant, are clearly more prejudicial than probative of any triable issues before the Court.

Any information pertaining to allegations of Mr. Zwiefelhofer possessing child pornography is not relevant to the charges here and are more prejudicial than probative of any material fact of the charges here. Any allegations about

child pornography are incendiary and unduly prejudicial. Here, any mention of the alleged child pornography charges that remain pending are both irrelevant and unduly prejudicial. Mr. Zwiefelhofer intends upon challenging the child pornography charges and exercising his right to trial on that matter. He has yet to do so because he is necessarily in custody for the charges in this case. Nor has the Government released any evidence related to the child pornography charges here other than mention in reports that Mr. Zwiefelhofer was arrested.

Any information related to allegations of prior incidents where Mr. Grable is alleged to have attempted to purchase a firearm at Tilden guns is irrelevant to the charges here, would constitute impermissible propensity evidence, and be used to show a bad character that Mr. Zwiefelhofer allegedly tried to purchase a gun while out on bond for the contested North Carolina child pornography charges. Offering evidence to show propensity and to prove bad character is irrelevant, unduly prejudicial and should be excluded as evidence at trial.

Photographs of certain personal items of S.L. and D.L. inside a red GMC Canyon truck that depict their status as military veterans are irrelevant and unduly prejudicial. Such status has nothing to do with the facts of this case.

–8–

There is no indication that either Mr. Zwiefelhofer or Mr. Lang knew of this status. Nor is there any indication that they were singled out in any way because of such status. Such photos would only invoke undue sympathy towards S.L. and D.L. which are not permissible considerations.

Certain gruesome photos of S.L. and D.L. at the scene and at their respective autopsies. Introduction of these photographs must be limited to only those that have probative value. Admittance of all of these photographs into evidence will only shock the conscience of the jury and create an overwhelming prejudicial effect. Jurors are not accustomed to such photos and are often repulsed by such evidence. Limiting the photographs presented to the jury to only those with probative value avoids their cumulative nature and unduly prejudicial effect. Mr. Zwiefelhofer requests that these photos be excluded, or in the alternative, the Government produce which photos they will seek to introduce at trial. The Defense would then be given the opportunity to object specifically to those photos.

Wherefore, Mr. Zwiefelhofer moves this Court to enter its Order prohibiting the Government, as well as any witness, from mentioning the aforementioned facts and evidence which are not relevant to the case being tried and which will unduly prejudice Mr. Zwiefelhofer during the trial of this

case.

Respectfully submitted this 1st day of February 2023.

        A. FITZGERALD HALL, ESQ.
        FEDERAL DEFENDER, MDFL

        */s/ D. Todd Doss*
        D. Todd Doss, Esq.
        Assistant Federal Defender
        Florida Bar No. 0910384
        201 S. Orange Avenue, Suite 300
        Orlando, Florida 32801
        Telephone: 407 648 6338
        Facsimile: 407 648 6095
        E-Mail: todd_doss@fd.org

        */s/ Erin Brenna Hyde*
        Erin Brenna Hyde, Esq.
        Assistant Federal Defender
        Florida Bar #026248
        201 S. Orange Avenue, Suite 300
        Orlando, FL 32801
        Telephone: (407) 648-6338
        Fax: (407) 648-6095
        E-mail: erin_hyde@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to all counsel of record this 1st day of February 2023.

        */s/ Erin Brenna Hyde*
        Attorney for Defendant