UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No.: 2:19-cr-150-FtM-38NPM

ALEX JARED ZWIEFELHOFER,

    Defendant.
_____/

## APPLICATION FOR ISSUANCE OF SUBPOENA *DUCES TECUM* AND INCORPORATED MEMORANDUM OF LAW

The Defendant, Alex Zwiefelhofer, pursuant to Fed. R. Crim. P. 17(c), moves this Court for an Order allowing the issuance of a subpoena *duces tecum* for all data and documentation (in their native file formats) that were used or generated during the internal validation study for any probabilistic genotyping software (STRmix 2.4 and 2.5) used in this case by the Florida Department of Law Enforcement. Mr. Zwiefelhofer states:

### CHARGES

Mr. Zwiefelhofer has been charged by Superseding Indictment with Count One, Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. §§ 1951(a); Count Two, Interference with Commerce in violation of 18 U.S.C. 1951(a) and 2; Count Three, Conspiracy to Use a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii)

and 924(o); Count Four, Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii), 924(j)(1), and 2; Count Five, Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country in violation of 18 U.S.C. §956(a)(1) and, Count Six, Violation of the Neutrality Act in violation of 18 U.S.C. §960. (Doc. 32). Mr. Zwiefelhofer's trial is currently set for a status hearing on February 13, 2023, with a corresponding trial period of March 2023. Doc. 119.

## FACTS

1. On Tuesday, April 10, 2018, Lee County Sheriff's Office (LCSO) Homicide Unit and Crime Scene Unit responded to 9351 Corkscrew Road in Estero, Lee County, Florida. Pieces of suspected evidence were collected and submitted to the Florida Department of Law Enforcement on February 8, 2019, and June 14, 2019 by Kim Van Waus of the Lee County Sheriff's Office. Christina Russo of the Florida Department of Law Enforcement (FDLE) performed DNA testing on several pieces of purported evidence submitted by Van Waus. Ms. Russo authored FDLE reports on August 6, 2018 and October 9, 2019 under FDLE Number 20180603643.

2. The government filed its witness summary on January 30, 2023, listing Christina Russo of the Florida Department of Law Enforcement as an expert the government intends to call at trial in this matter. Doc. 132.

3. In order to properly evaluate, and defend against, FDLE's DNA analysis in this case, Mr. Zwiefelhofer requires all data and documentation (in their native file formats) that were used or generated during the internal validation study for any probabilistic genotyping software (STRmix 2.4 and 2.5) used in this case by the Florida Department of Law Enforcement.

4. The sought-after information is kept in the regular course of the FDLE's laboratory accreditation process and are centrally located as per regulatory authority therefore, this request it is not unduly burdensome. The requested information is material and necessary to the preparation of this case for trial and to the charges. Mr. Zwiefelhofer is indigent and has court-appointed counsel from the Office of the Federal Defender and is therefore entitled to the relief sought under the provisions of Fed. R. Crim. P. 17(b). The requested records are necessary for the evaluation of the DNA evidence produced in discovery that the Government intends to present at trial. Mr. Zwiefelhofer requests that the attached subpoena duces tecum be issued, and any witness fees paid without cost.

5. The undersigned has conferred with Assistant United States Attorney Jesus Casas who does not object to the issuance of the requested subpoena.

## MEMORANDUM OF LAW

Fed. R. Crim. P. 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor. *In re Martin Marietta Corp.,* 856 F.2d 619, 621 (4th Cir. 1988). Rule 17(c)(1) provides that a court may order production of subpoenaed items before trial to expedite the proceedings. *See United States v. Nixon*, 418 U.S. 683, 698-99. Rule 17(c) provides in pertinent part:

> A subpoena may order the witness to produce any books, papers, documents, date, or other objects the subpoena designates. The Court may direct the witness to produce the designated items in Court before trial or before they are to be offered in evidence. When the items arrive, the Court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. l 7(c)(l).

Unlike a trial subpoena under Fed.R.Crim.P. 17(a), a *subpoena duces tecum* may also be returnable before trial. *United States v. Nixon,* 418 U.S. 683, 698-99, 94 S.Ct. 3090, 3102-03, 41 L.Ed.2d. 1039 (1974). The main purpose of the rule is to expedite the trial by providing a time and place before trial for the inspection of the subpoena materials. *See Bowman Diary Co. v. United States,* 341 U.S. 214, 71 S. Ct. A675, 95 L.Ed. 879 (1951). It provides a mechanism to prevent delays at trial which typically occur when documents are produced in response to a subpoena *duces tecum* produced at trial. *Id.* The

4

rule affords the requesting party the opportunity to inspect subpoenaed documents before trial to enable the party to see whether he can use it or whether he wants to use it. *Id.* However, it is only returnable pretrial as a matter of convenience and for the purpose of saving time of the Court at trial. *United States v. Ferguson,* 37 F.R.D. 6, 7-8 (D.D.C. 1965).

The production of the requested information prior to trial should be ordered if:

> (1) "the documents are evidentiary and relevant;"
>
> (2) the documents "are not otherwise procurable reasonably in advance of trial by exercise of due diligence;"
>
> (3) if the requesting "party cannot properly prepare for trial without such production and inspection in advance of trial" and "the failure to obtain such inspection may tend unreasonably to delay the trial;" and
>
> (4) "the application is made in good faith and is not intended as a general fishing expedition."

*Nixon* at 699.

The requested data from the Florida Department of Law Enforcement is relevant to Mr. Zwiefelhofer's defense and necessary for the proper evaluation and treatment of the evidence the government intends to present at trial. FDLE is in possession of the data and documentation (in their native file formats) that were used or generated during the internal validation study for any probabilistic genotyping software (STRmix 2.4 and 2.5) used in this case

5

by the Florida Department of Law Enforcement and they are not otherwise available. The right to the production of all evidence at a criminal trial has constitutional dimensions. The Sixth Amendment explicitly affords every criminal defendant the right to be confronted with the witnesses against him and to have compulsory process for obtaining witnesses in his favor. Moreover, the Fifth Amendment also guarantees that no person shall be deprived of liberty without due process of law. Thus, the Sixth Amendment right to compulsory process is fundamental to the right to a fair trial. *See Pennsylvania v. Ritchie,* 480 U.S. 39, 56, 107 S. Ct. 989, 1000-1001, 94 L.Ed.2d. 40 (1987). This same right applies to the production of evidence to present to the jury to assist in the determination of guilt. *Id.* It is thus the manifest duty of the courts to vindicate these guarantees and to accomplish that, it is essential that all relevant and admissible evidence be produced. *Nixon* at 711.

Although pretrial subpoena *duces tecum's* should be granted only in rare circumstances, Mr. Zwiefelhofer asserts that in this case he has met the exception to the rule. Furthermore, this application is made in advance, in good faith, and relies on specific requests establishing that it is not a general "fishing expedition."

Wherefore, Mr. Zwiefelhofer requests that this Court Order issuance of a subpoena *duces tecum* for all data and documentation (in their native file formats) that were used or generated during the internal validation study for

any probabilistic genotyping software (STRmix 2.4 and 2.5) used in this case by the Florida Department of Law Enforcement.

Respectfully submitted this 1st day of February 2023.

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL

*/s/ D. Todd Doss*
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar No. 0910384
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: todd_doss@fd.org

*/s/ Erin Brenna Hyde*
Erin Brenna Hyde, Esq.
Florida Bar No. 0026248
Assistant Federal Defender
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
Email: erin_hyde@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system this 1st day of February 2023 which will send an electronic copy to all counsel of record.

*/s/Erin Brenna Hyde*
Attorney for Mr. Zwiefelhofer
