## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **Case No:  2:19-CR-150-SPC-NPM-1**

**ALEX JARED ZWIEFELHOFER**

_____

### MOTION FOR DAUBERT HEARING

Alex Jared Zwiefelhofer, by counsel, moves this Honorable Court for a hearing pursuant to *Daubert v. Merrill Dow Pharmaceuticals,* 509 U.S. 579, 592 (1993), for the Court to determine whether the government has met its burden of establishing that its use of the STRMix probabilistic genotyping software here rests on a foundation that "is scientifically valid." *Id.*

1.      Mr. Zwiefelhofer has been charged by Superseding Indictment with Count One, Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. §§ 1951(a); Count Two, Interference with Commerce in violation of 18 U.S.C. 1951(a) and 2; Count Three, Conspiracy to Use a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii) and 924(o); Count Four, Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii), 924(j)(1), and 2; Count Five, Conspiracy to Kill, Kidnap, or Maim Persons in a Foreign Country in violation of 18 U.S.C. §956(a)(1) and, Count Six, Violation of the Neutrality Act in violation of 18 U.S.C. §960. (Doc. 32)

2.      Mr. Zwiefelhofer's trial is currently set for a status hearing on February 13, 2023, with a corresponding trial period of March 2023. (Doc. 119)

3.   According to discovery, Lee County Sheriff's Office (LCSO) Homicide Unit and Crime Scene Unit responded to 9351 Corkscrew Road in Estero, Lee County, Florida on Tuesday, April 10, 2018. Crime scene technicians gathered suspected evidence from the scene and submitted it to the Florida Department of Law Enforcement for DNA analysis.

4.   Discovery reveals reports authored by Christina Russo, Laboratory Analyst from FDLE under case number 20180603643 dated August 6, 2018, October 19, 2019, and March 26, 2020. The undersigned has received bench notes related to the DNA analysis performed by FDLE in this case. Based on that information, Mr. Zwiefelhofer has filed a motion for subpoena *duces tecum* for all data and documentation (in their native file formats) that were used or generated during the internal validation study for any probabilistic genotyping software. In anticipation that the Court will grant the Defense unopposed motion for this subpoena *duces tecum* to FDLE, the undersigned files this motion requesting a *Daubert* hearing. Mr. Zwiefelhofer files this motion in good faith, yet the sought-after data is required to fully plead and brief this issue. Once this data is received and reviewed the undersigned will likely request to supplement this motion. In an abundance of caution, the undersigned files this motion to meet the Court's deadline for filing pretrial motions.

–2–

5.    The information received by Mr. Zwiefelhofer, thus far, indicates that the relevant samples developed by FDLE contained the DNA of at least three individuals with contributor ratio that has does not appear to have been validated by FDLE using either version of the STRMix software used in this case. FDLE processed the data through a software program called STRMix to determine the probability that Mr. Zwiefelhofer was a contributor to the DNA mixtures. The STRMix results should be excluded under *Daubert*, because STRMix has not been sufficiently validated for analysis of complex DNA mixtures as seen here. It is anticipated that the data sought from FDLE through the motion for subpoena *duces tecum* will support this argument.

6.    The undersigned filed this motion after business hours and was thus unable to confer with Assistant United States Attorney Jesus Casas regarding the government's position on this motion. Tomorrow morning the undersigned will seek the Government's position and inform the Court by separate notice.

7.    The Defense requests leave to amend this motion.

## MEMORANDUM OF LAW

Under Rule 702(a) of the Federal Rules of Evidence, a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Rule 702 "compels the district courts to perform [a] critical gatekeeping

function concerning the admissibility of expert *scientific*" or otherwise "technical" expert evidence. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 n.7, 597 (1993), and citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)). The "objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* (quoting *Kumho Tire*, 526 U.S. at 152). Here the government, as the proponent of Ms. Russo's expert testimony, bears the burden of showing that she is "qualified to testify competently regarding" the matters that it intends for her to address, that the "methodology by which" she reached her conclusions is sufficiently reliable, and that her testimony will assist the trier of fact." *Id.* (citing *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002)).

Even if expert testimony is admissible under Rule 702, it may still be excluded under Rule 403 if "the probative value of [the] evidence is substantially outweighed by the danger of misleading the jury." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F. 3d 1008, 1028 (11th Cir. 2014). Expert testimony can be quite misleading because of the difficulty in evaluating it. *Daubert*, 509 U.S. at 595. Courts, therefore, "in weighing possible prejudice against probative force under Rule 403… exercise… more control

–4–

over experts than lay witnesses." *Id.*

Rule 402 provides that evidence which is not relevant is not admissible in federal court. Rule 403 provides that relevant evidence may be excluded: ". . . if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Simply stated, evidence that is not relevant is inadmissible. Rule 402.

Rule 403 requires balancing the probative value of a piece of evidence and its prejudicial effect. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir.2003). As for extrinsic evidence, Rule 403 requires a common-sense assessment of the circumstances of the offense, including the prosecutor's need for the evidence, and the similarity and temporal remoteness between the two acts. *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir.2003). Extrinsic evidence must be excluded under Rule 403 if it is so heinous that it is likely to irrevocably sway the jury to a guilty verdict. *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir.1987). Additionally, "if the government can do without [the] evidence, fairness dictates that it should." *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir.1991).

While the Courts recognize the exclusion of relevant evidence is a remedy to be invoked sparingly, assuming that a prior bad act is relevant to the case at hand, "[i]f the extrinsic offenses are of such a heinous nature that they are likely to sway the jury

irrevocably to a decision of guilt, then they must be excluded under rule 403. *United States v. Eirin*, 778 F.2d 722, 732 (11th Cir.1985)." *United States v. Williams*, 816 F.2d 1527, 1531 (11th Cir. 1987).

Wherefore, Mr. Zwiefelhofer moves this Court to schedule a *Daubert* hearing to determine whether the government has met its burden of establishing that its use of the STRMix probabilistic genotyping software here rests on a foundation that "is scientifically valid."

Respectfully submitted this 1st day of February 2023.

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL

*/s/ D. Todd Doss*
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar No. 0910384
201 S. Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: 407 648 6338
Facsimile: 407 648 6095
E-Mail: todd_doss@fd.org

*/s/ Erin Brenna Hyde*
Erin Brenna Hyde, Esq.
Assistant Federal Defender
Florida Bar #026248
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: (407) 648-6338
Fax: (407) 648-6095
E-mail: erin_hyde@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to all counsel of record this 1st day of February 2023.

*/s/ Erin Brenna Hyde*
Attorney for Defendant