UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                          Case No.:  2:19-cr-150-SPC-NPM-1

v.

ALEX JARED ZWIEFELHOFER,

      Defendant.
_____/

**RESPONSE TO UNITED STATES SECOND MOTION IN LIMINE TO ADMIT STATEMENTS AGAINST INTEREST AND ADOPTIVE ADMISSIONS**

Alex Jared Zwiefelhofer, by counsel, files this Response to United States Second Motion in Limine to Admit Statements Against Interest and Adoptive Admissions:

## INTRODUCTION

The United States filed their Second Motion in Limine to Admit Statements Against Interest and Adoptive Admissions on January 26, 2023. Doc. 130. The Government lists statements to three separate witnesses that it then attributes to Craig Lang that were allegedly later adopted by Mr. Zwiefelhofer. The motion fails to provide the specificity and detail for the Court to rule the statements admissible at this time and unless the Government can provide more specificity and detail the respective statements will be

1

inadmissible at trial. The statements are also broad and only the self-inculpatory statements fall within the statement against interest exception to the hearsay rule. Furthermore, the motion fails to demonstrate that Mr. Zwiefelhofer adopted these statements sufficiently for them to be admitted at his trial. The Government only argues that Mr. Zwiefelhofer purportedly adopted the statements Lang allegedly made to Witness One, but never puts forth facts or argument that Mr. Zwiefelhofer adopted the statements Lang allegedly made to Witnesses One or Two.

## Argument and Memorandum of Law

The Government has failed to provide the specificity required to establish admissibility of the supposed hearsay statement of Mr. Zwiefelhofer to Witness One. The alleged statements of Craig Lang to Witness One are hearsay, which is then supposedly repeated in some form by Witness One to Mr. Zwiefelhofer, who then allegedly adopts that statement in some way.

The Government claims the multiple layers of hearsay are admissible as a statement against interest by Craig Lang that is then adopted by Mr. Zwiefelhofer. *See* FRE 804(b)(3) and 801(d)(2)(B). The Government has failed to provide a direct quotation of what was said by Craig Lang to the respective witnesses and then the direct quotation of what the witnesses allegedly said to

Mr. Zwiefelhofer and his direct quote back. This is essential to determine admissibility and materiality.

Context must be provided as a required consideration to determine reliability. In *Williamson v. United States*, 512 U.S. 594 (1994), the Supreme Court addressed the parameters of FRE 803(b)(3). The Court held that only the remarks that in a statement that are truly self-inculpatory can be admitted. Portions of a broad statement that are not self-inculpatory are inadmissible and a court may not simply assume that a statement is self-inculpatory just because it is part of a broader admission or confession, especially when the statement implicates someone else. *Id*. at 599-603. The Supreme Court directed that statements must be viewed in context to determine whether they qualify under FRE 803(b)(3). *Id*. at 603. "[T]his can be a fact-intensive inquiry, which would require careful examination of all the circumstances surrounding the criminal activity involved . . . *Id*. at 604. Here, the Government has not provided the context of the statements at issue.

The Government did not provide any evidence that Mr. Lang's purported statements to Witnesses Two and Three were ever adopted by Mr. Zwiefelhofer and therefore the Court should not consider that as a basis for admission of the statements at issue.

Wherefore, the Government has failed to establish admissibility of the expected testimony and statements; and this Court should deny the Government's Second Motion in Limine to Admit Statements Against Interest and Adoptive Admissions.

Respectfully submitted this 9th day of February 2023.

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL


*/s/ D. Todd Doss*
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar No. 0910384
201 S. Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: 407 648 6338
Facsimile: 407 648 6095
E-Mail: todd_doss@fd.org


*/s/ Erin Brenna Hyde*
Erin Brenna Hyde, Esq.
Assistant Federal Defender
Florida Bar No. 026248
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: (407) 648-6338
Fax: (407) 648-6095
E-mail: erin_hyde@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to all counsel of record this 9th day of February 2023.

*/s/ Erin Brenna Hyde*
Attorney for Defendant
