UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.                                              Case No:  2:19-cr-150-SPC-NPM-1

**ALEX JARED ZWIEFELHOFER,**

       **Defendant.**
_____/

**RESPONSE TO UNITED STATES MOTION FOR DEPOSITION**

Alex Jared Zwiefelhofer, by counsel, files this Response to United States Motion for Deposition and states:

1. The United States filed their Motion for Deposition on January 26, 2023. Doc. 128.

2. The United States moved to depose a witness they identify as "Witness One." The Government identifies Witness One's value as:

> In 2019, Witness One was interviewed by the Federal Bureau of Investigation (FBI) related to the robbery and deaths of S.L., Jr. and D.L. Witness One advised that he had communicated with Craig Lang in late 2018 while they (Lang and Witness One) were in a foreign country and Lang had indicated that he (Lang) and the defendant (Zwiefelhofer) were in Florida earlier that year as they were trying to get to Venezuela and needed money. Lang advised that he and the defendant lured a male and female that they (Lang and Zwiefelhofer) killed during the course of the robbery. Lang claimed that the female shot and hit Lang, but Lang was not injured as a result of the

1

>female's shot going through the windshield. Lang claimed that he killed the male and Zwiefelhofer killed the female, before taking the victims' money and driving away.
>
>Witness One was initially skeptical of Lang's story, but in a subsequent communication with the defendant, the defendant confirmed to Witness One his (the defendant's) participation in the killing in Florida with Lang.

Doc. 128 at 2.

3. The Government explains Witness One's alleged unavailability as:

>Witness One is cooperative and willing to travel back to the United States for the purpose of conducting this deposition and trial. However, in light of Witness One's desire to return to the foreign country where he is residing, that is also at war, there is a great concern that Witness One would be unable to communicate with the United States for future trial planning purposes or worse, he could be seriously injured and killed during the war.

*Id*. at 3.

4. Mr. Zwiefelhofer objects to the Government's Motion for Deposition of Witness One as a violation of his Fifth and Sixth Amendments rights to due process and confrontation of witnesses.

## Argument and Memorandum of Law

While Rule 15 permits depositions in "exceptional" circumstances, the fact it must be exceptional reveals that they are disfavored. Here, the Government has not shown exceptional circumstances exist. The Eleventh

Circuit has explained:

> The moving party bears the burden of showing that exceptional circumstances exist to warrant the deposition, *United States v. Drogoul,* 1 F.3d 1546, 1551 (11th Cir.1993), and we have held that in analyzing whether the circumstances are sufficiently exceptional, we consider whether: (1) the witness is unavailable; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would make the deposition unjust to the nonmoving party. *Ramos,* 45 F.3d at 1522–23.

*United States v. Thomas*, 62 F.3d 1332, 1340–41 (11th Cir. 1995).

Here, the Government's motion fails to establish that Witness One is unavailable. The Government states that "Witness One is cooperative and willing to travel back to the United States for the purpose of conducting this deposition and trial." Doc. 128 at 2. Clearly, Witness One is available. The thread of supposed unavailability is based on the possibility of being unable to communicate with Witness One or that he be injured in the war in Ukraine.

The Government has not shown an inability to currently communicate with Witness One in their motion. The Government candidly admits they have been in communication with the witness and allege no issues with such communication. They rely on speculation, conjecture, and hypotheticals as to whether Witness One will be available for trial. The Government and Mr. Zwiefelhofer have jointly moved to continue trial and asked the Court to set a date certain in June 2023 to try this case. Doc. 137. If the Court grants that

3

motion this will allow the Government four months to communicate and coordinate Witness One's availability and travel. That is more than ample time to effectuate Witness One's appearance at trial for the Government. More is demanded and required to establish exceptional circumstance under the first prong of the Eleventh Circuit's analysis in *Thomas* as to availability. The Government has failed to do so here.

The Government has failed to provide the specificity required to establish materiality of the supposed hearsay statement of Mr. Zwiefelhofer to Witness One. This lack of specificity also does not establish their desired testimony from Witness One is admissible against Mr. Zwiefelhofer. The alleged statements of Craig Lang to Witness One is hearsay, which is then supposedly repeated in some form by Witness One to Mr. Zwiefelhofer, who then allegedly adopts that statement in some way.

The Government claims the multiple layers of hearsay are admissible as a statement against interest by Craig Lang that is then adopted by Mr. Zwiefelhofer. *See* FRE 804(b)(3) and 801(d)(2)(B). The Government has failed to provide a direct quotation of what was said by Craig Lang to Witness One and then the direct quotation of what Witness One allegedly said to Mr. Zwiefelhofer and his direct quote back. This is essential to determine admissibility and materiality. If the evidence is not admissible, the request for deposition fails on the materiality prong of the required analysis.

4

Context must be provided as a required consideration to determine reliability. In *Williamson v. United States*, 512 U.S. 594 (1994), the Supreme Court addressed the parameters of FRE 803(b)(3). The Court held that only the remarks that in a statement that are truly self-inculpatory can be admitted. Portions of a broad statement that are not self-inculpatory are inadmissible and a court may not simply assume that a statement is self-inculpatory just because it is part of a broader admission or confession, especially when the statement implicates someone else. *Id.* at 599-603. The Supreme Court directed that statements must be viewed in context to determine whether they qualify under FRE 803(b)(3). *Id.* at 603. "[T]his can be a fact-intensive inquiry, which would require careful examination of all the circumstances surrounding the criminal activity involved . . . *Id.* at 604. Here, the Government has not provided the context of the statements at issue.

The third prong of the analysis required reveals countervailing factors would make the deposition unjust to the nonmoving party. An accused has a right to a speedy and public trial, as well as, possessing a right to confront his accusers. Video testimony is disfavored by the Court for a myriad of reasons. The Supreme Court has only authorized video testimony in certain circumstances. *Eg. See Maryland v. Craig,* 497 U.S. 836 (1990)(Court permits one-way video for child sexual abuse case in pre-*Crawford* case). Even there, I

in a pre-cursor of things to come Justice Scalia, joined by Justices Marshall and Stevens, dissented finding that such a procedure violated the Sixth Amendment right to confrontation. Justice Scalia detailed several implied Sixth Amendment rights recognized by both the dissenters and the majority such as right to cross-examination, oath, observation of demeanor, and to ensure reliability of evidence. *Id*. at 862. Scalia and the dissenters diverge from the majority's pre-*Crawford* analysis in that the dissenters would hold that face-to-face confrontation is a necessity by observing:

> Whatever else it may mean in addition, the defendant's constitutional right "to be confronted with the witnesses against him" means, always and everywhere, at least what it explicitly says: the " 'right to meet face to face all those who appear and give evidence at trial.' " *Coy v. Iowa,* 487 U.S. 1012, 1016, 108 S.Ct. 2798, 2800, 101 L.Ed.2d 857 (1988), quoting *California v. Green,* 399 U.S. 149, 175, 90 S.Ct. 1930, 1943–44, 26 L.Ed.2d 489 (1970) (Harlan, J., concurring).

*Id.*

An interesting nexus between the right of confrontation and the right to a public trial is for the jury to observe the demeanor of the witness and the witness to face cross-examination at trial before the jury. This is to ensure the reliability of the proceedings and testimony. The requirement that the witness face the person they are accusing and the public provides procedures designed

to provide reliable evidence. Justice Scalia observed, "It is wrong because the Confrontation Clause does not guarantee reliable evidence; it guarantees specific trial procedures that were thought to *assure* reliable evidence, undeniably among which was "face-to-face" confrontation." *Id*.

A video deposition does not provide those reliable procedures. The witness would not be subject to facing the jury or the public in attendance at what is expected to be a high-profile trial where Mr. Zwiefelhofer is facing multiple counts that carry a possible life sentence. The jury would be unable to observe the demeanor of the witness in real time and those mannerisms and actions unable to be seen or discerned via video.

Furthermore, trial and cross-examination are dynamic. Part of a trial is both parties adjusting strategy and questioning to the dynamic events that present themselves. At times it may mean a party has to recall a witness – possibly in rebuttal, call the other parties witness as an adverse witness to address a topic that may be beyond the scope or address an unforeseen occurrence subsequent to their testimony. If Witness One is permitted to testify via deposition none of these constitutional procedures, safeguards, and protections will be present.

Thus, Mr. Zwiefelhofer requests that this Court deny the Government's Motion for Deposition.

Respectfully submitted this 9th day of February 2023.

                       A. FITZGERALD HALL, ESQ.
                       FEDERAL DEFENDER, MDFL

                       */s/ D. Todd Doss*
                       D. Todd Doss, Esq.
                       Assistant Federal Defender
                       Florida Bar No. 0910384
                       201 S. Orange Avenue, Suite 300
                       Orlando, Florida 32801
                       Telephone: 407 648 6338
                       Facsimile: 407 648 6095
                       E-Mail: todd_doss@fd.org

                       */s/ Erin Brenna Hyde*
                       Erin Brenna Hyde, Esq.
                       Assistant Federal Defender
                       Florida Bar No. 026248
                       201 S. Orange Avenue, Suite 300
                       Orlando, FL 32801
                       Telephone: (407) 648-6338
                       Fax: (407) 648-6095
                       E-mail: erin_hyde@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to all counsel of record this 9th day of February 2023.

                       */s/ Erin Brenna Hyde*
                       Attorney for Defendant