## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **Case No:  2:19-CR-150-SPC-NPM-1**

**ALEX JARED ZWIEFELHOFER**

_____

### RESPONSE TO GOVERNMENT'S THIRD MOTION IN LIMINE
### TO PROHIBIT IMPROPER IMPEACHMENT
### WITH LAW ENFORCEMENT REPORTS

Alex Jared Zwiefelhofer, by counsel, files this Response to Government's Third Motion in Limine to Prohibit Improper Impeachment with Law Enforcement Reports:

### INTRODUCTION

Mr. Zwiefelhofer objects to the Government's Third Motion in Limine as overbroad and argues objections should be made specifically when a question is asked. Proper questioning delving into the collective knowledge of law enforcement and possible impeachment of what a witness said after that witness is questioned are permissible avenues of questioning.

## ARGUMENT AND MEMORANDUM OF LAW

Collective knowledge as a doctrine is most often used in determinations of probable case. Put simply, it is that knowledge of one law enforcement officer is imputed to another. Defense counsel can always ask whether individuals are aware of what was said by others and whether they knew of the contents of those conversations. Without such, context and knowledge would be nearly impossible to establish.

The Government describes situations that are clearly improper questioning, but then uses that scenario to argue for an improper blanket prohibition on all questioning from reports or whole categories of impeachment. For example, the Government describes improper impeachment of a witness through a statement that was not written by that witness and then argues wording from the report should not be allowed in any questioning. Yet to properly lay a foundation for impeachment of a witness through an inconsistent statement made to law enforcement counsel would need to word the question as closely to what is described in a report as being heard to enable later impeachment of the witness through the author of the report.

An example of such impeachment would be that an officer writes a report describing statements made by Witness A and the Government calls Witness

A to testify. In questioning Witness A counsel would need to word questions about statements Witness A made to law enforcement as closely as to what is described in the report as possible. Then if Witness A testifies inconsistently with those statements counsel can then call the Officer who wrote the report and impeach with the inconsistent statements.

If Witness A did not author a statement, the report can still be used to refresh their recollection. *See* FRE 612. If it does not refresh the witness' recollection, then the officer can be called to testify regarding the witness' ability to recall the facts at the time of the original questioning.  This also goes to the credibility of the witness regarding their ability to remember the facts they are testifying about and possibly impeachment as to their unwillingness to answer questions from the opposing party. Simply stated, extrinsic evidence of a prior inconsistent statement is admissible as impeachment. FRE 613 states:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. . . .

This is just one example of how overbroad the Government's requests are in their motion. To grant such a request would do a disservice to legally

permissible effective representation. The undersigned understand the parameters of FRE 612 & 613 and intend on staying within their permissible confines.

Thus, Mr. Zwiefelhofer requests that this Court deny the Government's Third Motion in Limine to Prohibit Improper Impeachment with Law Enforcement Reports.

Respectfully submitted this 14th day of February 2023.

A. FITZGERALD HALL, ESQ.
FEDERAL DEFENDER, MDFL

*/s/ D. Todd Doss*
D. Todd Doss, Esq.
Assistant Federal Defender
Florida Bar No. 0910384
201 S. Orange Avenue, Suite 300
Orlando, Florida 32801
Telephone: 407 648 6338
Facsimile: 407 648 6095
E-Mail: todd_doss@fd.org

*/s/ Erin Brenna Hyde*
Erin Brenna Hyde, Esq.
Assistant Federal Defender
Florida Bar #026248
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: (407) 648-6338
Fax: (407) 648-6095
E-mail: erin_hyde@fd.org

–4–

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to all counsel of record this 14th day of February 2023.

<u>*/s/ Erin Brenna Hyde*</u>
Attorney for Defendant