UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.    CASE NO.: 2:19-cr-150-SPC-NPM

ALEX ZWIEFELHOFER
_____

# ORDER[1]

Before the Court is the Government's Motion for Deposition (Doc. 128), along with Defendant Alex Zwiefelhofer's response in opposition (Doc. 151). For the below reasons, the Court grants the Motion.

Zwiefelhofer and his co-defendant, Craig Lang, face six charges stemming from a double murder and robbery. They allegedly admitted to committing the charged offenses to Witness One,[2] who the Government now wishes to depose. The Government moves to do so under Federal Rule of Criminal Procedure 15(a), which governs depositions.

Rule 15(a) says, "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice."

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Government does not identify the witness "in order to protect the witness from harassment, intimidation or threat." (Doc. 128 at 1, n. 1).

Fed. R. Crim. P. 15(a). The moving party must show exceptional circumstances to justify the deposition. *See United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993). Granting such depositions is within the court's discretion. *See id.* ("Whether to authorize depositions is a decision committed to the discretion of the district court which will be disturbed only for an abuse of discretion" (citation omitted)). Courts consider certain factors when allowing a deposition: (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party." *Id.* 1 F.3d at 1554.

First, "[a] potential witness is unavailable . . . whenever a substantial likelihood exists that the proposed deponent will not testify at trial." *Id.* at 1553. Here, Witness One lives overseas in a foreign country at war (likely Ukraine). So serving a subpoena under 28 U.S.C. § 1783 is doubtful because of the danger to do so. Even if service is done, extradition is the enforcement remedy, which is even more doubtful to achieve before trial. What's more, although Witness One is willing (at least for now) to return to the United States to testify at a deposition and the trial, he wishes to return to the war in between. So the Government is concerned—and rightfully so—that Witness One will "be unable to communicate with it for future trial planning purposes or worse, he could be seriously injured and killed during the war." (Doc. 128

at 4). Under the unique facts here, the Court finds Witness One to be unavailable for Rule 15(a).

Second, there's no eyewitnesses or video surveillance of the alleged crimes. So Zwiefelhofer's and Lang's alleged admissions to Witness One about committing the murders and robbery are material to the Government's case. Because of the significance of the admissions to Witness One, an injustice would arise if he could not testify at trial.

Third, minimal countervailing factors render the deposition unjust to Zwiefelhofer. In fact, Zwiefelhofer will likely benefit from deposing Witness One. The deposition will let Zwiefelhofer confront and cross-examine Witness One *before* trial and with time to prepare — an advantage not normally afforded to defendants. Zwiefelhofer can also transcribe the deposition and impeach Witness One later, if needed.

In conclusion, the Court finds that the Government has shown exceptional circumstances calling for taking Witness's One video deposition and the interests of justice will be served by doing so. However, this Order authorizing the deposition of Witness One "does not determine its admissibility" at trial. Fed. R. Crim. P. 15(f).

Accordingly, it is now

**ORDERED:**

1. The Government's Motion for Deposition (Doc. 128) is **GRANTED**.

2. The Government may enter the United States Courthouse and Federal Building in Fort Myers, Florida with video equipment to conduct the deposition in a courtroom on a date agreed upon by the parties and conducive with the Court's calendar. All electronic devices may be subject to inspection by Court Security Officers.

**DONE AND ORDERED** in Fort Myers, Florida on February 16, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record