UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 2S:19-CR-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

**UNITED STATES OF AMERICA'S RESPONSE
IN OPPOSITION TO MOTION TO DISMISS COUNT FOUR**

The United States of America responds in opposition to the Defendant's Motion to Dismiss Duplicitous Indictment (Doc. 135). The Defendant's motion, which asks the Court to dismiss Count Four of the Indictment, should be denied because Count Four is not duplicitous, and even if it were, dismissal is not the appropriate remedy.

**Procedural History**

The United States charged Defendant Alex Zwiefelhofer and co-Defendant Craig Lang in a six-count Superseding Indictment. Doc. 32. In pertinent part, Count Four charges Zwiefelhofer and Lang with using a firearm during a robbery which ended up killing two individuals by "murder." "Murder," in the language of the Superseding Indictment, is "defined in 18 U.S.C. § 1111."

"Murder," Zwiefelhofer claims, can mean many things under the federal statute, "premeditated murder, felony murder, and second-degree murder" to be specific. Doc. 135 at 7. Thus, Zwiefelhofer believes he has been charged with multiple crimes in a single count, contrary to law, and he requests that the count

1

be dismissed.

## Argument

**I. Count Four is not duplicitous.**

The federal murder statute reads as follows in pertinent part:

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
Any other murder is murder in the second degree.

(b) Within the special maritime and territorial jurisdiction of the United States, whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life; Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

18 U.S.C. § 1111.

A "duplicitous" indictment charges two or more separate offenses in a single count. *United States v. Burton*, 871 F.2d 1566, 1574 (11th Cir. 1989). However, just because an indictment contains language encompassing different conduct in the same count does not mean that it is duplicitous. Where a criminal statute "prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment … the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense." *Id*. The

government may satisfy its burden at trial by "proving that the defendant, by committing any one of the acts alleged, violated the statute." *Id*.

To prevail on his motion, Zwiefelhofer needs the Court to accept that the federal murder statute found in 18 U.S.C. § 1111 sets forth multiple, different crimes. Yet, he cites no cases in support. For that matter, the government hasn't been able to find any cases supporting Zwiefelhofer's position either.

To the contrary, at least one court has held that Section 1111 provides "different modes" of committing the same crime, "not [ ] separate and distinct offenses. *United States v. Whitman*, 5 F.3d 544 at *2 (9th Cir. 1993) (unpublished). In *Whitman*, the defendant was charged with federal felony murder and the indictment listed two predicate felonies, burglary and robbery. *Id*. at 1-2. The defendant alleged the indictment was duplicitous. The court disagreed.

In reaching its conclusion, the court analyzed "the language of the statute, legislative history and statutory context, the nature of the proscribed conduct, and the appropriateness of multiple punishment for the conduct charged." *Id*. at 2. The court noted that the statute, which was "framed in a single paragraph and providing for a single penalty, [did] not suggest a congressional intent to create more than one offense." *Id*. Rather, it prohibited a "single evil—that is, the unlawful killing of another with malice aforethought." *Id*.

The *Whitman* court therefore concluded that "Congress was concerned with proscribing the prohibited result [(homicide)] rather than particular kinds of

conduct," and held the indictment was "not duplicitous."[1]

While *Whitman* deals with a duplicity challenge to different forms of felony murder (burglary and robbery), its logic extends naturally to the other forms of first-degree murder listed in 18 U.S.C. § 1111. Each form of first-degree murder is listed in a single sentence of 1111(a) and all are subject to the same punishment. *See* 18 U.S.C. § 1111(b) (noting that all forms of first-degree murder are punishable by life imprisonment or death). This scheme suggests Congress did not intend to create more than one offense. *Id*. In fact, if the Court were to accept that each form of first-degree murder represents a separate offense, it would raise serious multiplicity concerns, permitting a defendant to be convicted of multiple counts of first-degree murder based on the same killing. *Accord United States v. Seher*, 562 F.3d 1344, 1362 (11th Cir. 2009) (holding in a money laundering case that "permitting an alternative reading would present multiplicity problems because it would permit a defendant to 'be convicted of two different money laundering offenses based on the same transaction….'").

The problems with the Defendant's duplicity argument become even more glaring when one considers that he is not charged with violating 18 U.S.C. § 1111. He is charged with violating 18 U.S.C. § 924(c) and (j), which prohibits the use of

---

[1] Of course, *Whitman* is not binding on this Court, but its analysis is persuasive. Its reasoning is consistent with how the Eleventh Circuit has analyzed whether a statute contains different crimes, or simply different means of committing the same crime. *See, e.g., United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (addressing duplicity argument and stating that "in determining the parameters of an offense, we must look to congressional intent); *see also* cases cited *infra*.

a firearm during a crime of violence and provides for an enhanced penalty when the crime results in a death by "murder," as defined in 18 U.S.C. § 1111.

While the definition of murder is lifted from 18 U.S.C. § 1111, the punishments are not. A defendant who violates Section 924(c) and (j)—whether the murder occurred in a premeditated fashion, during the course of another felony, or in some other way (*i.e.* second degree murder)—faces the punishment set forth in Section 924(c) and (j) (*i.e.* up to life in prison or death).

That penalty provision, which applies no matter how 924(c) and (j) were violated, makes Congress's intent clear: there is only a single crime, and it occurs *whenever* a defendant uses[2] a firearm during a crime of violence that results in murder. That conclusion is consistent with Congress's intent to punish those for the act of *using a firearm during a violent crime*, whatever that violent crime may be. *See United States v. Rawlings*, 821 F.2d 1543, 1547 (11th Cir. 1987) (noting that 924(c) was based on "Congress's intent to punish severely those who use firearms during crimes of violence").

For all the forgoing reasons, Count Four of the Indictment is not duplicitous.

## II. Dismissal is not the proper remedy for duplicitous charge.

Even if the Court disagrees with the government's analysis in the previous section, it should not dismiss Count Four of the Indictment. Dismissal is not the

---

[2] The government is aware that Section 924(c) and the Superseding Indictment contain language related not just to the "use," of a firearm, but also to the carrying, brandishing, and discharging of it. Because that language does not bear on the force of the government's argument, it has not included such language here, for brevity's sake.

5

appropriate remedy because "[d]uplicity is not a fatal defect." *Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963).[3]

A duplicitous error in an indictment may "be harmless if the United States were required to elect upon which charge it would proceed. The entire count should not be dismissed when a less drastic ruling will suffice." *Id*. Such a ruling may be made at trial. *Id*; *see also United States v. Damrah*, 412 F.3d 618, 623 (6th Cir. 2005) (noting that any possible harm to defendant from duplicity in indictment "would be cured by a special unanimity instruction and a special jury form"); *United States v. Miller*, 520 F.3d 504, 513 (5th Cir. 2008) (holding that even if the charge was duplicitous, there was no risk of a nonunanimous verdict because the court gave an appropriate offense-specific instruction and a general unanimity instruction); *United States v. Pansier*, 576 F.3d 726, 734-35 (7th Cir. 2009) (holding that a potentially duplicitous indictment was not prejudicial because the risk of a non-unanimous verdict was cured by a revised indictment and jury instruction); *United States v. Hicks*, 529 F.2d 841, 843 (5th Cir. 1976) (finding that any issue regarding duplicity was resolved before submission to the jury where the government moved to elect one charge in duplicitous count); *United States v. Starks*, 472 F.3d 466, 471 (7th Cir. 2006) (holding that a special verdict form combined with instructions alleviated any concern regarding

---

[3] The Eleventh Circuit held that the decisions of the Fifth Circuit issued prior to September 30, 1981 are binding as precedent on all federal courts within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir.1981).

duplicity); *United States v. Hood*, 210 F.3d 660, 663 (6th Cir. 2000) (noting that a defendant may move at trial to require the government to elect either the count or the charge within the count upon which it will rely).

Accordingly, the Court should not dismiss Count Four of the Superseding Indictment for duplicity issues. Other adequate remedies exist, should the Court conclude there is a problem with the language of the Superseding Indictment. Those remedies can be instituted shortly before or during trial, in conjunction with the parties submitting their proposed jury instructions for review to the Court.

## Conclusion

For the foregoing reasons, the government respectfully requests that the Court deny the Defendant's motion to dismiss Count Four of the Superseding Indictment.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

_____
Michael V. Leeman
Assistant United States Attorney
Florida Bar No. 84422
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone:  (239) 461-2200
Facsimile:   (239) 461-2219
Michael.leeman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

D. Todd Doss
Todd_Doss@fd.org

Erin Brenna Hyde
Erin_Hyde@fd.org

Michael V. Leeman
Assistant United States Attorney
Florida Bar No. 84422
2110 First Street, Suite 3-137
Ft. Myers, Florida 33901
Telephone:   (239) 461-2200
Facsimile:   (239) 461-2219
Michael.leeman@usdoj.gov