UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO.: 2:19-cr-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

---

# OPINION AND ORDER[1]

Before the Court is the United States' Second Motion in Limine to Admit Statements Against Interest and Adoptive Admissions (Doc. 130), along with Defendant Alex Jared Zwiefelhofer's response (Doc. 150). For the below reasons, the Court grants in part and denies in part the Motion.

Zwiefelhofer and his co-defendant, Craig Lang, face a six-count indictment stemming from a double murder and robbery. To prepare for trial, the Government moves to admit after-the-fact statements made mostly by Lang about the robbery and murders. Here are the summarized statements:

- *Statement to Witness One*: Lang allegedly told Witness One that he and Zwiefelhofer lured, killed, and robbed two people about seven months earlier. Witness One didn't believe Lang until Zwiefelhofer later corroborated his story.

- *Statement to Witness Two*: Lang and Zwiefelhofer both met with Witness Two. Lang allegedly told Witness Two that, while in Florida, he and Zwiefelhofer tried to hire a man and women to take them out

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

of the country, but their meeting ended in gunfire. Lang showed Witness Two a news article of the incident. Lang also said that he wanted to fight a war on every continent and wanted Witness Two to join him.

- *Statement to Witness Three:* Lang allegedly told Witness Three he went to Florida and paid a guy to take him to another country. Lang allegedly said that he killed the guy when he asked for his money back to no avail. Lang allegedly told Witness Three he was with "a former military guy from Wisconsin" (presumably Zwiefelhofer) when they killed the guy. Lang also showed Witness Three a news article about a red truck with crime scene tape and admitted that he and "the guy from Wisconsin" unloaded their clips into the truck.

(Doc. 130 at 4-6).[2] The Government moves to introduce all the statements under Federal Rule of Evidence 804(b)(3) as statements against interest.[3] For his part, Zwiefelhofer argues the Government has not provided quotes of the specific statements, which is needed because only the self-inculpatory parts are admissible.

Rule 804(b)(3) offers a hearsay exception. It says an unavailable witness' statement against his interest is admissible when the statement exposes the declarant to criminal liability and is corroborated:

> The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:

---

[2] Because the statements to Witnesses One, Two, and Three are not testimonial, there are no *Bruton* issues. See *United States v. Hano*, 922 F.3d 1272, 1287 (11th Cir. 2019).

[3] The Government also moves to introduce the statements to Witness One under Rule 801(d)(2)(B) as an adoptive statement. See Fed. R. Evid. 801(d)(2)(B) (a statement is not hearsay if it is offered against a party and the party manifested that he adopted the statement or believed it to be true). The Court need not address that alternative argument because the statements are admissible through Rule 804(b)(3) as laid out here.

>    (3) A statement that:
>
>       (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
>       (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3). These criteria are met for the statements to Witness One and Two, and for part of the statements to Witness Three.

To start, Lang is an unavailable witness because he is a co-defendant standing trial and fighting extradition from Ukraine. And given the current war in Ukraine, extradition before the trial term is unlikely.

Lang's statements to Witness One about him and Zwiefelhofer robbing and killing the victims to fund their foreign combat certainly exposed Lang to criminal liability. And Lang's statements were corroborated by none other than Zwiefelhofer, who allegedly admitted to the robbery and murders (and even upped his role in the event). The same is true for the statements to Witness Two. There, Lang—with Zwiefelhofer allegedly present—admitted to the robbery and murders at issue and showed Witness Two a newspaper clipping about the incident. So the Court grants the Government's Motion as to the statements to Witnesses One and Two.

As for Witness Three, the Rule 804(b)(3) analysis remains largely the same (e.g., Lang remains an unavailable witness). The Court, however, will admit only Lang's statements about him showing Witness Three a news article and admitted that he and "a former military guy from Wisconsin" unloaded their clips into the truck pictured. But Lang's statements to Witness Three about killing someone other than the named victims won't be admitted. Corroborating circumstances are unlikely and, even if they were present, the prejudice of such statements far outweigh any probative value. So the Court grants the Government's Motion on statements to Witness Three in part.

One final point. Zwiefelhofer and Lang are co-defendants and alleged co-conspirators. (Doc. 32).[4] So to the extent Lang's statements to Witnesses One, Two, and Three are out-of-court statements made during and to further the conspiracy, they are not hearsay. Such statements could be offered for the truth of the matter asserted. Fed. R. Evid. 801(d)(2)(E); *cf. United States v. Christopher*, 923 F.2d 1545, 1549-50 (11th Cir. 1991) (explaining, for a co-conspirator's statement to be admitted, the government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is

---

[4] The Superseding Indictment brings three conspiracy charges: conspiracy to interfere with commerce by robbery (Count One); conspiracy to use a firearm during and in relation to a crime of violence (Count Three); and conspiracy to kill, kidnap, or maim persons in a foreign country (Count Five). (Doc. 32).

offered; and (3) the declarant made the statement during and to further the conspiracy).

Accordingly, it is now

**ORDERED:**

The United States' Second Motion in Limine to Admit Statements Against Interest and Adoptive Admissions (Doc. 130) is **GRANTED in part** and **DENIED in part** as consistent with this Opinion and Order.

**DONE AND ORDERED** in Fort Myers, Florida on March 6, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

5