UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:19-cr-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

---

**OPINION AND ORDER**[1]

Before the Court is Defendant Alex Zwiefelhofer's Motion to Dismiss Duplicitous Indictment (Doc. 135), along with the Government's response in opposition (Doc. 163). For the below reasons, the Court denies the motion.

A grand jury has returned a six-count Superseding Indictment against Defendant. Only Count Four is at issue now. It charges Defendant with using a firearm during a robbery that caused a double murder:

> On or about April 9, 2018, in the Middle District of Florida, the defendants, Alex Jared Zwiefelhofer and Craig Austin Lang, aiding and abetting one another, did knowingly use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, specifically, Interference with Commerce by Robbery, as alleged in Count Two of this Superseding Indictment (which Count is incorporated herein by reference as if set forth in full), and, in the course of said violation and through the use of such firearm, did cause the death of a person, namely S.L., Jr., and D.L., by murder as defined in 18 U.S.C. § 1111. In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

(Doc. 32 at 4).

To be clear, Count Four is a firearm offense. Defendant is charged with violating § 924(c)(1)(A)(iii), which imposes a minimum ten-year sentence for someone who discharged a firearm during a robbery.[2] But Count Four ups the ante because it also charges Defendant with violating § 924(j)(1). That subsection enhances the punishment to life imprisonment if a defendant murdered someone while discharging a firearm during a robbery.[3]

Pertinent here, § 924(j)(1) uses the definition of "murder" from 18 U.S.C. § 1111. It covers first and second-degree murder:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

---

[2] 18 U.S.C. § 924(c)(1)(A)(iii) reads, "[A]ny person who, during and in relation to any crime of violence . . . (including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

[3] 18 U.S.C. § 924(j)(1) reads, "A person who, in the course of a violation of subsection (c) causes the death of a person through the use of a firearm, shall—(1) if the killing is a murder (as defined in section 1111), be punished . . . by imprisonment for any term of years or for life[.]"

2

18 U.S.C. § 1111(a).

Defendant argues Count Four is duplicitous because the general reference to murder under § 1111 charges him with different degrees and types of crimes. According to Defendant, Count Four implicates premeditated murder, felony murder, and second-degree murder, and listing no felony "results in at least twenty-seven separate crimes being charged." (Doc. 135 at 7). So Defendant asserts that he has inadequate notice of the offenses charged that he must defend, and it follows the jury may reach a general guilty verdict without unanimously agreeing on the same offense.

A count is duplicitous if it charges two or more separate and distinct offenses. See *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997). A duplicitous count poses three risks: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." *Id.* (internal quotation marks omitted).

In examining duplicity, courts must decide "what conduct constitutes a single offense." *Id.* To that end, "the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense."

3

*Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)).

After reviewing the parties' papers and applicable law, the Court finds Count Four is not duplicitous. To start, Defendant provides no authority to support his argument that § 1111 sets forth separate and different crimes. Nor does he make any argument on whether (1) identical evidence will support each of them, or (2) any dissimilar facts must be proved. Rather, the Court reads § 1111 to offer different ways of committing the same crime—killing another person. To this point, the Court finds illustrative *United States v. Whitman*, 5 F.3d 544, 1993 WL 330670 (9th Cir. 1993).

In *Whitman*, the Ninth Circuit decided a duplicity challenge to § 1111 and reasoned that Congress did not intend to create more than one offense: "The statute here prohibits a single evil—that is, the unlawful killing of another with malice aforethought. We therefore interpret the conduct enumerated in § 1111(a) as reflecting different modes of achieving that result, and not as separate and distinct offenses." *See* 1993 WL 330670, at *2.

Although *Whitman* is not binding and examined a duplicity challenge to different forms of felony murder (burglary and robbery), its analysis is helpful. It also follows the Eleventh Circuit's teaching to examine congressional intent when addressing a duplicity argument. *See Schlei*, 122 F.3d at 977. And it appears clear that Congress listed each form of first-degree murder in one

4

sentence of § 1111(a) and set the same punishment of life imprisonment or death in § 1111(b). By doing so, Congress did not intend to create more than one offense.

At bottom, Count Four merely alleges separate ways to commit a single § 924(j) offense. *See United States v. Burton*, 871 F.2d 1566, 1574 (11th Cir. 1989) (stating where a criminal law "prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment . . . the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense").

Even so, remember, Defendant is not charged with violating § 1111. Count Four is a firearm offense that references § 1111 to define murder—not to set the punishment. A single crime occurs under § 924(j)(1) whenever a someone uses a firearm during robbery (or other crime of violence) that results in a murder. And someone who violates § 924(j)(1) faces the punishment even if the murder occurred in a premediated fashion, during another felony, or in some other way. Because Count Four's penalty provision is tied to § 924, it applies no matter how Defendant may have murdered someone. The Court thus finds Count Four not to be duplicitous and denies Defendant's Motion.

Finally, even if Count Four was duplicitous, that conclusion would not call for the relief sought—dismissal. *See Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963) ("Duplicity is not a fatal defect."); 1A Charles Alan Wright

& Arthur Miller, Fed. Prac. & Proc. Crim. § 146 (5th ed. Oct. 2020 update) ("An indictment or information charging two separate offenses in a single count is duplicitous, but this flaw does not require dismissal of the indictment."). "[T]he rules regarding duplicity are pleading rules and, as such, the defendant's remedy is to move to require the prosecution to elect the charge within the count and that a duplicitous indictment is remediable by a jury instruction particularizing the offense charged in each count." *United States v. Abdi,* No. 1:13–CR–00484–JEC, 2014 WL 3828165, *6 (N.D. Ga. Aug.4, 2014) (citation omitted). "That is, generally, any confusion or risk of non-unanimity can be appropriately addressed and eliminated by . . . careful jury instructions." *Id.* Thus, even if Count Four were duplicitous (which it is not), the Court could impose remedies before or during trial (e.g., jury instructions) that are less drastic than dismissal.

Accordingly, it is now **ORDERED:**

Defendant's Motion to Dismiss Duplicitous Indictment (Doc. 135) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on May 30, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record