UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:19-cr-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

## OPINION AND ORDER

Before the Court is Defendant Alex Zwiefelhofer's Motion to Dismiss Indictment, or, in the Alternative, for Grand Jury Transcripts (Doc. 138),[1] along with the Government's opposition (Doc. 161). After considering the arguments against the record and applicable law, the Court denies the motion.

A grand jury has indicted Zwiefelhofer, and his co-defendant Craig Lang, for offenses related to a double murder and foreign mercenary work. Zwiefelhofer moves to dismiss the Superseding Indictment (and Indictment) because it is based on the perjured testimony of Dameon Adcock before the grand jury.

Adcock testified that he never received firearms from Lang. He lied. Lang gave firearms to Adcock in exchange for Adcock's personal identification

---

[1] The Office of the Federal Public Defender ("PD") initially represented Defendant and filed the Motion. But the PD recused soon after. The Court then appointed Defendant new lawyers and gave them a chance to supplement the Motion. The time to do so has expired, so the Motion is ripe for review.

documents. And they weren't just any firearms—two were "forensically linked to the crime scene" of the double murders.

Adcock's untruthfulness was discovered after his testimony, and two federal indictments ensued. First, Adcock, Lang, and others—but not Zwiefelhofer—were indicted for passport fraud and identity theft in the Eastern District of North Carolina ("EDNC case").[2] *See United States v. Lang*, No. 5:19-cr-331 (Doc. 138-1). Second, Adcock was indicted for perjury because of his false grand jury testimony ("MDFL perjury case"). *See United States v. Adcock*, No. 19-cr-181-TPB-NPM. The one count indictment in the MDFL perjury case quoted Adcock's untruthful testimony:

> Q. Is it your testimony here today that you never received any firearms from either Mr. Lang or Mr. M[]?
>
> A. Never received anything from them except for the cash to pay for the hotel.
>
> . . .
>
> Q. Other than the money that you indicated was to purchase the several days of stay at this hotel room were you provided any other money either by Mr. Lang or Mr. M[]?
>
> A. No, sir.
>
> . . .

---

[2] The other co-defendants in the EDNC case were Matthew McCloud and Jordan Miller. And all parties agree the EDNC case involved a separate conspiracy and offenses than those here. (Doc. 138 at 3).

> Q. Other than the shotgun that is kept at another residence you have no possession or have had no possession of a firearm since the time you came into contact with Mr. Lang and Mr. M[]?
>
> A. That's correct.
>
> . . .
>
> Q. Mr. Adcock, did you sell your identity to Mr. Lang?
>
> A. No sir.

*Adcock*, No. 19-cr-181-TPB-NPM (Doc. 1 at 3-5). Eventually, the MDFL perjury case was transferred to the EDNC. Adcock then entered plea agreements in both cases and was sentenced. Because of Adcock's perjury conviction, Zwiefelhofer now asks the Court to dismiss the indictments or disclose the grand jury transcripts.

The Fifth Amendment requires a grand jury to indict criminal offenses. U.S. Const. amend. V. ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."). "The grand jury gets to say—without review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Kaley v. United States*, 571 U.S. 320, 328 (2014). So "[a]n indictment returned by a legally constituted and unbiased jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 365 (1956); *see also United States v. Kaley*, 677 F.3d 1316,

1325 (11th Cir. 2012) ("*Costello* and its progeny evince a powerful reluctance to allow pretrial challenges to the evidentiary support for an indictment."). It follows then that courts generally do "not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988); *cf. United States v. Pabian*, 704 F.2d 1533, 1536 (11th Cir. 1983) (stating "recognition that dismissal of an indictment for prosecutorial misconduct is an 'extreme sanction which should be infrequently utilized'" (citation omitted).

Zwiefelhofer wants the Court to dismiss the indictments because of Adcock's perjured testimony. Not quite. Zwiefelhofer has not shown how Adcock's testimony influenced the grand jury's decision to indict him. Nor could he. That's because Adcock never implicated Zwiefelhofer for any alleged criminal conduct. He lied about receiving firearms from Lang—not Zwiefelhofer. In saying he never received firearms from Lang, Adcock actually hindered the Government's case for indictment. Zwiefelhofer also had no part in the firearm exchange. That's because Adcock is an associate of Lang, not Zwiefelhofer. In fact, Zwiefelhofer was in another state while Lang and Adcock engaged in their separate scheme. (Doc. 161 at 7 n.3).

To support dismissing the indictments, Zwiefelhofer relies on a Ninth Circuit case from nearly fifty years ago: *United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974). In *Basurto*, an unindicted co-conspirator testified as the

4

primary witness before a grand jury about the defendants' activities in a drug conspiring before May 1, 1971. That date was important because of a change in the federal drug laws. Before May 1, 1971, convicted people where subject to a five-year mandatory minimum sentence, while those convicted later faced no such penalty.

After the grand jury proceedings, the unindicted co-conspirator told the prosecutor he had lied about the defendants' activities. The prosecutor then told opposing counsel but said nothing to the court and grand jury. The court faulted the prosecutor's selective candor: "At the point at which he learned of the perjury before the grand jury, the prosecuting attorney was under a duty to notify the court and the grand jury to correct the cancer of justice that had become apparent to him." 497 F.2d at 785. The court reasoned that the perjury was material to the indictment because the unindicted co-conspirator was the main witness to the defendants' activities before May 1971. So the Ninth Circuit ultimately held "the Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment which the government knows is based on partially perjured testimony, when the perjured testimony is material, and when jeopardy has not attached." 497 F.2d at 785.

Even if *Basurto* is binding precedent (which it is not), it is not applicable for two reasons. First, Adcock is not a main witness against Zwiefelhofer to the indicted offenses. His only connection is that Lang gave him firearms

5

linked to the crime scene after the murders. The Government does not even intend to call Adcock at Zwiefelhofer's trial. (Doc. 161 at 9 n.4). Second, Adcock's perjured testimony was not material to Zwiefelhofer's indictment. Just the opposite. Because Adcock lied that Lang never gave him firearms, his perjury hurt the Government's case on why the grand jury should have indicted Zwiefelhofer. His testimony could have exonerated Lang (and Zwiefelhofer by extension) from criminal conduct.

At bottom, Zwiefelhofer has neither shown prejudice by Adcock's perjured testimony nor cast any doubt that the grand jury's decision to indict was not free from the perjury. Thus, the indictments must stand. But the Court cannot stop there because Zwiefelhofer asks for alternative relief: production of the grand jury transcripts.

Grand jury proceedings are intentionally secret. *See United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988) ("The secrecy of the grand jury is sacrosanct"). "Defendants are not entitled to grand jury transcripts before trial; due to the strictly enforced tradition of grand jury secrecy, defendants generally have access to no information whatsoever regarding the conduct of the grand jury proceedings." *United States v. Mechanik*, 475 U.S. 66, 80 (1986). Disclosure of grand jury testimony requires the defendant to meet a heavy burden that establishes "a compelling and particularized need." *United States v. Aisenberg*, 358 F.3d 1327, 1348 (11th Cir. 2004).

Federal Rule of Criminal Procedure 6(e)(3)(E) also offers limited circumstances in which a court may disclose a grand jury matter. Two such instances are (1) "preliminarily to or in connection with another judicial proceeding"; or (2) when "a defendant shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i)-(ii).

Zwiefelhofer wants the grand jury transcripts that resulted in the indictments "to determine the extent to which Mr. Adcock's perjury impacted their validity and to provide him with material necessary to his defense[.]" (Doc. 138 at 10). But that's not enough. Zwiefelhofer has no compelling and particularized need for the transcripts other than to cast a wide net for more discovery and potential defenses. For example, Zwiefelhofer hopes to learn "the number of witnesses who testified [before the grand jury], the substance of their testimony, whether or not Mr. Adcock was the only lay witness who was presented, whether there was any evidence to the contrary of Mr. Adcock's testimony and how his perjury . . . was treated and/or attempted to be cured." (Doc. 138 at 10-11). Yet Zwiefelhofer fails to explain how each item would address his needs. So the Court will not invade the secrecy of the grand jury to satisfy Zwiefelhofer's desire for a fishing expedition. And the Court will especially not do so when Adcock's perjury did not implicate Zwiefelhofer or

7

prejudice him to the grand jury. The Court thus denies his request for the grand jury transcripts.

Accordingly, it is now

**ORDERED:**

Defendant Alex Zwiefelhofer's Motion to Dismiss Indictment, or, in the Alternative, for Grand Jury Transcripts (Doc. 138) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 21, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record