UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO.: 2:19-cr-150-SPC-NPM

ALEX JARED ZWIEFELHOFER

### OPINION AND ORDER

Before the Court is Defendant Alex Zwiefelhofer's Motion to Suppress Evidence Obtained Through Unlawful Preservation (Doc. 141),[1] along with the Government's opposition (Doc. 153). The Court—per the parties' agreement—did not hold an evidentiary hearing. (Doc. 191). After considering the parties' papers against the applicable law, the Court denies the motion.

Zwiefelhofer has been indicted for several offenses related to a double murder in 2018. At the crime scene, Lee County Sherriff's Office ("LCSO") deputies recovered a victim's cell phone. From the phone, investigators learned the victims were last known to have met someone with the cell number of 786-747-9856 to buy firearms. Within a few days, investigators learned that TracFone Wireless issued the cell number and the device using the number

---

[1] The Office of the Federal Public Defender ("PD") initially represented Defendant and filed the Motion. But the PD recused soon after. The Court then appointed Defendant new lawyers and gave them a chance to supplement the Motion. Defendant has declined to file a reply (Doc. 192), so the Motion is ripe for review.

had a specific International Mobile Equipment Identity. This device and number were eventually connected to Zwiefelhofer.

Fast-forward about nine months. Between January 28 and February 28, 2019,[2] LCSO sent preservation letter requests to electronic service providers like AT&T, T-Mobile, Facebook, and Instagram. (Doc. 141-1-Doc. 141-7). Through the letters, LCSO directed the providers to preserve—pending the issuances of search warrants—records and other evidence in their possession related to Zwiefelhofer's private communications on social media accounts and certain cell phones and devices. LCSO did so under the Stored Communications Act, 18 U.S.C. § 2703(f). That law says, "A provider of wire or electronic communication services or a remote computing service, upon the request of a governmental entity, shall take all necessary steps to preserve records and other evidence in its possession pending the issuance of a court order or other process." 18 U.S.C. § 2703(f)(1). The records must be kept for ninety days with ninety-day extension available. 18 U.S.C. § 2703(f)(2).

Amid sending the preservation letters, LCSO secured two sets of search warrants.[3] The first came on February 13 and targeted records associated with a cell phone number and Zwiefelhofer's Facebook account. (Doc. 141-8; Doc.

---

[2] Unless stated otherwise, all dates referenced in this Opinion and Order occurred in 2019.

[3] The shortest period between a preservation letter and search warrant was around ten hours to Facebook and the longest was twenty-one days to T-Mobile.

141-9). The second set of warrants came the next month. On March 21, a state judge issued warrants for records associated with another cell phone number and Zwiefelhofer's Instagram account. (Doc. 141-10; Doc. 141-11). The resulting searches produced Zwiefelhofer's personal communications and other content that the Government likely intends to introduce at trial.

But Zwiefelhofer wants to stop those records from being used against him. So he argues LCSO's preservation letters amounted to warrantless seizures of his private messages and calls because "the name providers, acting a[s] the government's agent, seized the private contents of the listed accounts and held them on the government's behalf." (Doc. 141 at 2). According to Zwiefelhofer, LCSO had no probable cause or reasonable suspicion to gain control over and copy his accounts and private communications through the providers. Because of the unlawful seizures, Zwiefelhofer asks the Court to suppress "the entire contents of Internet and telephone accounts and records obtained from preservation letters." (Doc. 141 at 1-2).

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (footnote omitted); *cf. United States v. Odoni*, 782 F.3d 1226, 1237 (11th Cir. 2015) ("Searches and seizures implicate two distinct interests: a privacy interest

3

affected by a search, and a possessory interest affected by a seizure."). Seizures of personal property are ordinarily unreasonable under the Fourth Amendment "'unless . . . accomplished pursuant to a judicial warrant,' issued by a neutral magistrate after finding probable cause." *Illinois v. McArthur*, 531 U.S. 326, 330 (2001) (citation omitted).

The Eleventh Circuit has yet to discuss whether § 2703(f) allows warrantless seizures under the Fourth Amendment. And the Court need not answer that constitutional question. Zwiefelhofer offers no evidence that the information he wants suppressed came from the preservation letters. *See United States v. Calandra*, 414 U.S. 383, 347 (1974) ("*[E]vidence obtained* in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure." (emphasis added)); *see also United States v. Rosenow*, 50 F.4th 715, 730 (9th Cir. 2022) ("[T]he Stored Communications Act does not authorize [electronic service providers] to do anything more than access information already contained on their servers as dictated by their terms of service." (citation omitted)). All he presents is speculation: "Defendant *believes* that the preserved copy of the named accounts was turned over to the Government when it served a warrant or subpoena duces tecum." (Doc. 141 at 16 (emphasis added)). But he doesn't explain the basis for his belief. What's more, the Government explains and attaches

4

evidence to show the records at issue were generated and produced per the search warrants and subpoenas:

> AT&T created the records provided to LCSO on February 5 and 20, 2019, after AT&T had received either a subpoena (on January 30, 2019 – Attachment 1) or search warrant (on February 13, 2019). *See* Attachment 2, (Run Date: 02/05/2019), Attachment 3, (Run Date: 02/20/2019). The Facebook business records for vanity name Alex.zwiefelhofer1 reflect that they were generated on March 4, 2019, after Facebook had been served with a search warrant on February 13, 2019. *See* Attachment 4. The Instagram business records for vanity name "az4721" reflect that they were generated on April 5, 2019, after a search warrant had been served on Instagram on March 21, 2019. *See* Attachment 5. The T-Mobile business records for (715-440-1205) were provided on April 6, 2019, after the search warrant was served on March 21, 2019.

(Doc. 153 at 9). So there is no causal connection between the preservation letters and any evidence in this case. *See United States v. Perez*, 798 F. App'x 124, 126 (9th Cir. 2020) ("The mere fact that a preservation request was made and granted does not in and of itself show that Facebook responded to the Government's subsequent search warrant with data from the preservation request, instead of simply creating a contemporaneous, new copy of the Facebook account at the time of the search warrant."). The Court thus denies the Motion.

Even if the Court bought Zwiefelhofer's argument, the same result follows under the good-faith exception. The good-faith exception applies because LCSO acted in reasonable reliance on § 2703(f) when it requested the

preservation. *See United States v. Warshak*, 631 F.3d 266, 274, 282 (6th Cir. 2010) (finding good faith reliance on the Stored Communications Act prevented he exclusionary rule).

To discourage police from violating the Fourth Amendment, courts have created the remedy of excluding "improperly obtained evidence at trial." *Herring v. United States*, 555 U.S. 135, 139 (2009). But "exclusion 'has always been our last resort, not our first impulse.'" *Id.* at 140 (citation omitted). The exclusionary rule's "sole purpose . . . is to deter future Fourth Amendment violations." *Davis v. United States*, 564 U.S. 229, 236-37 (2011) (citations omitted). Courts must thus engage in a "rigorous weighing of [exclusion's] costs and deterrence benefits" to determine whether it is needed. *Id.* at 238. And the good-faith exception comes into that analysis. Under the exception, courts do not exclude evidence when law enforcement acts, as here, in "objectively reasonable reliance upon a statute authorizing" the search. *Illinois v. Krull*, 480 U.S. 340, 349 (1987) ("The application of the exclusionary rule to suppress evidence obtained by an officer acting in objectively reasonable reliance on a statute would have as little deterrent effect on the officer's actions as would the exclusion of evidence when an officer acts in objectively reasonable reliance on a warrant.").

LCSO requested preservation of records from electronic service providers under the Stored Communications Act for which they had no reason to believe

was subject to a constitutional challenge. So LCSO acted reasonably in relying on the statute. What's more, LCSO did not ask for the providers to keep the records beyond the statutory retention period. And LCSO waited until it had search warrants before obtaining any records. The Court thus finds that LCSO acted diligently and in good faith.

Accordingly, it is

**ORDERED**:

Defendant Alex Zwiefelhofer's Motion to Suppress Evidence Obtained Through Unlawful Preservation (Doc. 141) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on August 2, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of record